**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

FILED
Nov 21  3 56 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

CLIFTON S. FREEDMAN,          :
                Plaintiff,    :
                              :        CASE NO.: 3:03-CV-1048 (PCD)
        v.                    :
                              :
AMERICA ONLINE, INC., ET AL., :
                              :
                Defendants.   :        September 11, 2003
                              :

## MEMORANDUM IN SUPPORT OF
## AMERICA ONLINE, INC.'S MOTION TO DISMISS

Plaintiff Clifton Freedman has brought his action against defendant America

Online, Inc. ("AOL") in the wrong court. A forum selection clause in Plaintiff's Member

Agreement with AOL expressly required Plaintiff to bring his claims in a court located in

the Commonwealth of Virginia. One of Plaintiff's claims purports to allege breach of the

very contract that contains the forum selection clause at issue, and Plaintiff's two

remaining claims are based on precisely the same facts and easily fall squarely within

the forum selection clause's broad scope. Accordingly, Plaintiff's claims against AOL

should be dismissed pursuant to either Fed. R. Civ. P. 12(b)(3) (for improper venue) or

12(b)(6) (for failure to state a claim).

## STATEMENT OF FACTS

Plaintiff Clifton Freedman "subscribed to AOL's internet service" during "all times

relevant" to the complaint. (Compl. ¶¶ 4, 26.) As a subscriber, "Freedman was a party

to a contract with AOL pursuant to which AOL agreed to provide, and did provide,

internet services to Freedman." (*Id.* ¶ 35.) As a party to the contract with AOL,

Freedman necessarily agreed to the terms of the AOL Member Agreement.[1] Davis

Decl. ¶¶ 4-7.   Importantly, that Member Agreement contains a forum selection clause

providing that the "exclusive jurisdiction for *any claim or dispute* with AOL or relating *in*

*any way* to your membership with or your use of AOL resides in the courts of Virginia."

(Member Agreement § 8, Davis Decl. Ex. A (emphasis added).)[2]

Freedman alleges several causes of action, all of which arise from, and are

directly related to, his subscription to the AOL service.  In his breach of contract claim,

Plaintiff alleges that AOL breached its Member Agreement by disclosing information,

including his name, that Freedman had supplied as a part of subscribing to the AOL

service.  Compl. ¶¶ 35-39.  The other two claims, purportedly based on the Electronic

Communications Privacy Act ("ECPA"), 18 U.S.C. § 2701 *et seq.*, and the Connecticut

Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*, are based

on the same alleged disclosure. (*Id.* ¶¶ 26-33, 43-44.)   Because all of Plaintiff's claims

against AOL fall within the scope of the forum selection clause, AOL now moves to be

dismissed from this case.

## ARGUMENT

The express terms of the forum selection clause to which Plaintiff agreed require

that "any claim or dispute" with AOL or "relating in any way to [Plaintiff's] membership

---

[1]     The same Member Agreement was in effect from July 1998 until August 3, 2003, encompassing the period in which the Plaintiff first subscribed to AOL and in which he filed this suit. Declaration of Carrie Davis ("Davis Decl.") ¶ 3.

[2]     The applicable Member Agreement is attached as Tab A to the Davis Declaration.  It is proper for a court to consider matters outside the pleadings in deciding motions to dismiss for improper venue. *See S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F. Supp. 2d 537, 538 (E.D. Pa. 1999) (granting motion to dismiss for improper venue on basis of affidavits).

2

or . . . use of AOL" be brought in a court in Virginia. (Davis Decl. Ex. A, Member Agreement § 8.) Accordingly, Plaintiff's attempt to sue AOL in a court in Connecticut was improper, and AOL should be dismissed as a defendant.

