UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 3:03CV1048 (PCD)<br>) |
| AMERICA ONLINE, INC., THE TOWN<br>OF FAIRFIELD, DETECTIVE WILLIAM<br>YOUNG AND DETECTIVE DAVID<br>BENSEY (Individually and in their official<br>capacities as police officers for the Town of<br>Fairfield), | )<br>)<br>)<br>)<br>)<br>)   OCTOBER 31, 2003<br>)<br>) |
|       Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
AMERICA ONLINE'S MOTION TO DISMISS**

Plaintiff, Clifton S. Freedman ("Mr. Freedman"), commenced this case to hold defendants liable for the unlawful disclosure of private information maintained by defendant America Online, Inc. ("AOL"), an internet service provider to which he subscribed. AOL unlawfully disclosed that information in response to a search warrant that was defective <u>on its face</u>; the warrant did not bear a judicial signature. Indeed, it had never even been presented to a judge.

The conduct of the Fairfield Police Department in sending AOL a patently defective search warrant, and the conduct of AOL in disclosing Mr. Freedman's personal information in response to that obviously defective warrant, is inextricably tied together. Yet AOL seeks to have the claims against it dismissed based upon a forum selection clause in its contract with Mr. Freedman. The result of AOL's effort, if successful, will be to force two courts – this one and another federal court in Virginia – to preside over two lawsuits that will be identical.

/32442/2/53399v5
10/31/03-SPT/

Two lawsuits will be unavoidable because personal jurisdiction over the Town of Fairfield and the two police officers does not exist in Virginia.

Mr. Freedman does not dispute that contractual forum selection clauses are usually enforceable. But the law recognizes exceptions. This case is one of them. The interests of judicial economy and trial convenience, the convenience of the parties and non-party witnesses, and other factors weigh heavily in favor of trying the claims against <u>all</u> of the defendants, including AOL, in one proceeding before one court – this Court. For these reasons, as explained in more detail below, AOL's motion to dismiss should be denied.

## STATEMENT OF FACTS

In March 2003, Mr. Freedman, a member of the Fairfield Republican Town Committee ("RTC"), sent an e-mail under a fictitious screen name to several other members of the RTC. As alleged in detail in his Complaint, the e-mail was a political satire relating to events during the 2001 general election and the upcoming 2003 Republican primary for First Selectman in the Town of Fairfield. Several of the recipients of the e-mail, including Sandy Mulligan, Deedee Brandt, and Kathy Siano, were campaign managers for Mary Carol-Mirylees, a Republican candidate for First Selectman in the 2003 election. She is also a Fairfield Police Commissioner. <u>See</u> Complaint at ¶ 4. Ms. Mirylees' campaign was the object of Mr. Freedman's satirical e-mail.

Ms. Mulligan and Ms. Brandt complained to the Fairfield Police Department about the e-mail, demanding that it ascertain the identity of its author. Two police detectives, defendants Young and Bensey, sent an <u>unsigned</u> search warrant application to AOL seeking the disclosure of the identity of the e-mail's author and other information about the author as well. Seven

days later AOL responded, sending the detectives a facsimile that identified Mr. Freedman as the sender of the e-mail and that also provided other personal information, including several other screen names associated with his family account. All of this information was then disclosed to the public, causing Mr. Freedman to suffer great embarrassment, humiliation, mental suffering and irreparable damage to his reputation and his effort to earn a livelihood.

With the exception of AOL, _all_ of the parties and _all_ of the witnesses in this case physically reside in Connecticut. AOL, however, does business in Connecticut, and it has not contested personal jurisdiction here.

## ARGUMENT

### I. AOL USED HAS INVOKED THE WRONG PROCEDURAL VEHICLE FOR ENFORCING ITS FORUM SELECTION CLAUSE.

It is not possible to challenge the merits of AOL's motion without first addressing the procedural vehicle that AOL has used to make its motion. Rather than moving for a transfer of venue to Virginia based upon the forum selection clause, AOL has instead moved to dismiss the case against it entirely, pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6). See Defendants' Memorandum of Law ("Def. Mem.") at 1.

In moving to dismiss, rather than to transfer venue pursuant to 28 U.S.C. § 1404(a),[1] AOL was apparently unaware of this Court's decision in TUC Electronics, Inc. v. Eagle Telephonics, Inc., 698 F. Supp. 35 (D. Conn. 1988). The defendant in TUC, just like AOL here, moved to dismiss a case based on a contractual forum selection clause. Id. at 38. Relying on Stewart Organization, Inc. v. Ricoh, 487 U.S. 22 (1988), this Court concluded that

---

[1] Section 1404(a) provides in relevant part that "[f]or the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 18 U.S.C. § 1404 (a).

