LEXSEE 1997 U.S. DIST. LEXIS 23066

K. GRONBACH & ASSOCIATES, INC. ET AL, v. CHAMPION MOTOR LEASING, ET AL.

Civil No. 3:97cv13(AHN)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

1997 U.S. Dist. LEXIS 23066

June 24, 1997, Decided
June 24, 1997, Filed

**DISPOSITION:** [*1] Defendants' Motion to Transfer [doc. # 14] GRANTED.

**COUNSEL:** For K GRONBACH & ASSOC, INC, KENNETH GRONBACH, plaintiffs: David E. Kamins, Bloomfield, CT.

For CHAMPION MOTOR LEASING CORP, ROBERT COHEN, NW VEHICLE FUNDING CORP, defendants: Mark V. Connolly, Tyler Cooper & Alcorn, Hartford, CT.

For CHAMPION MOTOR LEASING CORP, ROBERT COHEN, NW VEHICLE FUNDING CORP, defendants: Cory E. Friedman, New York, NY.

**JUDGES:** Alan H. Nevas, United States District Judge.

**OPINIONBY:** Alan H. Nevas

**OPINION:**

RULING ON MOTION TO TRANSFER

Plaintiffs K. Gronbach & Associates, Inc. ("Gronbach, Inc.") and Kenneth Gronbach ("Gronbach") bring suit against Champion Motor Leasing ("Champion"), Robert Cohen ("Cohen"), and NW Vehicle Funding Corporation ("NW Vehicle"). Plaintiffs allege, inter alia, breach of an automobile lease contract.

Presently pending is the defendants' Motion to Transfer, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York. For the following reasons, defendants' motion [doc. # 14] is GRANTED.

FACTS

Kenneth Gronbach is a citizen of Connecticut and Gronbach, Inc. is incorporated in Connecticut with its principal place of business [*2] in Connecticut. Champion is a New York corporation with its principal place of business in New York. (See Compl. Count 1 PP 1-2.) NW Vehicle is incorporated in New Jersey with its principal place of business in New York. Robert Cohen is a citizen of the state of New York. (See Notice of Removal P 5.)

In July 1993, Kenneth Gronbach sought to purchase a Porsche for business and personal use, and travelled to New York to investigate prospective vehicles. (See Compl. Counts 1 & 3 PP 3, 4.) Upon locating a Porsche at Power Motorcar Company ("Power Motorcar"), Gronbach and Gronbach, Inc. sought purchase financing, but were unable to obtain the necessary funding. (See id. Counts 1 & 3 PP 5, 6.) Power Motorcar subsequently arranged a lease between Champion and Gronbach, Inc., which was personally guaranteed by Gronbach. (See id. Count 1, PP 6, 7; Count 3, P 13.) Upon delivery of the vehicle to Gronbach, Inc., Gronbach signed the lease agreement. A copy of the lease (or a portion thereof) was made at Gronbach, Inc.. (See id. Count 1 PP 9, 10.)

Champion, in accordance with Connecticut motor vehicle laws, registered the Porsche in Connecticut. The registration expired [*3] on June 30, 1995. (See id. Count 1 PP 13-15; Count 3 PP 16-19.) Champion failed to renew the registration until July 1996, rendering the Porsche inoperable on Connecticut roads for a period of one year and causing Gronbach and Gronbach, Inc. to procure a replacement vehicle during that time. (See id. Count 1 PP 17, 20; Count 3 PP 19, 21, 24.)

Plaintiffs filed suit against the defendants in Connecticut Superior Court for the Judicial District of Middlesex at Middletown. Defendants thereafter removed the case to federal court, claiming the existence of diversity jurisdiction.

DISCUSSION

I. Enforcement of the Forum Selection Clause

Defendants argue that the forum selection clause contained in the lease agreement is enforceable and warrants transfer to the Eastern District of New York. It provides:

> 14. LEGAL MATTERS: THIS LEASE SHALL BE INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK AND REGARDLESS OF THE ORDER IN WHICH THE SIGNATURES OF THE PARTIES ARE AFFIXED, IT SHALL BE DEEMED EXECUTED AT LESSOR'S PLACE OF BUSINESS DESIGNATED HEREIN AND IN THE COUNTY THEREOF, IN THE STATE OF NEW YORK; LESSOR ANY GUARANTOR HEREOF CONSENT TO THE JURISDICTION [*4] OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK AND AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING, DIRECTLY OR INDIRECTLY, FROM THIS LEASE SHALL BE LITIGATED ONLY IN COURTS HAVING SUCH SITUS.

Defs.' Mot. Transfer Ex. A P 14.

