contract who select Rhode Island as the forum that agreement should be enforced by other jurisdictions. Indeed as the Uniform Commercial Code, applicable in Rhode Island provides in part "...when a transaction bears a reasonable relation to this state and also to another state or nation, the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties." R.I.G.L. 6A-1-105.

*5 With the exception of plaintiff, it would appear that all the remaining parties, and evidence is in Virginia. This makes access to evidence, compulsory process of witness, views if necessary, more convenient.

Additionally, plaintiff cannot claim that he is uninformed in the area of contract law. Plaintiff, as pointed out by defendant (supplement memorandum page 10), has been at the bar in this state for approximately thirty (30) years. In Moretti & Perlow Law Office vs. Aleet Associates, 668 F.Supp. 103, 107 (D.R.I.1987), where plaintiff was resisting his complaint being transferred from Rhode Island to New York under a forum selection clause in the agreement the court observed, "[W]ith respect to overweening bargaining power (plaintiff ) is an experienced Rhode Island attorney well-versed in the rudiments of contract law. If he did not read and understand the motor vehicle lease in question, he surely should have done so."

While defendant prepared this contract, plaintiff was under no obligation to agree to the terms. Plaintiff had the option to refuse the service and the contract offered by plaintiff. Although plaintiff, in his affidavit, states "I never saw, read, negotiated for or knowingly agreed to be bound by the choice of law..." he does not point to any conduct of defendant or other reason why he could not. Indeed as pointed out in defendant's affidavit and argued in his memorandum, one could not enroll unless they clicked the "I agree" button which was immediately next to the "read now" button (Exhibit 1, page 33) or, finally, the "I agree" button next to the "I disagree" button at the conclusion of the agreement (Exhibit 1, page 79).

In McKendall Lumber Co. vs. Kalian, 425 A.2d 515 (R.I.1981), where the facts disclosed an agent for defendant purchased and signed a sales slips upon receipt which called for interest, defendant at trial argued that he was not bound to the terms. Our Court, at 518, stated the general rule that a party who signs an instrument manifests his assent to it and cannot later complain that he did not read the instrument or that he did not understand its contents. Here, plaintiff effectively "signed" the agreement by clicking "I agree" not once but twice. Under these circumstances, he should not be heard to complain that he did not see, read, etc. and is bound to the terms of his agreement.

Plaintiff correctly maintains that under M/S Bremen "(a) forum selection clause should not be enforced where it is invalid because of fraud." Plaintiff's argument is that his action is commenced under the Unfair Trade Practice and Consumer Protection Act that is to say making a material misrepresentation that defrauded him which would support a common-law action for deceit. Here, as was pointed out by Judge Selya in D'Antuono, the complaint is brought for money damages (and other statutory relief) not for rescission; nor does the plaintiff claim that the forum selection clause was the result of fraud.

*6 Lastly, as to the conduct of the parties, clearly plaintiff had the option not to accept defendant's terms. He did not. He chose to go on line.

III. FORUM NON CONVENIENS

Although neither party has referred to any decision from the Supreme Court of Rhode Island, that Court has held that when the Rhode Island Rules of Civil Procedure and Rhode Island case law are silent, it is allowable to refer to the body of law that has addressed the question, particularly the Federal Rules of Civil Procedure which formed the basis of our rules. Ciunci, Inc. vs. Logan, 652, A.2d 961, 962 (R.I.1995).

"[T]he principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Gulf Oil Corporation vs. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 639, 842 (1947). See Wright, Miller & Cooper, Federal Practice and Procedure: Vol. 15 Jurisdiction 2d § 3828, page 288-89 (1986).

The Court in Gulf Oil, recognizing that it would be difficult to state a generalized rule for lower

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

courts to follow, identified two interest, the private interest [FN2] affecting the convenience of the litigants versus the public interest [FN3] convenience to be considered in deciding the issue.

FN2. Of private interest factors to be considered for (a) relative ease of access to sources of proof; (b) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if viewed would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

FN3. Factors of public interest to be considered (a) administrative difficulties for courts where litigation is piled up in congested centers instead of being handled at its origin; (b) burden of jury duty upon a community having no relationship to litigation; (c) local interest in having localized controversies decided at home.

