# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

CLIFTON S. FREEDMAN,

    Plaintiff,

v.

CASE NO.: 3:03-CV-1048 (PCD)

AMERICA ONLINE, INC., ET AL.,

    Defendants.

November 20, 2003

FILED
Nov 21  3 56 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## REPLY IN SUPPORT OF
## AMERICA ONLINE, INC.'S MOTION TO DISMISS

Plaintiff Clifton Freedman does not dispute that the plain language of the Member Agreement — his contract with defendant America Online, Inc. ("AOL") — requires him to bring his claims against AOL in a court in Virginia. Moreover, he concedes that under established federal law, such forum selection clauses are presumptively valid and enforceable. He nevertheless proceeds to ignore the forum selection clause in the parties' contract altogether, suggesting that dismissal is inappropriate as a procedural matter and that transfer would be contrary to the "interests of justice." Plaintiff is wrong on both points. Supreme Court precedent makes clear that dismissal is an appropriate means of enforcing a forum selection clause. Moreover, regardless of the procedural mechanism, Plaintiff offers no basis why the forum selection clause should not be enforced here. As the case law makes clear, such clauses are given "controlling

weight" except in very narrow circumstances, which Plaintiff does not come close to establishing here. Thus, the claims against AOL should be dismissed.[1]

## ARGUMENT

### I. A COMPLAINT MAY BE DISMISSED TO ENFORCE A FORUM SELECTION CLAUSE.

Contrary to Plaintiff's assertion (Opp. at 3-5), the appropriate means of enforcing the forum selection clause in this case is to dismiss the complaint. As explained in AOL's opening brief, the Supreme Court in *Carnival Cruise Lines v. Shute*, construing a clause similar to the clause at issue here, held that a forum selection clause was "dispositive" of the question whether a case should be dismissed. 499 U.S. 585, 588-98 (1991) (forum selection clause was "dispositive" in resolving question whether case should be dismissed where clause stated that the covered claims "shall be litigated, if at all, in and before a Court located in the State of Florida"). Thus, as numerous courts, including this one, have confirmed, after *Carnival Cruise Lines*, it is clear that claims may be dismissed to enforce a forum selection clause. (*See* Pl. Op. Br. at 6 (citing *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 248 (D. Conn. 2001) and other cases).) Dismissal is particularly appropriate where, as here, a forum selection clause gives a plaintiff a choice of filing in either the federal or state court in the designated jurisdiction, because a court cannot assume that the plaintiff would refile in federal as opposed to state court in the designated forum. (*See id.* (citing cases).)

---

[1]  In the alternative, if the Court decides that transfer is the appropriate means of enforcing the forum selection clause, the claims against AOL should be severed pursuant to Fed. R. Civ. P. 21 and transferred to the United States District Court for the Eastern District of Virginia.

M:\DOCS\04875\001\770515.DOC         2

Not surprisingly, then, many courts have dismissed claims brought against AOL outside Virginia based on the same forum selection clause at issue here (*id.* at 5), and Plaintiff does nothing to distinguish these cases.

Plaintiff's reliance (at 3-5) on *TUC Electronics, Inc. v. Eagle Telephonics, Inc*, 698 F. Supp. 35 (D. Conn. 1988) is misplaced. In fact, that case confirms that dismissal is an appropriate means of enforcing a forum selection clause — which is precisely what the Court in that case did. *Id.* at 40. While the *TUC* court suggested in *dicta* that the effect of a forum selection clause may be analyzed as a motion to transfer when the forum selection clause allows claims to be brought in a federal court in the chosen jurisdiction, the court's statement in that regard was clearly undermined by the Supreme Court's subsequent decision in *Carnival Cruise Lines*. The forum selection clause at issue in *Carnival Cruise Lines*, exactly like that at issue here, allowed claims to be filed in any court located in the designated forum, and the Court concluded that dismissal was an appropriate remedy.[2] 499 U.S. at 588 (clause provided that claims "shall be litigated, if at all, in and before a Court located in the State of Florida"). While some district courts in this Circuit have continued to take the pre-*Carnival* approach of *TUC Electronics*, they have not addressed the effect of *Carnival Cruise Lines*. In any case, other district court decisions in this Circuit, including decisions of this Court, have

