UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF CONNECTICUT 2003 DEC -5 P 1: 15

U.S. DISTRICT C...
NEW HAVEN, C...

Clifton S. FREEDMAN,
    Plaintiff,

-vs- : Civil No. 3:03cv1048 (PCD)

AMERICA ONLINE, INC., the TOWN
   of FAIRFIELD, and Detectives
   William YOUNG and David
   BENSLEY (individually and in their
   official capacities)
    Defendants.

## RULING ON DEFENDANT AOL'S MOTION TO DISMISS

In light of a forum selection clause in its contract with Plaintiff, Defendant America Online, Inc. ("AOL") moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) or 12(b)(6). For the reasons discussed herein, AOL's motion is **granted**.

**I.    Background**[1]

At all times relevant to this action, Plaintiff subscribed to internet service from AOL. Compl. ¶¶ 4, 26. Section 8 of the AOL Member Agreement contains a forum selection clause providing that "exclusive jurisdiction for any claim or dispute with AOL or relating in any way to your membership with or your use of AOL resides in the courts of Virginia." AOL Member Agreement § 8, Davis Decl. Exh. A.

Plaintiff alleges that AOL unlawfully disclosed his identity to the Town of Fairfield Police Department in response to a defective search warrant application that had never been presented to a judge. Compl. ¶ 1. The allegations stem from an e-mail sent by Plaintiff on or

---

[1] The facts are taken from Plaintiff's complaint, and any documents incorporated by reference, and are accepted as true for purposes of the motion to dismiss. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991).

about March 31, 2003, involving a political campaign. Compl. ¶ 12. The e-mail stated "The End is Near." Compl. ¶ 12. On or about April 1, 2003, two recipients of the e-mail reported the incident to the Fairfield Police Department, claiming they had received a harassing and/or obscene message on their computers. Compl. ¶ 13.

On April 1, 2003, Defendants Young and Bensey sent a deficient warrant application, which was never submitted to a judge for approval and did not bear a judge's signature, to AOL. Compl. ¶ 17-18. On April 7, 2003, AOL faxed Plaintiff's subscriber information, including his address, phone numbers, account status, membership information, software information, billing and account information, all of his screen names, and the activity of all of his screen names, to Young and Bensey. Compl. ¶ 21. Consequently, the Fairfield Police Department disclosed Plaintiff's identity and other screen names to the public. Compl. ¶ 22.

Plaintiff alleges that AOL has violated the Electronic Communication Privacy Act, 18 U.S.C. § 2701 (Count One), breached its contract with him by disclosing his privacy information (Count Two), and violated the Connecticut Unfair Trade Practices Act ("CUTPA") (Count Three).[2]

Plaintiff alleges that he has been subject to ridicule, his reputation in the Fairfield community has been damaged, he has suffered great emotional distress, and his ability to earn a living through his real estate business has been destroyed. Compl. ¶ 24. He seeks (1) compensatory damages, (2) punitive damages, (3) attorneys' fees and costs, (4) indemnification pursuant to CONN. GEN. STAT. § 7-465, and (5) any other relief deemed appropriate by the Court.

---

[2] Plaintiff also raises various allegations against other Defendants which are not raised in AOL's motion and therefore are not addressed in this Ruling.

2

## II. Standard

Motions to dismiss pursuant to forum selection clauses are properly characterized as based on FED. R. CIV. P. 12(b)(6). *Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.*, 145 F.3d 505, 508 n.6 (2d Cir. 1998) (citing *Lambert v. Kysar*, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993)) (Rule 12(b)(6) is the proper "procedural vehicle for urging dismissal under [a] forum selection clause").

