UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>AMERICA ONLINE, INC., ET AL.,<br><br>　　　　　　Defendants. | CASE NO.: 3:03-CV-1048 (PCD)<br><br><br><br>January 14, 2004 |

### AMERICA ONLINE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

In its ruling dated December 5, 2003, this Court granted defendant America Online, Inc.'s ("AOL") motion to dismiss on the ground that the forum selection clause in the parties' contract required that the plaintiff's claims against AOL be brought in a court in Virginia. In granting AOL's motion, this Court rejected the plaintiff's argument that, if the forum selection clause was to be enforced, the appropriate remedy was to transfer the claims to the Eastern District of Virginia rather than to dismiss. Now, moving for reconsideration, the plaintiff renews his argument that the Court should transfer the case. But he does not come close to meeting the strict standard for reconsideration, and his petition accordingly should be denied.

### ARGUMENT

As this Court has recently explained, "[t]he standard for granting a motion for reconsideration is strict." *ACEquip. Ltd. v. Am. Eng'g Corp.*, 218 F.R.D. 364, 365 (D. Conn. 2003). To bring such a motion, the plaintiff must "point to controlling decisions or data that the court *overlooked*." *Id.* (emphasis added). A motion for reconsideration may not be used "as a vehicle for asserting new arguments or for introducing new

evidence that could have been adduced during the pendency" of the initial motion. *LoSacco v. Middletown,* 822 F. Supp. 870, 877 (D. Conn. 1993), *aff'd*, 33 F.3d 50 (2d Cir. 1994).

In granting AOL's motion to dismiss, the Court specifically considered and rejected the plaintiff's arguments that dismissal was not an appropriate remedy for the enforcement of a forum selection clause. *See* Ruling at 5, 12-13 & n.5. In seeking reconsideration of that decision, the plaintiff identifies no fact or precedent that the Court "overlooked." Apparently believing that "the Court would have been willing to transfer the case" rather than dismiss it if he had simply "expressed a preference" for the Eastern District of Virginia, the plaintiff now seeks to avoid dismissal by making that preference known. Pl. Br. at 2. But as the *LoSacco* court explained, a motion for reconsideration is not the place to make new arguments or raise new facts; the plaintiff could have made his preference known when opposing AOL's motion to dismiss and chose not to do so, presumably for tactical reasons. In any event, the plaintiff's argument overlooks the forum selection clause itself, which does not specify the particular court in which the plaintiff's claims must be brought – whether state or federal – instead providing only that "exclusive jurisdiction . . . resides in the courts of Virginia." AOL Member Services Agreement § 8; Davis Declaration Exhibit A. Given that language, dismissal, rather than transfer, is the proper procedure for enforcing the forum selection clause. *See, e.g.*, *Greater N.Y. Auto Dealers Ass'n v. Environmental Sys. Testing*, 211 F.R.D. 71, 85-86 (S.D.N.Y. 2002).

The plaintiff also argues for the first time that transfer rather than dismissal is appropriate because transfer would avoid unspecified "delay and . . . costs." Pl. Br. at 1-2. But the plaintiff does not explain what the source of any such delay and costs

might be and in any case does not even purport to identify any fact or case the Court overlooked. In fact, the administrative consequences of a transfer would be fairly cumbersome with no obvious gains in judicial efficiency. As an initial matter, the claims against AOL would need to be severed from those against the Connecticut defendants, which would likely necessitate an amendment of the plaintiff's Complaint. Moreover, the claims remain in their very early stages. AOL has not yet even answered the Complaint, and other than exchanging initial disclosures, AOL and the plaintiff have yet to engage in any discovery from one another. Other than AOL's motion to dismiss, the only significant proceedings in this Court involved the creation of a joint discovery plan. But even if the case were transferred, the plaintiff and AOL most likely would be required to complete a *new* joint discovery plan that complies with the rules and procedures of the Eastern District of Virginia. And, although the plaintiff has filed a motion for partial summary judgment that motion could easily be refiled in a new action in the Eastern District of Virginia.

The plaintiff chose to ignore the forum selection clause in the parties' contract and file his claims against AOL in this Court rather than a court in Virginia as the contract requires. Consistent with well-settled authority recognizing the power to dismiss in such circumstances, the Court dismissed Plaintiff's claims. *See* AOL Memorandum in Support of Motion to Dismiss at 4-6 (citing cases); *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 588-98 (1991); *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 248 (D. Conn. 2001). Simply put, the plaintiff fails to offer any basis for the Court to reach a different conclusion.

**CONCLUSION**

For the foregoing reasons, the plaintiff's motion for reconsideration should be denied.

Respectfully submitted,

DEFENDANT
AMERICA ONLINE, INC.

| | |
|---|---|
| | By:  /s/ Rowena A. Moffett |
| O*f Counsel* | Rowena A. Moffett, Esq. (ct19811) |
| J.L. Novak | Brenner, Saltzman & Wallman LLP |
| America Online, Inc. | 271 Whitney Avenue |
| 22000 AOL Way | P.O. Box 1746 |
| Dulles, Virginia  20166-9323 | New Haven, CT 06507-1746 |
| | Telephone: (203) 772-2600 |
| | Fax: (203) 562-2098 |
| | rmoffett@bswlaw.com |
| | ckone@bswlaw.com |
| | |
| | Samir Jain (ct25048) |
| | C. Colin Rushing (ct25049) |
| | Wilmer, Cutler & Pickering |
| | 2445 M Street NW |
| | Washington, DC  20037 |
| | Telephone: (202) 663-6805 |
| | Fax: (202) 663-6363 |
| | samir.jain@wilmer.com |
| | colin.rushing@wilmer.com |
| | |
| January 14, 2004 | *Attorneys for Defendant America Online, Inc.* |

## **CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 14th day of January, 2004 upon:

Daniel J. Klau
Calvin J. Woo
Pepe & Hazard
Goodwin Square
225 Asylum Street
Hartford, CT  06103-4302

Thomas M. Murtha
Mark A. Perkins
Maher & Murtha
528 Clinton Ave.
P.O. Box 901
Bridgeport, CT  06601

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Rowena A. Moffett
　　　　　　　　　　　　　　　　　　　　　　　Rowena A. Moffett, Esq.