There can be no dispute that the forum selection clause applies to Plaintiff's claims. Each of Plaintiff's claims against AOL constitutes a "claim or dispute" with AOL and is therefore squarely within the plain language of the forum selection clause. In addition, Plaintiff's claims clearly "relat[e]" to his AOL membership and his use of the AOL service. Each of the claims at issue is based explicitly on the alleged disclosure of information that Plaintiff provided to AOL in his capacity as an AOL subscriber. And AOL allegedly disclosed this information in response to a request from law enforcement for subscriber information associated with an AOL screen name that was used to send a message over the AOL service. (Compl. ¶¶ 19-21.) Indeed, Plaintiff's own complaint alleges a breach of the very AOL membership contract that contains the forum selection clause. Plaintiff cannot simultaneously seek to enforce that contract and then deny the applicability of the broad forum selection clause in the same contract.

Forum selection clauses such as that in the AOL Member Agreement are routinely enforced. The effect to be given to a contractual forum selection clause by a federal court is determined by federal law. *Nat'l Council on Comp. Ins., Inc. v. Caro & Graifman, P.C.*, 259 F. Supp. 2d 172, 176 (D. Conn. 2003) ("the enforceability of forum selection clauses is properly decided under federal law"). Under that law, forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). "The Second Circuit has

3

developed a strong policy of honoring forum selection clauses as written" and a "[f]orum selection clause[] [is] presumptively enforceable unless there is 'a *clear showing*'" that the clause is unreasonable. *Greater N.Y. Auto. Dealers Ass'n v. Env'l Sys. Testing, Inc.*, 211 F.R.D. 71 (E.D.N.Y. 2002) (emphasis added). Further, forum selection clauses may not be deemed unreasonable solely because they are part of a form consumer contract. *See Carnival Cruise Lines v. Shute*, 499 U.S. 585, 589-95 (1991) (enforcing forum selection clause in form consumer contract). Instead, the Supreme Court has held that sound policy reasons support the enforcement of forum selection clauses in circumstances exactly like this. These policy reasons include limiting the forums in which a nationwide company can be subject to suit, dispelling confusion about where suits must be brought and defended, and sparing litigants and courts the time and expense of bringing and deciding pretrial motions to determine the correct forum. *See Id.* at 593-94.

The considerations articulated by the Supreme Court have special force in a case such as this one. In *Muni v. America Online, Inc.*, for example, No. 99-300, slip op. at 9-10 (D.N.J. Aug. 6, 1999),[3] the district court found that enforcing AOL's forum selection clause would serve precisely these purposes: (1) AOL otherwise would be subject to litigation in multiple fora; (2) enforcing parties' forum choices conserves judicial resources by obviating the need for pretrial motions regarding the appropriate forum; and (3) consumers benefit from such clauses because service providers' costs are reduced by the limitation on the fora in which they can be sued and these savings can be passed on to consumers.

---

[3]    Unpublished cases may be found in the Appendix filed simultaneously herewith.

4

Like the court in *Muni*, numerous other courts have similarly found that the forum selection clause in AOL's Member Agreement is reasonable and have dismissed suits brought in courts outside of Virginia. In *Koch v. America Online, Inc.*, 139 F. Supp. 2d 690, 694 (D. Md. 2000), for example, the court rejected several attacks on AOL's forum selection clause, and found that there was no evidence that "AOL chose Virginia in bad faith or in an effort to discourage meritorious suits." Rather, the court reasoned, AOL is headquartered in Virginia, and has a legitimate interest in protecting itself from being sued in all fifty states. *See id.* Similarly, in *Groff v. America Online, Inc.*, No. PC 97-0331, 1998 WL 307001, *5 (R.I. Super. Ct. May 27, 1998), the court dismissed a suit against AOL on the basis of the forum selection clause, reasoning that the Plaintiff "had the option to refuse the service and the contract offered by [AOL]." Numerous other courts also have dismissed Plaintiff's claims based on the forum selection clause in AOL's Member Agreement. *See, e.g., Celmins v. America Online, Inc.*, 748 So. 2d 1041 (Fla. Dist. Ct. App. 1999); *Dilorenzo v. America Online, Inc.*, No. 605867/06, slip op. at 3-6 (N.Y. Sup. Ct. Jan. 22, 1999); *Spera v. America Online, Inc.*, No. 06716/97, slip op. (N.Y. Sup. Ct. Jan. 27, 1998); *see also Kilgallen v. Network Solutions, Inc.*, 99 F. Supp. 2d 125, 129 (D. Mass. 2000) (enforcing Internet domain name agreement requiring that exclusive jurisdiction lay in Virginia); *Caspi v. Microsoft Network, L.L.C.*, 323 N.J. Super. 118, 122 (App. Div. 1999) (holding that nearly identical forum selection clause in agreement between internet service provider and its subscribers is valid and enforceable). Plaintiff has alleged no facts that even begin to suggest that the result should be any different here.