-3-

the proper vehicle for challenging venue based upon a contractual forum selection clause was a motion to transfer pursuant to 28 U.S.C. § 1404(a): "Where the preferred alternative forum is a federal district court, §1404(a) applies and permits transfer on a lesser showing than would warrant dismissal for *forum non conveniens*." Id. (italics in original). Accord Finlay v. America Online, Inc., No. 02-2417, slip op. at 3-9 (E.D. Pa. Oct. 4, 2002) (AOL moved to dismiss case based on forum selection clause, but court employed § 1404(a) analysis);[2] 15 Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3803.1 at 11 (2003 pocket part) ("Now that the Supreme Court's decision in the Stewart case has made it clear that a forum-selection clause is to be considered on a motion to transfer under 28 U.S.C.A. § 1404(a) but is not dispositive, there are cases in which courts have found that other factors outweighed the contract clause and have refused transfer.")

Consistent with this Court's holding in TUC Electronics, both the Second Circuit Court of Appeals and other district courts within the Second Circuit have held that § 1404(a) controls a motion to enforce a forum selection clause when, as here, the clause allows for the transfer of a case to another federal court, as opposed to requiring a transfer to a state court or a foreign court. Jones v. Weibrecht, 901 F.2d 17, 18 (2d. Cir. 1990); Carrano v. Harborside Healthcare Corporation, 199 F.R.D. 459, 461-62 (D. Conn. 2001); BRM Industries, Inc. v. Mazak Corporation, 42 F. Supp. 2d 176, 179-80 (D. Conn. 1999) (stating that "the Second Circuit has clarified" the use of section 1404 under these circumstances); Haskel v. FPR

---

[2] A copy of the Finlay decision is attached to AOL's memorandum of law in support of its motion to dismiss.

Registry, 862 F. Supp. 909, 915-16 (E.D.N.Y. 1994).[3] There can be no doubt that AOL's forum selection clause allows for transfer to another federal court in Virginia, as opposed to only a Virginia state court. AOL suggests in its own memorandum that if the Court declines to dismiss the claims against AOL, it should at least transfer them to the Eastern District of Virginia. Def. Mem. at 6-7 n.4.

AOL's failure to base its motion on § 1404(a) is itself fatal to the success of the motion, as AOL's arguments in support of dismissing this case proceed from a false premise, namely, that venue is improper in Connecticut. Yet even if this Court considers AOL's motion as if it had been made under § 1404(a), the motion should still be denied because the factors relevant to a § 1404(a) analysis compel trying the claims against all of the defendants, including AOL, in a single federal forum here in Connecticut.

### A. UNDER THE FACTS OF THIS CASE, AN ANALYSIS OF THE RELEVANT FACTORS UNDER SECTION 1404(A) MANDATES THAT THE CLAIMS AGAINST AOL REMAIN IN THIS VENUE.

In Stewart, the U.S. Supreme Court held that a federal court must balance a number of factors when ruling on a motion to transfer venue under § 1404(a). These include "the convenience of the witnesses and public interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Stewart, 487 U.S at 30. The list of relevant factors is not fixed in stone. The factors that district courts within the Second Circuit traditionally use when considering whether to transfer a case to another federal venue include: locus of operative facts; access to evidence; convenience of

---

[3] See also Evolution Online Systems, Inc. v. Koninklijke PTT Nederland N.V. 145 F.3d 505 (2d Cir. 1998) (court of appeals acknowledged the use of a Rule 12(b)(6) dismissal to enforce a forum selection clause that required that the matter be heard in a *foreign* court, as opposed to a federal court in another state).

non-party witnesses; compulsory process to compel witness testimony; convenience of the parties; familiarity of the forum with governing law; and relative financial means of the parties. BRM Industries, Inc., 42 F. Supp. 2d at 180-81; see also K. Gronbach & Associates, Inc. v. Champion Motor Leasing, 1997 U.S. Dist. LEXIS 23066 (D. Conn. June 24, 1997).[4] When the Court considers the facts of this case in light of these factors, especially the overall "interests of justice," it should conclude that the District of Connecticut is the proper venue for this case, including the claims against AOL.