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972); see also *Jones v. Weibrecht*, 901 F.2d 17, 18 (2d Cir. 1990) (finding that fraud or overreaching would provide grounds for not enforcing a forum selection clause).

Plaintiffs argue that the forum selection clause is unenforceable because they were unaware of its existence when they executed the lease. The court disagrees. A "nonnegotiated forum selection clause" is enforceable if it is reasonable, not gained through fraud or done to discourage legitimate claims. See *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 593-95, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991). The Complaint makes no allegation, and plaintiffs have submitted no evidence, that the clause itself was [*5] obtained by fraud or that the result would be unjust if the clause was enforced. See *Aarons v. Worldtel Services, Inc.*, 1996 U.S. Dist. LEXIS 4959, No. 95 Civ. 8415 (AGS), 1996 WL 185714, at *2-3 (S.D.N.Y. Apr. 17, 1996). Consequently, the court concludes that the forum selection clause is enforceable.

II. Transfer Under 28 U.S.C. § 1404(a)

Section 1404(a) states that "for the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other judicial district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (West 1994). As an initial matter, this action could have been brought in the Eastern District of New York. All parties are subject to personal jurisdiction in that district and venue is also proper because all defendants reside in New York. See 28 U.S.C.A. § 1391(a) (West 1994 & Supp. 1997).

Once a court determines that an action could have been brought in the transferee district, it must next weigh several factors when resolving whether transfer is warranted. These factors are: (1) the place where the operative facts occurred, (2) the convenience to parties, (3) the convenience of witnesses, (4) the relative [*6] ease of access to sources of proof, (5) the availability of process to compel attendance of unwilling witnesses, (6) the plaintiff's choice of forum, (7) the forum's familiarity with the governing law, and (8) trial efficiency and the interests of justice. See *Aarons*, 1996 WL 185714, at *3. The existence of a forum selection clause is a "significant," but not a dispositive, factor in the analysis. See *Stewart Organization v. Ricoh Corp.*, 487 U.S. 22, 29, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988). Applying these factors to the case at hand, the court concludes that transfer to the Eastern District of New York is proper.

Many of the factors affecting transfer are neutral for both parties. First, the operative facts occurred in both New York and Connecticut. Negotiation for the lease of the Porsche occurred in New York while the alleged breach transpired in Connecticut. Although the actual signing of the lease took place in Connecticut, the lease terms dictate that the contract was signed in New York. (See Defs.' Mot. Transfer Ex. A P 14.) Second, litigation in either forum is not unduly burdensome to the parties. Plaintiffs reside in Connecticut while defendants reside in [*7] New York. Third, aside from potential witnesses from the Connecticut Department of Motor Vehicles, witnesses are equally split between New York and Connecticut, and the convenience of witnesses is therefore also neutral. The factors relating to access of proof and availability of process are matters which both parties agree provide no advantage to either party. Finally, the interests of justice factor is neutral - there is

no evidence to support a finding that one district is more available to adjudicate this case than another.

In contrast, two factors weigh heavily in favor of transfer. First is the plaintiff's choice of forum. "Although a plaintiff's choice of forum would normally be given deference, once a forum selection clause is determined to be valid the plaintiff bears the burden of showing why the contractual provision should not be enforced." *Aarons, 1996 WL 185714*, at *3 (internal citations omitted). As described above, no such showing has been made and thus the clause heavily favors transfer. See *Stewart, 487 U.S. at 29* (finding that a forum selection clause "will be a significant factor that figures centrally in the district court's calculus."). Second, the forum [*8] selection clause also contains a choice of law provision which provides that New York law is to govern the contract. The presence of this provision also favors transfer. See *Ferens v. John Deere Co., 494 U.S. 316, 530, 108 L. Ed. 2d 443, 110 S. Ct. 1274 (1990)* (diversity cases should be tried in the "forum that is at home with the state law that must govern the case.").

Overall, while some factors do not change the balance significantly, "the presence of the forum selection clause and the ... choice of law provision weigh heavily in favor of transfer. These clauses were integral parts of the agreements at issue." *Aarons, 1996 WL 185714,* at *4. Plaintiffs have not demonstrated that the forum selection clause should not be enforced. Consideration of the § 1404(a) factors lead the court to conclude that justice would be best served if the motion to transfer is granted.

CONCLUSION

For the foregoing reasons, defendants' Motion to Transfer [doc. # 14] is GRANTED.

The Clerk of the Court shall transfer this case to the United States District Court for the Eastern District of New York.

SO ORDERED this 24 day of June, 1997 at Bridgeport, Connecticut.

Alan H. Nevas

United [*9] States District Judge