Generally, a plaintiff's choice of forum is entitled to great weight and should be disturbed only in exceptional circumstances. Elbalah vs. Republic Ins. Co., 879 F.Supp. 3, 4 (D.R.I.1995); Blinzee vs. Marriott International, Inc., 857 F.Supp. 1, 3 (D.R.I.1994) other citations omitted.

In analyzing the "private interest factors", all of them weigh in favor of this matter as it presently stands being tried in Virginia.

CONCLUSION

Based upon the controlling principals, plaintiff has the burden of persuading the Court that the forum selection clause in his agreement with defendant was unreasonable. For the reasons stated, this Court is not satisfied that plaintiff has met his burden. Defendant's Motion to Dismiss based upon improper venue is granted.

Counsel for the prevailing party shall submit an Order consistent with this Decision.

1998 WL 307001 (R.I.Super.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

#4

FILED

AUG 0 6 1999

AT 8:30 ____ M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS MUNI, Plaintiff, v. AMERICA ON-LINE, INC., Defendant. | Civil No. 99-300 (AET) |
| | OPINION |

RECEIVED
WILLIAM T. WALSH, CLERK
AUG 6 2 00 PM '99
U.S. DISTRICT COURT

THOMPSON, U.S.D.J.

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). On the basis of the papers submitted and oral argument before the Court on July 19, 1999, defendant's motion is GRANTED.

**Background**

Defendant America On-Line, Inc. ("AOL") is a Delaware Corporation headquartered in Virginia which operates a large interactive computer service. AOL gives its members access to computer network called "the Internet".

As an AOL subscriber, plaintiff entered into a Terms of Service ("TOS") agreement with defendant. In order to gain access to the Internet service, plaintiff was required to provide AOL w certain personal information about himself. The TOS agreement promised to protect plainti privacy by not disclosing any personal information to third parties except in limited circumstar See Terms of Service ¶ 5.

According to the complaint, sometime in October or November 1997, AOL breache

TOS agreement when an unidentified AOL employee disclosed confidential information about the plaintiff to a third party. See Complaint at ¶ 8,12. The complaint does not specify what information was disclosed or the identity of the party receiving the information.

Plaintiff brings this action claiming that the dissemination of his personal information breached the contract, violated his federal and state constitutional rights to privacy, and violated various federal and state statutes.

The contract also contained a forum selection clause which stated that:

> The laws of the Commonwealth of Virginia, excluding its conflict-of-laws rules, govern the TOS and your membership ... Member expressly agrees that exclusive jurisdiction for any claim or dispute resides in the courts of the Commonwealth of Virginia. Member further agrees and expressly consents to the exercise of personal jurisdiction in the Commonwealth of Virginia in connection with any dispute or claim involving AOL, Inc.

See Terms of Service ¶ 11.A

Defendant now asks for dismissal of plaintiff's constitutional and statutory claims for failure to state a claim upon which relief can be granted under FED.R.CIV.P. 12(b)(6). Defendant further argues that any remaining claims should be dismissed pursuant to FED.R.CIV. P. 12(b)(3) because the forum selection clause requires that the action be litigated in Virginia.

## Discussion

The purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide th merits of the case. A defendant must meet a high standard to have a complaint dismissed becaus in ruling on a motion to dismiss, the court must construe the complaint's allegations in the light mo favorable to the plaintiff. See Wilson v. Rackmill, 878 F.2d 772, 776 (3d Cir.1989). All we pleaded facts and allegations in the complaint must be taken as true. See Kost v. Kozakiewicz, 1 F.

176, 183 (3d Cir.1993). Dismissal is improper "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Constitutional claims

Plaintiff asserts that AOL violated his federal and state constitutional right to privacy by releasing his personal information to a third party. AOL argues that this claim must be dismissed because it is not a state actor and "as a general principle, the federal constitutional guarantees of personal rights are enforceable as against federal or state governments only, and not as against private individuals." Hoagburg v. Harrah's Marina Hotel Casino, 585 F.Supp. 1167, 1171 (D.N.J.1984); See also Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 618 (3d Cir.1993)(stating that "the Supreme Court has made clear that the Constitution proscribes only the government from violating the individual's right to privacy..."). Likewise, state action is necessary to sustain a claim under the New Jersey State Constitution. See Hoagburg, 585 F.Supp. at 1174-5. If the defendant is not the government or a government agency, the state action requirement can only be satisfied i "there is a sufficiently close nexus between the state and the challenged action so that the latter ma be fairly treated as that of the State itself." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982).