---

[2] Plaintiff's citation to *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) — a decision that predated *Carnival Cruise Lines* — provides him no support. In *Stewart*, the Court was not presented with the question whether a complaint could be dismissed to enforce a forum selection clause. Rather, the only question was whether federal or state law governed a motion to transfer where a district court was sitting in diversity, and the Court held that such a motion should be decided based on 28 U.S.C. § 1404.

confirmed that dismissal is an appropriate remedy. (*See* Pl. Op. Br. at 6 (citing cases).) And, while the Second Circuit has not addressed this issue after *Carnival Cruise Lines*, other federal courts of appeal ruling after that case have held that dismissal is an appropriate means of enforcing a forum selection clause. *See, e.g., Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001).

## II. THE FORUM SELECTION CLAUSE SHOULD BE ENFORCED.

Regardless of the procedural vehicle used — dismissal or transfer — Plaintiff offers no basis to deny enforcement of the forum selection clause here. Plaintiff concedes that the express terms of that clause require that his claims against AOL be brought in Virginia and that such clauses are presumptively valid and enforceable. After making these concessions, however, Plaintiff proceeds to analyze the case as though the forum selection clause does not exist. Yet courts have made clear that such clauses should be enforced absent narrow circumstances not presented here. Plaintiff's arguments amount to no more than general assertions of inconvenience. By offering no evidence "that it is unreasonable for [the clause] to be given effect," he has failed to "overcome [his] burden of showing that the forum selection clause should not be enforced." *Indymac Mortgage Holdings, Inc.*, 167 F. Supp. 2d at 246.

Plaintiff seeks to avoid enforcement of the forum selection clause by cloaking his argument in terms of the factors courts look to in typical transfer cases. But as the Supreme Court explained in *Stewart v. Ricoh*, a forum selection clause is "central[]" to the transfer analysis. 487 U.S. at 29 ("The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus."); *see also id.* at 34 (Kennedy and O'Connor, J., concurring) (under transfer analysis, "a valid forum-selection clause is given controlling weight in all

but the most exceptional cases"). Indeed, as the district court in *TUC* succinctly explained: "[W]here parties have freely agreed upon a particular forum for their disputes, it is presumed that each party has been compensated by the bargain for any inconvenience it might suffer by resort to that forum." 698 F. Supp. at 39. Accordingly, "because such a negotiated designation creates legitimate expectations, the contract designation is *conclusive of the interests of convenience and justice as between the parties*, and in most instances the clause will be given *controlling weight*." *Id.* at 39 (emphasis added).[3]

None of the factors cited by Plaintiff provides a basis for ignoring the parties' expressed intent and overriding the forum selection clause. Plaintiff asserts that "the single most important reason" to deny enforcement of the clause is that doing so would undermine "judicial economy" by splitting up the claims against AOL from those against its co-defendants. (Opp. at 6-7.) Notably, Plaintiff does not cite a *single* case in which a court refused to enforce a forum selection clause because the clause did not apply to

---

[3] Plaintiff's suggestion that this rule does not apply because the contract was not a "product of arm's length bargaining" (Opp at 9-10) has been repeatedly rejected by the courts. Indeed, the contract at issue in *Carnival Cruise Lines* was a form contract in which individual terms were not the subject of bargaining. *See* 499 U.S. at 589-95; *see also Koch v. America Online, Inc.*, 139 F. Supp. 2d 690, 694 (D. Md. 2000) ("Use of a form contract, however, even by a party with superior bargaining power, does not necessarily make a forum selection clause unenforceable."); *Kilgallen v. Network Solutions, Inc.*, 99 F. Supp. 2d 125, 129-30 (D. Mass. 2000) (enforcing forum selection clause even where the plaintiff allegedly "was not aware of the clause "); *Caspi v. Microsoft Network, L.L.C.*, 323 N.J. Super. 118, 122 (App. Div. 1999) (holding that nearly identical forum selection clause in agreement between internet service provider and its subscribers is valid and enforceable). Plaintiff here was not coerced into entering the contract with AOL — the online industry is the subject of fierce competition and Plaintiff was free to choose to obtain Internet service from a provider other than AOL.