A motion to dismiss pursuant to Rule 12(b)(6) is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69 (2d Cir. 2001) (internal quotation marks omitted). A motion to dismiss must be decided on the facts as alleged in the complaint. *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 186 (2d Cir. 2001). All allegations are assumed to be true and are considered in a light most favorable to the non-movant. *Manning v. Util. Mut. Ins. Co.*, 254 F.3d 387, 390 n.1 (2d Cir. 2001). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale-New Haven Hosp.*, 727 F. Supp. 784, 786 (D. Conn. 1990). In its review of a 12(b)(6) motion to dismiss, a court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

### III. Discussion

AOL argues that Plaintiff fails to state a claim because the forum selection clause clearly provides that "'any claim or dispute' with AOL 'relating in any way to Plaintiff's membership or . . . use of AOL' be brought in a court in Virginia." AOL Mem. in Supp. of Mot. to Dismiss at 2-3 (quoting Member Agreement § 8). Plaintiff argues that "the interests of judicial economy and trial convenience" favor "trying the claims against all of the defendants, including AOL, in one proceeding before . . . this Court." Pl. Opp. at 2.

### A. Enforceability of Forum Selection Clause

Contractual forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972). A forum selection clause can bind the parties even where the agreement in question is a form consumer contract and not subject to negotiation. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 589-95, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991). The party resisting a forum selection clause "must overcome a substantial presumption in favor of enforcement." *Indymac Mortgage Holdings*, 167 F. Supp. 2d 222, 244 (D. Conn. 2001). Forum selection clauses should be enforced unless the resisting party "clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen*, 407 U.S. at 15; *see also Bense v. Interstate Battery Sys. of Am.*, 683 F.2d 718, 721-22 (2d Cir. 1982). Enforcement of a forum-selection clause is inappropriate where it "would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Id.*

4

### B.   Scope of Forum Selection Clause

Plaintiff does not dispute that he agreed to the terms of service, including the Membership Agreement, when he subscribed to AOL's services. Taking the facts in the light most favorable to Plaintiff, his claims are "claims or disputes with AOL" which relate to his membership and/or his use of AOL's services. *See Hughes v. McMenamon*, 204 F. Supp. 2d 178, 181 (D. Mass 2002). The forum selection clause is enforceable and Plaintiff's claims fall within its scope. *See id.*

### C.   Dismissal or Transfer

Plaintiff contends that "AOL has invoked the wrong procedural vehicle for enforcing its forum selection clause," and should have moved for a transfer of venue rather for dismissal. Pl. Opp. at 3. Plaintiff relies on a pre-*Carnival Cruise Lines* decision of this Court to argue that Defendant should have moved for a transfer of venue pursuant to 28 U.S.C. §1404(a). Pl. Opp. at 3-4 (citing *TUC Electronics, Inc. v. Eagle Telephonics, Inc.*, 698 F. Supp. 35 (D. Conn. 1988)).

In *TUC Electronics*, the defendant moved to dismiss the suit bought by the plaintiff in Connecticut District Court on the basis of a forum selection clause instructing that any claims relating to the parties' contract shall be submitted to a court "of the State of New York." *TUC Electronics*, 698 F. Supp. at 37 (quoting forum selection clause). The defendant moved to dismiss due to improper venue, and the plaintiff, "apparently conceding" that venue was improper in Connecticut, moved for transfer of venue to New York. *Id.* The defendant argued that the forum selection clause provides venue exclusively in the New York *state* courts, while the plaintiff contended that the Court had discretion to transfer the case to a New York *federal* court. *Id.* at 38-39. Here, unlike in *TUC Electronics* Plaintiff does not concede that venue is

5

improper in Connecticut. *Carnival Cruise Lines* and its progeny provide that dismissal may be appropriate where a party disregards a forum selection clause and brings suit in a noncompliant venue, *Evolution Online Sys., Inc.*, 145 F.3d at 508 n.6, especially where the forum selection clause allows suit both in state and federal courts, *Indymac Mortgage Holdings*, 167 F. Supp. at 247-28.