5

Finally, dismissal is an appropriate means of enforcing the clause. In its decision in *Carnival Cruise Lines*, the Supreme Court confirmed that dismissal of a claim was an appropriate remedy where the forum selection clause required the claim to be brought in another state. 499 U.S. at 588-98 (forum selection clause was "dispositive" in resolving question whether case should be dismissed where clause stated that the covered claims "shall be litigated, if at all, in and before a Court located in the State of Florida"). Thus, district courts in the Second Circuit routinely dismiss claims covered by a forum selection clause. *See, e.g., Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 248 (D. Conn. 2001) (dismissing certain claims on the grounds that a forum selection clause provided that they should be brought in California). Indeed, at least three district courts in this Circuit have explicitly noted that dismissal is particularly appropriate where, as here, the forum selection clause gives Plaintiff a choice of either federal or state court in the designated jurisdiction. *See id.* at 248; *Greater N.Y. Auto. Dealers Ass'n*, 211 F.R.D. at 87 (where forum selection clause allows claims to be brought in either state or federal court in designated jurisdiction, "dismissal of the claims properly preserves Plaintiffs' decision regarding in which court to re-file"); *Licensed Practical Nurses, Technicians and Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 407 (S.D.N.Y. 2000) (where forum selection clause allowed claims to be brought in either state or federal court in Florida, dismissal might be the best means of satisfying the parties' intent). Because the forum selection clause in the parties' contract is valid, the Complaint should be dismissed on improper forum grounds pursuant to Fed. R. Civ. P. 12(b)(3) or 12(b)(6).[4/]

---

[4/]    If the Court does not dismiss this case, then AOL alternatively requests that the

6

## CONCLUSION

For the foregoing reasons, AOL respectfully requests that the Court dismiss

Plaintiff's claims against AOL in order to enforce the forum selection clause in Plaintiff's

Member Agreement with AOL.

DEFENDANT
AMERICA ONLINE, INC.

By: _____

Rowena A. Moffett, Esq. (ct19811)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
P.O. Box 1746
New Haven, CT 06507-1746
Telephone: (203) 772-2600
Fax: (203) 562-2098


Samir Jain (ct25048)
C. Colin Rushing (ct25049)
Wilmer, Cutler & Pickering
2445 M Street NW
Washington, DC 20037
Telephone: (202) 663-6805
Fax: (202) 663-6363


*Of Counsel*
Laura Jehl
America Online, Inc.
22000 AOL Way
Dulles, Virginia 20166-9323

*Attorneys for Defendant America Online, Inc.*

---

Plaintiff's claims against AOL be severed pursuant to Fed. R. Civ. P. 21 and transferred to the Eastern District of Virginia. *See, e.g., Indymac Mortgage Holdings, Inc.*, 167 F. Supp. 2d at 247 (noting authority providing that district courts may *sua sponte* transfer rather than dismiss a case in order to enforce a forum selection clause); *Finlay v. America Online, Inc.*, No. 02-2417, slip op. at 3-9 (E.D. Pa. Oct. 4, 2002) (transferring case against AOL to enforce forum selection clause).

7

## **CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by

United States first-class mail, postage prepaid, this 11th day of September, 2003 upon:

Daniel J. Klau
Pepe & Hazard
Goodwin Square
225 Asylum Street
Hartford, CT  06103-4302

Thomas M. Murtha
Mark A. Perkins
Maher & Murtha
528 Clinton Ave.
P.O. Box 901
Bridgeport, CT  06601.

_____
Rowena A. Moffett, Esq.

8