1. **The "Interests of Justice" Compel Retaining Jurisdiction Over The Claims Against AOL**

The "interests of justice" is a broad factor that includes values such as judicial economy, a policy that our judicial system has a long history of promoting. See e.g. Allen v. McCurry, 449 U.S. 90, 94 (1980); see also e.g. State v. Ellis, 197 Conn. 436, 466 (D. Conn. 1985). Given the overarching importance of this factor, the single most important reason why the Court should deny AOL's motion is this: granting the motion would lead to unnecessary duplication of litigation, which is the antithesis of judicial economy. Enforcement of AOL's forum selection clause would force Mr. Freedman to split his claims by making him litigate claims against AOL in Virginia, while litigating identical claims against the Town of Fairfield and its two police officers in Connecticut. It is unlikely that a federal court in Virginia would have personal jurisdiction over the Town of Fairfield and the two officers, whereas this Court does have personal jurisdiction over AOL. Thus, the benefit of this forum is that the Court has personal jurisdiction over *all* of the defendants, enabling *all* of the claims against *all* of the defendants to be tried together in a model of judicial efficiency.

---

[4] This unpublished decision is annexed hereto as Exhibit A.

/32442/2/53399v5
10/31/03-SPT/

In its memorandum of law, AOL cites several cases to support dismissal pursuant to a forum selection clause. Setting aside AOL's failure to address this Court's decision in <u>TUC Electronics</u>, those cases are factually distinguishable in that they involved a <u>single</u> defendant.[5] Therefore, enforcing the forum selection clause in those cases would not have created a situation in which the plaintiff had to engage in duplicative litigation in two forums, hundreds of miles apart.

The few cases AOL cites in which the movant was not the only defendant are also factually distinguishable from this case.[6] In <u>Caspi v. Microsoft Network, LLC</u>, the defendants jointly moved to enforce the forum selection clause. 323 N.J. Super. at 120. Likewise in <u>Celmins v. American Online</u>. In <u>Indymac Mortgage Holdings, Inc.</u>, the moving defendant was married to the co-defendant, and both were residents of the same state. 167 F. Supp. 2d at 229. And in <u>Greater N.Y. Auto Dealers Ass'n</u>, one hundred fifty five (155) plaintiffs brought the action against numerous defendants for breaches of their respective agreements, and the factual circumstances behind each claim were not the same. 211 F.R.D. at 71. Moreover,

---

[5] See <u>Carnival Cruise Lines v. Shute</u>, 499 U.S. 585 (1991); <u>Muni v. America Online, Inc.</u>, supra; <u>Koch v. America Online, Inc.</u>, 139 F. Supp. 2d 690, 694 (D. Md. 2000); <u>Licensed Practical Nurses, Technicians and Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.</u>, 131 F. Supp. 2d 393, 409-12 (S.D.N.Y. 2000) (Notably, although the court addressed the forum selection clause issue, it ultimately ruled in favor of dismissal based on other grounds.; <u>Kilgallen v. Network Solutions, Inc.</u>, 99 F. Supp. 2d 125 (D. Mass. 2000); <u>Dilorenzo v. America Online, Inc.</u>, No. 605867/06, slip op. at 3-6 (N.Y. Sup. Ct. Jan. 22, 1999); <u>Celmins v. America Online, Inc.</u>, 748 So. 2d 1041 (Fla. Dist. Ct. App. 1999); <u>Groff v. America Online, Inc.</u>, 1998 WL 307001 (R.I. Super. Ct. May 27, 1998); <u>Spera v. America Online, Inc.</u>, No. 06716/97, slip op. (N.Y. Sup. Ct. Jan. 27, 1998).

[6] See <u>Caspi v. Microsoft Network, L.L.C.</u>, 323 N.J. Super. 118 (App. Div. 1999), <u>Celmins v. America Online</u>, 748 So. 2d 1041 (Fla. Dist. Ct. App. 1999), <u>Indymac Mortgage Holdings, Inc. v. Mostafa Reyad</u>, 167 F. Supp. 222 (D. Conn. 2001), and <u>Greater N.Y. Auto. Dealers Ass'n v. Env'l Sys. Testing, Inc.</u>, 211 F.R.D. 71 (E.D.N.Y. 2002).

/32442/2/53399v5
10/31/03-SPT/

only a small number of the plaintiffs actually had causes of action against the moving defendant. Id. at 83.

In short, none of the cases that AOL cites presented the prospect of claims splitting and duplicative litigation in multiple fora. Thus, dismissing or transferring the claim pursuant to a forum selection clause would not have offended the important policy of judicial economy. Here, by contrast, that policy weighs heavily in favor of keeping this entire case in one court in Connecticut.