Plaintiff asserts that because defendant is an Internet service provider subject to F.C. regulation and also provides services to government properties, he should have the opportunity explore a possible nexus between AOL and the state. Although on a 12(b)(6) motion the fa alleged in the complaint are presumed to be true, plaintiff cannot make a broad assertion that th may exist information which would be contrary to known facts in order to resist a motion to dis and plunge the parties into a costly discovery process. Since plaintiff has failed to offer

evidence which would suggest that defendant or its conduct satisfies the "state action" requirement, plaintiff's claims of constitutional violations are dismissed.

18 U.S.C. § 1030

Plaintiff further complains that defendant's disclosure of his personal information violated several subsections § 18 U.S.C. 1030 of the Computer Fraud and Abuse Act.

Plaintiff states that defendant's actions violated Section 1030(a)(2)(c) which prohibits an individual from "intentionally access[ing] a computer without authorization or exceed[ing] authorized access[1], and thereby obtain[ing] information from any protected computer if the conduct involved an interstate or foreign communication." Plaintiff also complains that defendant violated Section 1030(a)(5)(C) which prohibits anyone from "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, causes damage" and Section 1030(a)(5)(B) which applies to anyone who intentionally gains unauthorized access to a protected computer and as a result of such access recklessly causes damage. These subsections do not form a basis for plaintiff's claims. Plaintiff has not shown that AOL "accessed" his computer as that term is meant. In fact, plaintiff affirmatively asserts that he provided the information to the defendant and tha defendant made an unauthorized "disclosure" of that information. This statute relates to "accessing or "altering" information. The statute does not make actionable the mere "disclosure" c information. It is clear to this Court that the subsections above cited were not enacted to addre claims such as the one made by the plaintiff in this case.

---

[1] "[T]he term 'exceeds authorized access' means to access a computer with authorizatic and to use such access to obtain or alter information in the computer that the accessor is not entitled so to obtained or alter." 18 U.S.C. § 1030(e)(6).

In addition, plaintiff asserts that defendant violated Section 1030(a)(4) which applies to:

> whoever ... knowingly and with intent to defraud, accesses a Federal interest computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer.

Plaintiff cannot make out a claim on this subsection either. Even assuming that all of plaintiff's allegations are true, defendant in this case did not obtain "anything of value." The value of information is relative to one's needs and objectives; here, plaintiff has to show that the information was valuable to AOL in light of a fraudulent scheme. Plaintiff has failed, however, to show how that information allegedly forwarded was in any way "valuable" to the defendants and therefore allegations that AOL violated 18 U.S.C. § 1030 must be dismissed.

18 U.S.C § 1028

In Count five plaintiff states that defendant's actions violated Section 1028(a)(2). That Section provides punishment for an individual who "knowingly transfers an identification document or a false identification document knowing that such document was stolen or produced withou lawful authority." The statute further defines an "identification document" as "a document made c issued by or under the authority of the United States Government, a State, political subdivision ( a State, a foreign government, political subdivision of a foreign government, an internation governmental or an international quasi-governmental organization which, when completed wi information concerning a particular individual, is of a type intended or commonly accepted : purpose of identifying individuals." Plaintiff fails to make out a claim under this statute because information allegedly supplied to third parties does not qualify as an "identification document

18 U.S.C. § 2314

Plaintiff contends that defendant acted in violation of § 18 U.S.C 2314 of the National Stolen Property Act. Section 2314 punishes the interstate transport or transfer of "goods, wares, merchandise, securities, or money" that have been "stolen, converted or taken by fraud." Congress' purpose in enacting this statute was to penalize violators of state laws who utilize the channels of interstate commerce. See U.S. v. Sheridan, 329 U.S. 379, 384-5 (1946). Plaintiff's claim under this statute fails as a matter of law. Section 2314 is a criminal statute which does not create a private right of action. See Cooper v. North Jersey Trust Co. of Ridgewood, N.J., Inc., 226 F.Supp. 972, 979-80 (S.D.N.Y.1964). Neither the plaintiff nor the Court's own research has uncovered a single case where a private right of action was found to exist under this statute.