one or more co-defendants. To the contrary, numerous courts *have* enforced forum selection clauses even where doing so would result in the claims against only one of the defendants being transferred or dismissed. *See e.g., Indymac Mortgage Holdings, Inc.*, 167 F. Supp. 2d at 246; *Greater New York Auto Dealer's Association v. Environmental Systems Testing, Inc.*, 211 F.R.D. 71, 71 (E.D.N.Y. 2002). Indeed, in *Indymac*, this Court (Droney, J.) explicitly considered and rejected the plaintiffs' argument that a forum selection clause should not be enforced because doing so could result in the plaintiffs being forced to litigate against two defendants in two separate forums.[4/] In fact, in that case, the Court dismissed only certain *claims* due to the existence of a forum selection clause, providing that the plaintiffs would have to proceed against the same *defendant* on different claims in jurisdictions that were thousands of miles apart. 167 F. Supp. 2d at 229. Similarly, in *Greater New York Auto Dealer's Association*, the court enforced a forum selection clause in a case involving multiple defendants, the result of which was that, if the claims were refiled in the proper jurisdiction after dismissal, plaintiffs would have to proceed in three different jurisdictions. 211 F.R.D. at 71.

In any event, Plaintiff's concerns about "judicial economy" here are significantly overstated. Plaintiff's claims against AOL and those against its co-defendants are distinct. As the entire separate section of the complaint entitled "AOL's Misconduct"

---

[4/]  While Plaintiff attempts to distinguish *Indymac* on the ground that the co-defendants were married and residents of the same state (Opp. at 7), that fact is irrelevant. The defendants in that case were residents of New Jersey, while the forum selection clause sought to be enforced provided that claims be brought in *California*. *Indymac Mortgage Holdings, Inc.*, 167 F. Supp. 2d at 229. As a result, enforcement of the clause in that case meant that the plaintiffs could be forced to pursue litigation against one defendant in California and the other in Connecticut.

M:\DOCS\04875\001\770515.DOC                    6

makes clear, AOL's sole alleged involvement was to receive and respond to a request from the Fairfield police for information about the Plaintiff. The Fairfield police allegedly made the decision to seek Plaintiff's information from AOL, to fill out the warrant application, and then submit it to AOL, by fax, without first obtaining a judicial signature. After getting the information, AOL's co-defendants then allegedly distributed the information to the public. There is no allegation that AOL played any role in any of these actions or that the police and AOL acted in concert. Not surprisingly, then, the Complaint contains eight causes of action against the police that do not even purport to apply to AOL. Moreover, many of the key issues in the cases against AOL will not apply to the claims against the police, including, for example, AOL's intent when it allegedly disclosed the information at issue. Similarly, AOL's co-defendants have indicated they intend to rely on the affirmative defense of qualified immunity, a defense that is not even available to AOL.

Plaintiff's remaining reasons for ignoring the forum selection clause are makeweight and do not come close to overcoming the "controlling effect" and presumptive enforceability of such clauses. Plaintiff makes the conclusory assertion that "the operative facts in this case occurred in Connecticut" and that "most" of the "testimonial and documentary" evidence is in Connecticut. (Opp. at 8.) While that may be true with respect to his claims against AOL's co-defendants, that is not true with respect to AOL. All of AOL's alleged actions took place at AOL's headquarters in Dulles, Virginia: That is where the warrant application was allegedly received, where the allegedly disclosed records were located, and the place from which the alleged disclosure by AOL was made. Similarly, virtually *all* of the evidence related to Plaintiff's

claims against AOL, and to AOL's defenses, will be found in Dulles, Virginia. All of the AOL witnesses are located there, as are all of the documents and other records that might be at issue.