Plaintiff devotes much of his memorandum arguing why, in his opinion, transfer to Virginia is inappropriate. He fails to address the forum selection clause issue sufficiently, conceding that "usually" and "generally" forum selection clauses are enforceable. Pl. Opp. at 2, 9. Aside from arguing that it would be inconvenient for him to sue AOL in Virginia and the remaining Defendants in Connecticut, Plaintiff does not contend that it would be "'unreasonable' under the circumstances." *The Bremen*, 407 U.S. at 10. Mandatory forum selection clauses have been found unreasonable

> (1) if their incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party will for all practical purposes be deprived of his day in court, due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state.

*Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993) (internal citations and quotations omitted). Plaintiff does not argue that the forum selection clause resulted from fraud or overreaching. Nor does he argue that he will be deprived his day in court, that Virginia law

6

may deprive him of a remedy,[3] or that the clause contravenes Connecticut public policy.[4] Instead, he argues that the factors courts must consider pursuant to a §1404(a) motion to transfer venue weigh heavily in favor of venue in Connecticut. Pl. Opp. at 5-10.

Viewing the facts in the light most favorable to Plaintiff, he has not met his burden of showing that this case provides "exceptional" circumstances in which the forum selection clause should not be enforced because it is unreasonable. *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 33 108 S. Ct. 2239, 101 L. Ed. 2d 22 (J. Kennedy concurring) ("a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases").

Plaintiff argues that it is in the "interests of justice" to sue AOL in Connecticut, because otherwise he would have to split his claims and sue AOL in Virginia and the other Defendants in Connecticut. Pl. Opp. at 6. He argues that it would be more convenient to him to sue AOL in Connecticut. Pl. Opp. at 8-9. However, "[a] forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel." *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 10 (2d Cir. 1995). In *Hughes v. McMenamon* the

---

[3] Plaintiff has not suggested that were the action to be dismissed the statute of limitations would foreclose suit in the alternative forum. This possibility is, therefore, deemed waived as a basis to oppose dismissal.

[4] Although California courts have found such forum selection clauses to contravene California public policy, *see Am. Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1 (2001), Connecticut courts have generally upheld forum selection clauses, absent a showing of fraud or overreaching, *see United States Trust Co. v. Bohart*, 197 Conn. 34, 41-42, 495 A.2d 1034 (1985); *see also Fairfield Lease Corp. v. Romano's Auto Service*, 4 Conn. App. 495, 498 (1985) ("When the court selected is reasonably appropriate, and where there is no indication that the parties had such greatly disproportionate bargaining power that the agreement could be regarded as unconscionable, the tendency is to give effect to such agreements") (internal quotation omitted). Although Plaintiff argues that "the manner in which he manifested his assent to [the forum selection] clause can hardly be construed as the product of arm's length bargaining between parties of relatively equal strenth," Pl. Opp. at 9-10, he neither argues that the agreement was unconscionable nor cites any legal authority supporting such a proposition.

7

plaintiff bought suit against a Massachusetts police officer and AOL and the court granted AOL's motion to dismiss based on the forum selection issue, resulting in the plaintiff's having to file suit in two states, Massachusetts and Virginia, if he wished to pursue his claims against all defendants. *Hughes*, 204 F. Supp. at 180-82. Here, three of Plaintiff's eleven claims are against AOL, and two of these three claims are against AOL exclusively. Mere inconvenience does not constitute an "exceptional" case.

### 1. Section 1404(a) Analysis

Plaintiff's argument that the §1404(a) factors weigh in favor of venue in Connecticut is flawed. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiff cites *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) to support his argument, but *Stewart* clearly provides that "[t]he presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus." *Stewart*, 487 U.S. at 29. Here, Plaintiff does not directly address the forum selection issue, beyond conclusorily stating that it should not apply here. In addition, whereas the *Stewart* court addressed a motion to transfer, here AOL did not move to transfer pursuant to §1404(a), but instead moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As noted above, the Second Circuit has found a 12(b)(6) motion as an appropriate procedural vehicle when a party does not comply with a forum selection clause. *Evolution Online Sys., Inc.*, 145 F.3d 505, 508 n.6 (citation omitted).