### 2. Connecticut Is The "Locus Of Operative Facts"

With very few exceptions, the operative facts in this case occurred in Connecticut. The e-mail was sent from Mr. Freedman, a Connecticut resident, to other residents of the state. The police complaint was filed in Fairfield. Detectives Bensey and Young prepared a Connecticut search warrant application in Fairfield. AOL responded to the defective warrant by faxing information to Fairfield. The private information about Mr. Freedman was then publicly disclosed in Connecticut, and the damage to his reputation occurred in Connecticut. Plainly, this factor also weighs against granting AOL's motion.

### 3. Access To Evidence

Consistent with the locus of the operative facts, most of the evidence, both testimonial and documentary, is in Connecticut. This factor also weighs against enforcing AOL's forum selection clause in this particular case.

### 4. Convenience Of Non-party Witnesses

As is apparent from Mr. Freedman's complaint, his Rule 26(a) initial disclosure, and the parties' Rule 26(f) Report, there are many non-party witnesses who have knowledge of

facts relevant to the issues of liability and damages. (Plaintiff's initial disclosure under Rule 26(a) is annexed hereto, without its exhibits, as Exhibit B.). Indeed, it appears that all non-party witnesses are Connecticut residents. As a result, transferring this case to a Virginia forum would seriously inconvenience these witnesses. This factor also weighs against granting AOL's motion.

### 5. Availability Of Compulsory Process To Compel Witness Testimony

While some non-party witnesses resident in Connecticut would be willing to travel to Virginia to give testimony, many of the non-party witnesses are hostile to Mr. Freedman and would not travel to Virginia of their own accord. A court in Virginia, whether state or federal, would be unable to compel the attendance of such witnesses. That would put Mr. Freedman in the position of putting on a large part of his case through deposition transcripts. This would seriously prejudice Mr. Freedman's ability to put on a compelling case at trial. Therefore, this factor also weighs against enforcing AOL's forum selection clause.

### 6. Convenience Of The Parties.

In TUC Electronics, the Court stated that where parties have freely bargained and agreed upon a particular forum for their disputes, the contractual forum is usually conclusive of the interests of convenience as between the parties. 698 F. Supp. at 39. This was so, the Court said, because it is generally presumed that each party has been compensated by the bargain for any inconvenience it might suffer by resort to the designated forum. Id.

As noted above, Mr. Freedman does not dispute that AOL's forum selection clause is generally enforceable. However, the manner in which he manifested his assent to that clause can hardly be construed as the product of arm's-length bargaining between parties of relatively

equal strength. Inarguably, AOL is much better positioned to defend the claims against it here in Connecticut, than Mr. Freedman is to prosecute two cases in Connecticut and Virginia.

At worst, this factor is evenly balanced as between AOL and Mr. Freedman. At best, it weighs against enforcement of the forum selection clause.

### 7.   Familiarity Of The Forum Court With Governing Law

Some of the claims in this case arise from federal statutes (e.g., the Electronic Communications Privacy Act) or from the federal and Connecticut constitutions. See Complaint at 7-8, 10-12. Other claims are based on Connecticut statutory and common law. See Complaint at 9, 11-13. This Court is just as well suited, if not better suited than a Virginia court to address the legal issues in this case.

### 8.   Relative Financial Means Of The Parties

The relative financial burden on AOL of defending the claims in this Court is far less than the burden on Mr. Freedman of prosecuting the claims against AOL in Virginia, especially since he would also have to bear the burden of prosecuting the claims against the Town of Fairfield and defendants Young and Bensey in Connecticut at the same time.

### CONCLUSION

As set forth above, under the particular circumstances of this case, the factors relevant to a § 1404(a) analysis weigh uniformly in favor of maintaining this action in this venue. See BRM Industries, Inc., 42 F. Supp. 2d at 181. Consequently, AOL's motion to dismiss must be denied.

THE PLAINTIFF
CLIFTON S. FREEDMAN

By: *[signature]*

Daniel J. Klau (ct17957)
H. James Pickerstein (ct05094)
Calvin K. Woo (ct24951)
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT  06103-4302
(860) 522-5175
(860) 522-2796 fax


Robert Y. Altchiler (ct24247)
The Law Offices of Robert Y. Altchiler
590 Madison Avenue
New York, NY  10022
(212) 541-2422

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by first class mail, postage prepaid, this 31st day of October, 2003, to:

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT  06511

Samir Jain (Pro Hac Vice)
C. Colin Rushing (Pro Hac Vice)
2445 M Street, N.W.
Washington, DC  20037

Thomas Murtha, Esq.
Mark Perkins, Esq.
Maher & Murtha, LLC
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT  06601

_____
Daniel J. Klau