Also, the statute only pertains to stolen and transferred "goods, wares, merchandise, securities, or money." Plaintiff's claim that defendant improperly transferred "information" is outside of the purview of the statute. See United States v. Stafford, 136 F.3d 1109, 1114-5, as modified, 136 F.3d 1115 (7th Cir.), cert. denied, – U.S.–, 119 S.Ct. 123 (1998) (holding that statute does not pertain to information or data). Therefore, this claim must also be dismissed.

New Jersey Consumer Fraud Act

In Count seven of his complaint, plaintiff contends that defendant's actions violated the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1. et. seq. The purpose of the NJCFA i to protect consumers against losses caused by the fraudulent practices engaged in by persons sellin goods and services. See Fenwick v. Kay Am. Jeep, Inc., 136 N.J. Super. 114 (App.Div.1975 reversed on other grounds, 72 N.J. 372 (1977).

Courts interpreting the Act have concluded that more than a breach of contract is necessa

to make out a claim. See e.g. Suber v. Chrysler Corp., 104 F.3d 578,586 (3d Cir.1997); Kugler v. Romain, 58 N.J. 522 (1971). In addition to showing that defendant did not perform adequately under the contract, plaintiff must also demonstrate that defendant never intended to live up to its obligations. See Barry v. New Jersey State Highway Auth., 245 N.J.Super. 302,309-10 (Ch.Div.1990).

Plaintiff in this case alleges that defendant breached the agreement's privacy clause by disclosing some of his confidential information. Plaintiff does not assert that defendant defrauded plaintiff in any way or that the defendant never intended to adhere to the contract's privacy clause. Therefore, plaintiff's claim that defendant violated the New Jersey Consumer Fraud Act must be dismissed.

Rule 12(b)(3) Dismissal of Remaining Claims

The contract entered into between plaintiff and AOL designates Virginia as the location for all disputes arising from the agreement. Defendant argues that because plaintiff agreed to have any disputes adjudicated in Virginia, the remaining claims should be dismissed without prejudice. Plaintiff, on the other hand, asserts that the case should remain in this court because Rule 12(b)(3) is an improper vehicle to dispose of a case because of a forum selection clause. Plaintiff cite National Micrographics Systems, Inc. v. Canon U.S.A., Inc., 825 F.Supp. 671, 678 (D.N.J.1993) i support of his position. In that case, the court held that FED.R.CIV.P. 12(b)(3) is an improper bas for transfer when venue is proper under 28 U.S.C. § 1391. Instead, the court concluded, if such clause is enforceable, the case should be transferred pursuant to 28 U.S.C. § 1404(a) or dismiss under FED.R.CIV.P. 12(b)(6).

However, there is considerable disagreement with that view. Courts around the coun

indeed courts within this very district, have granted motions to dismiss under 12(b)(3) on the basis of a forum selection clause. See Druckers', Inc. v. Pioneer Electronics, 1993 WL 431162 at * 8 (D.N.J. Oct. 20, 1993); Spradlin v. Lear Siegler Management Services Co., Inc., 926 F.2d 865 (9th Cir.1991); Commerce Consultants Int's. Inc. v. Veterie Riunite, S.p.A., 867 F.2d 697 (D.C.Cir.1989). Further, all courts considering the issue agree that such a case can be dismissed pursuant to FED.R.CIV.P. 12(b)(6). This Court concludes that this motion should not be denied simply because the defendant *may have* used the wrong rule to base its request for enforcement of the forum selection clause.