Plaintiff's reliance on the supposed burden on or unavailability of non-parties also should be given no weight. Plaintiff offers no evidence that any more than a few non-parties located in Connecticut will have testimony or evidence that will form a part of Plaintiff's claims against AOL. Furthermore, Plaintiff may use the compulsory process provided by Fed. R. Civ. P. 45 to seek documents and testimony from non-parties in Connecticut even if the case is transferred. Indeed, under Rule 45, the basic procedures for obtaining documents and testimony for purposes of discovery, and to preserve testimony at trial for witnesses who will be unavailable to testify live, are *identical* whether the non-party is located in Connecticut or Virginia. Similarly, Plaintiff's arguments about the availability of witnesses at trial does not withstand scrutiny. While Plaintiff asserts that he will need to present at trial the testimony of "hostile witnesses" who may not be willing to travel to Virginia, he does not even hint at what these "hostile witnesses" would have to say about his claims against AOL.

Contrary to Plaintiff's assertion, the state law claims are likely to be governed by *Virginia* law, not Connecticut law — and therefore this factor actually *favors* transfer. The Member Agreement's choice of law clause clearly provides that Virginia law governs the Member Agreement and the Plaintiff's membership with AOL more generally — out of which this entire complaint arises. See Member Agreement § 8 ("The laws of the Commonwealth of Virginia, excluding its conflicts-of-law rules, govern

this Agreement and your membership."); *see also Elgar v. Elgar,* 238 Conn. 839, 848, 679 A.2d 937 (1996).

Finally, according to Plaintiff, because AOL is a corporation and can afford to defend this case in Connecticut, the forum selection clause should be ignored. (Opp. at 9-10.) If that were the law, then forum selection clauses in consumer contracts would never be enforced — a result contrary to binding precedent and the important legitimate policy reasons supporting enforcement of forum selection clauses such as that at issue here. By channeling claims against AOL into a single jurisdiction, the forum selection clause helps control AOL's costs, which in turn leads to lower prices. As AOL explained in its opening brief, that is precisely one of the policy reasons that the Supreme Court identified in *Carnival Cruise Lines* for enforcing forum selection clauses. (Pl. Op. Br. at 4.)

## **CONCLUSION**

For the foregoing reasons, and the reasons set forth in its opening brief, AOL respectfully requests that the Court dismiss Plaintiff's claims against AOL in order to enforce the forum selection clause in the Plaintiff's Member Agreement with AOL.

DEFENDANT
AMERICA ONLINE, INC.

By: _____

*Of Counsel*
Laura Jehl
America Online, Inc.
22000 AOL Way
Dulles, Virginia 20166-9323

Rowena A. Moffett, Esq. (ct19811)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
P.O. Box 1746
New Haven, CT 06507-1746
Telephone: (203) 772-2600
Fax: (203) 562-2098
rmoffett@bswlaw.com

Samir Jain (ct25048)
C. Colin Rushing (ct25049)
Wilmer, Cutler & Pickering
2445 M Street NW
Washington, DC 20037
Telephone: (202) 663-6805
Fax: (202) 663-6363
samir.jain@wilmer.com
colin.rushing@wilmer.com

*Attorneys for Defendant America Online, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served by via facsimile and United States first-class mail, postage prepaid, this 20th day of November, 2003 upon:

Daniel J. Klau
Calvin J. Woo
Pepe & Hazard
Goodwin Square
225 Asylum Street
Hartford, CT  06103-4302
Fax #: 860-522-2796

Thomas M. Murtha
Mark A. Perkins
Maher & Murtha
528 Clinton Ave.
P.O. Box 901
Bridgeport, CT  06601
Fax #: 203-335-0589

Rowena A. Moffett, Esq.