Even if the Court were to engage in a §1404(a) analysis, it is not clear that the factors would weigh in favor venue in Connecticut. Relevant factors include the convenience of the

8

Virginia forum "given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum selection clause and the parties relative bargaining power." *Stewart*, 487 U.S. at 29. Other factors include the "locus of operative facts; access to evidence; convenience of non-party witnesses; availability of compulsory process to compel witness testimony; convenience of the parties; familiarity of the forum with governing law; trial efficiency; and the relative financial means of the parties." *BRM Indus. v. Mazak Corp.*, 42 F. Supp. 2d 176, 180 (D. Conn. 1999).

### a.  Locus of Operative Facts

While Plaintiff argues that the locus of operative facts occurred in Connecticut, AOL contends that the actions alleged against AOL occurred mainly in Virginia, where "the warrant application was allegedly received, where the allegedly disclosed records were located, and the place from which the alleged disclosure was made." AOL Reply at 7. Accordingly, this factor is neutral at best.

### b.  Access to Evidence and Witnesses

While Plaintiff argues that its witnesses are located in Connecticut, Pl. Opp. at 8-9, AOL argues that all of its witnesses and evidence, including its records, are located in Virginia. AOL Reply at 7-8. This factor is neutral.

### c.  Convenience of Non-Party Witnesses and Compulsory Process

Plaintiff argues that "many of the non-party witnesses are hostile to [Plaintiff] and would not travel to Virginia of their own accord," and that a Virginia court would be unable to compel their attendance. Pl. Opp. at 9. The existence of a potential third party defendant or witness not

9

subject to this Court's jurisdiction is certainly a factor to consider, but is not necessarily dispositive. *See Dealtime.com, Ltd. v. McNulty*, 123 F. Supp. 2d 750, 757 (S.D.N.Y. 2000) (denying transfer notwithstanding witness unavailability because of the availability of videotaped testimony of witnesses unwilling to travel); *In re Rick*, 145 F. Supp. 2d 1026, 1038 (N.D. Iowa 2001) (same).

### d. Convenience of the Parties

Plaintiff contends that the convenience of the parties factor favors venue in Connecticut, because he did not freely bargain for the forum selection clause. Pl. Opp. at 9. As noted above, a forum selection clause can bind the parties even where the agreement in question is a form consumer contract and not subject to negotiation. *Carnival Cruise Lines*, 499 U.S. at 589-95. "Use of a form contract . . . even by a party with superior bargaining power, does not necessarily make a forum selection clause unenforceable." *Koch v. Am. Online, Inc.*, 139 F. Supp. 2d 690, 694 (D. Md. 2000). Such forum selection clauses are subject to "judicial scrutiny for fundamental fairness." *Carnival Cruise Lines*, 499 U.S. at 595. "There is no evidence in this case that AOL chose Virginia in bad faith or in an effort to discourage meritorious suits." *Koch*, 139 F. Supp. 2d at 694. AOL "is headquartered in that state and has a legitimate interest in protecting itself from being sued in all 50 states." *Id*; *see also Celmins v. Am. Online*, 748 So.2d 1041, 1041-42 (Fl. App. 1999) (per curiam) (affirming trial court's dismissal of complaint for failure to state a cause of action and finding that AOL's forum selection clause "does not result in unequal bargaining power and was not unreasonable"); *Kilgallen v. Network Solutions, Inc.*, 99 F. Supp. 2d 125, 129 (D. Mass. 2000) (considering a forum selection clause in a domain name registration agreement and stating that "[a]bsent fraud, a party to a contract is bound by the terms

of the contract whether or not he read them"). In *Carnival Cruise Lines*, the Court found that the fact that the plaintiffs resided in Washington state and the venue was in Florida did not constitute substantial inconvenience. *Carnival Cruise Lines*, 499 U.S. at 594-95. The parties' convenience does not favor venue in Connecticut.