Next, plaintiff argues that a forum selection clause is not enforceable when there is a fiduciary relationship between the parties. For this proposition, plaintiff again cites National Micrographics Systems, 825 F.Supp. at 676. In that case, the Court stated that enforcement of a forum selection clause may be barred due to fraud only if "'the inclusion of that clause in the contract was the product of fraud or coercion.'" Id. at 675 (citing Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974)). "General allegations of fraud, deceit and misrepresentation are not adequate to void a forum selection clause." Id. However, the Court further explained that if there is a fiduciary relationship between the plaintiff and the defendant, fraud in the overall contract may be sufficient to render the forum selection clause unenforceable. See id. at 676. In this case, there have been no allegations of fraud in the inducement of the contract generally or the forum selection clause specifically. Therefore, National Micrographics Systems is inapposite and the existence or absence of a fiduciary relationship is irrelevant.

Lastly, plaintiff argues that the forum selection clause should not be enforced because enforcement would offend New Jersey public policy. However, it has been established that Ne

Jersey public policy is not hostile to forum selection clauses and follows The Bremen et. al. v. Zapata Off-Shore Co., 407 U.S. 1 (1972). See MacDonald Inc., v. Cushman Inc., 256 N.J. Super. 58, 63-64 (App.Div.1992)(citations omitted). In Bremen, the Supreme Court, while noting that forum selection clauses were historically disfavored, found that "in the light of present-day commercial realities and expanding international-trade ... forum clause[s] should control absent a strong showing that [they] should be set aside." 407 U.S. at 15. The enforcement of a forum selection clause would only be set aside if it was proven that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id.

In Carnival Cruise Lines, Inc. v. Shute the Court set a broad standard for reasonableness. See 499 U.S. 585 (1991). There, the plaintiffs purchased a ticket through a travel agent for a 7-day cruise on the defendant's ship. The defendant, Carnival Cruise Lines, Inc. mailed the tickets to plaintiffs in Washington from its Florida headquarters. See id. at 587. Printed on the face of the ticket was a clause which stated that by accepting the ticket, the purchaser agreed to litigate any and all claims in Florida. See id. at 587-88. Plaintiff boarded the ship in California. Ms. Shute was later injure when she slipped and fell on the deck while traveling over international waters off the Mexica Coast. See id. at 588. The Court upheld the forum selection clause even though defenda conducted business in Washington, the clause was part of a form and not negotiated for between t parties, and Florida would be a completely inconvenient forum for the Washington resid plaintiffs.

The Court offered three reasons for its conclusion. First, the Court stated that "a cruise has a special interest in limiting the fora in which it potentially could be subject to suit" bec during a trip where an accident may occur it is not unlikely that the accident may involve passe

from many different locales and thereby subject the cruise line to litigation in several different fora. See id. at 593. Also, setting forth the forum will obviate the need for pretrial motions to determine the correct forum and thereby conserve judicial resources. See id. at 593-4. Finally, the Court reasoned that customers, like the plaintiff, benefit in the form of reduced fares caused by the cruise lines' cost savings related to the limitation of fora in which it can be sued. See id. at 594.

Each of the reasons offered to justify the Supreme Court's decision in Carnival Cruise Lines apply to this case. This Court will thus hold that the clause designating Virginia as the proper forum for this suit should be enforced and this case dismissed.

## Conclusion

For the foregoing reasons, defendant's motion is GRANTED and plaintiff's case is DISMISSED. An appropriate order will be filed herewith.

Dated: 5/6/99

#5

(Clerk ...) advised to serve a copy of this order, with notice of entry, upon all parties.

ENTERED
ON 1-27 1998
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
PRESENT: HON. JOHN P. DiBLASI, J.S.C.

---------------------------------------x

CARLOS SPERA, on behalf of himself and all others similarly situated,

Plaintiff,

Index No. 06716/97

-against-

Motion Date: 12/23/97

AMERICA ONLINE, INC.,

Defendant.

---------------------------------------x

The following papers numbered 1 to 5 were read on this motion to dismiss the complaint.

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/Affirmation/Memorandum of Law | 1-3 |
| Memorandum of Law in Opposition | 4 |
| Reply Memorandum of Law | 5 |

Upon the foregoing papers it is ordered that this motion is granted.

Plaintiff is a subscriber to the Internet service owned and operated by defendant. At the time he first became a subscriber, he was required to agree to various contractual terms set forth in defendant's Terms of Service (TOS) and Rules of the Road (ROR). Contained in those agreements were directions concerning telephone line access to the network, and disclosures concerning the possibility that the telephone services which provide such access may do so at non-local billing rates.