### e. Familiarity of the Forum with Governing Law

Plaintiff argues that because some of his claims arise from Connecticut statutory, constitutional, and common law, this Court is "just as well suited, if not better suited than a Virginia court to address" the issues. Pl. Opp. at 10. Plaintiff's complaint includes three counts against AOL: Count One is based on a federal statute, Count Two is a breach of contract claim, and Count Three is based on a Connecticut statute. The AOL Member agreement provides that "[t]he laws of the Commonwealth of Virginia, excluding its conflicts-of-law rules, govern this Agreement and [Plaintiff's] membership." AOL Member Agreement § 8. In addition, to the extent that Connecticut law applies, "federal courts are accustomed in diversity actions to applying laws foreign to the law of their particular State." *BRM Indus.*, 42 F. Supp. 2d at 181. Accordingly, courts in Connecticut and Virginia are equally poised to address any state law issues.

### f. Trial Convenience

As discussed earlier, although it might be more convenient to Plaintiff to have his claims against all Defendants dealt with in one trial, only three of his eleven counts are directed at AOL, and two of those three counts are directed solely at AOL.

11

### g.  Relative Financial Means of the Parties

Finally, Plaintiff argues that the relative financial means of the parties favors venue in Connecticut, because "[t]he relative financial burden of AOL defending the claims in this Court is far less than the burden on [Plaintiff] of prosecuting the claims against AOL in Virginia." Pl. Opp. at 10. In *Carnival Cruise Lines*, the Court noted that a large company whose business reaches many states has a "special interest in limiting the fora in which it potentially could be subject to suit," and that consumers reap the benefits of forum selection clauses via the savings that the company "enjoys by limiting the fora in which it may be sued." *Carnival Cruise Lines*, 499 U.S. at 593-94. While AOL may have greater financial resources than Plaintiff, to let this factor alone override the forum selection clause would in effect invalidate all forum selection clauses in consumer contracts, which clearly was not the Court's intent in *Carnival Cruise Lines*.

### h.  Conclusion of §1404(a) Analysis

Given the significant weight given to a forum selection clause and the other factors pursuant to §1404(a), the forum selection clause shall be upheld. Moreover, dismissal is more appropriate than transfer, because it is not clear whether Plaintiff, if he brought suit in Virginia, would proceed in state or federal court. *See Indymac Mortg. Holdings*, 167 F. Supp. at 247; *see also Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing*, 211 F.R.D. 71, 86 (E.D.N.Y. 2002) (where forum selection clause did not specify federal or state court, "dismissal of the claims properly preserves [Plaintiff's] decision regarding in which court to re-file"); *Licensed Practical*

12

*Nurses, Technicians & Healthcare Workers of New York, Inc. v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 407 (S.D.N.Y. 2000) (same).[5]

### IV.  Conclusion

For the reasons stated herein, Defendant AOL's motion to dismiss [Doc. No. 26] is **granted**. Plaintiff's claims against AOL fail to state claims upon which relief may be granted and **are dismissed**, without prejudice to Plaintiff refiling them in a court compliant with the contract's forum selection clause. *See Hughes*, 204 F. Supp. 2d at 181-82.

SO ORDERED.

Dated at New Haven, Connecticut, December 5, 2003.

_____
Peter C. Dorsey
United States District Judge

---

[5] To bolster his argument that AOL should have brought this motion as a motion to transfer rather than to dismiss, Plaintiff argues that AOL has requested that if the Court declines to dismiss the claims it should transfer the case to the Eastern District of Virginia. Pl. Opp. at 5. However, Plaintiff argues that the correct venue is Connecticut, and does not clearly state a preference to a federal or state court in Virginia, and the Court declines to make that decision for him.