After using defendant's service for a period of time, plaintiff received billings from the telephone company whose lines he used for accessing the network, which charged him long-distance rates, as a result of which he incurred a debt of $170.00 in one month's time. Contending that defendant engaged in misleading business practices by failing to properly warn subscribers that they may be charged long-distance rates for access over phone lines which appear to be of local origin, plaintiff commenced this action against defendant.

In his original complaint, plaintiff asserted causes of action for both breach of contract and violation of General Business Law §349(h) (hereinafter "§349"), which he brought as a purported class action. Defendant responded to the original complaint by moving to dismiss. Thereafter, plaintiff amended his complaint, which now sets forth a single class action claim under §349[1]. Now before this Court is defendant's motion to dismiss the amended complaint.

Defendant offers three grounds in support of its application for dismissal. First, it claims that the action may not be brought in this State because plaintiff is bound by a forum selection clause providing for all disputes to be litigated in the Commonwealth of Virginia. Second, defendant asserts that the amended complaint fails to state a cause of action. Finally, it argues that dismissal is required under the doctrine of forum non conveniens. Upon review of the papers submitted and the applicable case law, the Court agrees that plaintiff cannot maintain his action in New York, and on that ground, the complaint must be dismissed.

The forum selection clause at issue in this case is set forth in one of the "screens" which appears on the subscriber's computer when the service is first accessed. As an initial step in the process of becoming a subscriber, the individual is informed that in order to do so, he or she must agree to be bound by the terms of the TOS and the ROR. After he indicated his agreement to be so bound by pressing a certain computer button which interacted with the screens, the full provisions of the TOS and the ROR were then presented for plaintiff's review.

Several screens into the display of the terms of the TOS the tenth paragraph, entitled "LAW", was set forth. That provision states, insofar as relevant hereto, that:

> The TOS and your membership shall be governed by the laws of the Commonwealth of Virginia, excluding its conflicts of law rules. Member expressly agrees that exclusive jurisdiction for any claim or dispute resides in the courts of the Commonwealth of Virginia. Member further agrees and expressly

---

[1] The breach of contract cause of action was not reasserted in the amended complaint in view of the pendency of a proposed settlement of a class action brought against defendant in Illinois. Apparently, there was a question of whether plaintiff could maintain such a cause of action after the settlement of the Illinois action. Plaintiff contends that the settlement does not affect his right to assert a breach of contract claim, and although he does not seek the right to further amend his complaint at this time, he does indicate that he is reserving his right to later su on the breach of contract theory.

agreement which contained the choice of forum provision, there was no legal bar to commencing an action in a state other than that provided for in the parties' agreements.

If, at bar, the language of the forum selection clause was limited to disputes arising out of the TOS and the ROR, plaintiff could proceed with his action in this State. Clearly, that is not the situation. Under the terms of the forum selection clause in this case, "exclusive jurisdiction for any claim or dispute resides in the courts of the Commonwealth of Virginia" (emphasis added). Since the very language agreed to by plaintiff requires that an action based upon any claim or dispute between the parties, and not just those arising under their agreements, be commenced in the Commonwealth of Virginia, the forum selection clause is both applicable and controlling in this case (cf., Meachum v. Outdoor World Corporation, 235 A.D. 2d 462,464 [2d Dept. 1997][Choice of law clause which "provide[d] that [the parties' agreement] is to be governed by and interpreted under Pennsylvania law [did] not preclude assertion of [a] [§349] claim, inasmuch as th[e] claim [did] not involve any issue relating to the terms of the contract or its interpretation."]).

As his next avenue of attack upon the clause, plaintiff contends that he cannot be bound by its terms because it was not the result of arms-length negotiations, "but rather is a contract of adhesion", as to which he was given a "take-it-or-leave-it" choice (Mem. in Opp., pp.5-6, n.4). This argument is unconvincing. As made clear by the court in Matter of Fidelity & Deposit Company of Maryland v. Altman (supra), "it does not avail [plaintiff] that the clause was contained in a form agreement ... or that [plaintiff] may not have been in bargaining parity with [defendant]" (see, Carnival Cruise Lines v. Shute, 499 U.S. 585 [1991] [Forum selection clause enforceable although not negotiated and set forth in form ticket contract]).

Finally, plaintiff asserts that the forum selection clause may not be enforced because it is against public policy. In this regard, plaintiff's position is that the enforcement of the provision would permit defendant to immunize itself against this State's declared policy of regulating businesses operating within its borders so as to ensure that they do not engage in misleading business practices which injure New York consumers.

Certainly, if defendant's purpose in requiring agreement with its forum selection clause was to avoid application of §349 to its business operations, a basis would exist for this Court to refuse to enforce that provision (see, Armstrong v. Accrediting Council for Continuing Educ. & Training, Inc., 980 F. Supp. 53 [D.D.C. 1997][District of Columbia consumer protection law claim barred by enforcement of standard choice of law provision in contract]; see, also, Haynsworth v. The Corporation, 121 F. 3d 956 [5th Cir. 1997]). In this case, defendant makes the valid argument that its

headquarters is located in the Commonwealth of Virginia, and that since it does business throughout the country, it sought the protection of the forum selection clause merely to avoid being subject to suit in each of the fifty states. Notably, plaintiff has offered nothing to contradict that position, or to indicate that defendant's reliance upon the clause was for the nefarious purpose of avoiding the consumer protection laws of the State of New York.

Nor has plaintiff demonstrated that enforcement of the clause will deprive him of protection of his consumer rights pursuant to the laws of the Commonwealth of Virginia. In this regard, the Court finds it significant that plaintiff does not offer any statutory or case law authority from that jurisdiction which would support the conclusion that the conduct allegedly engaged in by defendant is not also subject to regulation in the agreed upon forum.

As is evident from the analysis set forth above, plaintiff has failed to make the "strong showing" necessary to establish that the forum selection clause to which he agreed should not be deemed controlling in this case (see, DiRuocco v. Flamingo Beach Hotel & Casino, Inc., supra, 163 A.D. 2d, at 272). For that reason, the motion to dismiss the complaint is granted. Based upon that determination, the Court does not address defendant's alternate grounds for dismissal.

The foregoing shall constitute the decision and order of the Court.

Dated: White Plains, New York
January 27, 1998

HON. JOHN P. DiBLASI, J.S.C.

cc:
Kaufman Malchman Kirby & Squire
Attorneys for Plaintiff
919 Third Avenue
New York, New York 10022

Mayer, Brown & Platt
Attorneys for Defendant
1675 Broadway
New York, New York 10019

DEFENDANT
AMERICA ONLINE, INC.

By: ______________________________

Rowena A. Moffett, Esq. (ct19811)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
P.O. Box 1746
New Haven, CT 06507-1746
Telephone: (203) 772-2600
Fax: (203) 562-2098

Samir Jain (ct25048)
C. Colin Rushing (ct25049)
Wilmer, Cutler & Pickering
2445 M Street NW
Washington, DC 20037
Telephone: (202) 663-6805
Fax: (202) 663-6363

*Of Counsel*
Laura Jehl
America Online, Inc.
22000 AOL Way
Dulles, Virginia 20166-9323

*Attorneys for Defendant America Online, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 11th day of September, 2003 upon:

Daniel J. Klau
Pepe & Hazard
Goodwin Square
225 Asylum Street
Hartford, CT 06103-4302

Thomas M. Murtha
Mark A. Perkins
Maher & Murtha
528 Clinton Ave.
P.O. Box 901
Bridgeport, CT 06601.

Rowena A. Moffett, Esq.

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by via facsimile and United States first-class mail, postage prepaid, this 20th day of November, 2003 upon:

Daniel J. Klau
Calvin J. Woo
Pepe & Hazard
Goodwin Square
225 Asylum Street
Hartford, CT 06103-4302
Fax #: 860-522-2796

Thomas M. Murtha
Mark A. Perkins
Maher & Murtha
528 Clinton Ave.
P.O. Box 901
Bridgeport, CT 06601
Fax #: 203-335-0589

Rowena A. Moffett, Esq.