UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN,              ) | |
|                                   ) | |
|     Plaintiff,          ) | |
|                                   ) | C.A. No. 3:03CV1048 (PCD) |
| v.                                ) | |
|                                   ) | |
| AMERICA ONLINE, INC., THE TOWN OF ) | |
| FAIRFIELD, DETECTIVE WILLIAM YOUNG ) | |
| AND DETECTIVE DAVID BENSEY        ) | |
| (Individually and in their official capacities as ) | |
| police officers for the Town of Fairfield), ) | |
|                                   ) | |
|     Defendants.         ) | November 18, 2003 |

### PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND/OR FOR PARTIAL SUMMARY JUDGMENT

The plaintiff moves pursuant to Fed.R.Civ.P. 12(c) and/or Fed.R.Civ.P. 56 for an order entering partial judgment against defendants on the issue of liability on Counts I, X and XI of the Complaint, which assert claims for violations of section 2703(c) of the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2701 *et seq.* The plaintiff was a subscriber to defendant American Online, Inc.'s internet service. His claims are based upon the defendants' unlawful acquisition and disclosure of private information, including his identity and various "screen names", by and from AOL.

Section 2703(c) of the ECPA forbids a government entity to obtain information about a subscriber to a provider of electronic communications service (such as AOL) except pursuant to lawful process, such as a search warrant. Similarly, the provider of such communications service is generally forbidden to provide information about a subscriber to the government except pursuant to such lawful process.

**ORAL ARGUMENT REQUESTED**

As set forth in plaintiff's accompanying memorandum of law and Local Rule 9(c)(1) statement of undisputed facts, defendants The Town of Fairfield, William Young and David Bensey have admitted in their Answer to the Complaint that the search warrant they presented to AOL, seeking information about the plaintiff, had never been presented to a judge for approval. Therefore, it was invalid as a matter of law. Similarly, AOL has admitted in the parties' Rule 26(f) Planning Report that the warrant it received did not bear a judicial signature. *Given this obvious, facial defect in the search warrant*, all of the defendants are liable for violating § 2703(c) of the ECPA.

WHEREFORE, the plaintiff demands partial judgment, on the issue of liability under Counts I, X and XI, against the defendants.

        THE PLAINTIFF
        CLIFTON S. FREEDMAN

By: _____
    Daniel J. Klau (ct17957)
    H. James Pickerstein (ct05094)
    Calvin K. Woo (ct24951)
    Pepe & Hazard LLP
    Goodwin Square
    225 Asylum Street
    Hartford, CT  06103-4302
    Phone:  (860) 522-5175
    Fax:  (860) 522-2796
    dklau@pepehazard.com
    hpickerstein@pepehazard.com
    cwoo@pepehazard.com

    Robert Y. Altchiler (ct24247)
    The Law Offices of Robert Y. Altchiler
    191 Post Road West
    Westport, CT 06880

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent by first class mail, postage prepaid, this 18th day of November, 2003 to the following:

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT 06507

Samir Jain
C. Colin Rushing
2445 M Street, N.W.
Washington, DC  20037

Thomas Murtha, Esq.
Mark Perkins, Esq.
Maher & Murtha, LLC
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT  06601

_____
Daniel J. Klau

/32442/2/53931v1
11/06/03-SPT/

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 3:03CV1048 (PCD) |
| v. ) | |
| ) | |
| AMERICA ONLINE, INC., THE TOWN OF ) | |
| FAIRFIELD, DETECTIVE WILLIAM YOUNG ) | |
| AND DETECTIVE DAVID BENSEY ) | |
| (Individually and in their official capacities as ) | |
| police officers for the Town of Fairfield), ) | |
| ) | |
| Defendants. ) | November 18, 2003 |

### LOCAL RULE 9(C)1 STATEMENT

In support of its Motion for Partial Judgment on the Pleadings and/or Partial Summary Judgment, Plaintiff submits this statement of undisputed facts pursuant to Local Rule 9(c)(1):

1. On or about April 1, 2003, defendants Young and Bensey jointly executed a State of Connecticut Superior Court Search and Seizure Warrant Application. *See* Rule 26(f) Report at p.6, ¶6, annexed hereto as Exhibit ("Ex.") A. The warrant application does not bear a judicial signature and was never submitted to a judge for approval. *See* Ex. A at p.7, ¶ 8; Fairfield Defendants' Answer to the Complaint at 2, ¶17. They sent the warrant application to AOL via facsimile. *See* Ex. A at 6, ¶6.

2. On April 7, 2003 AOL responded to the warrant application by faxing Mr. Freedman's subscriber information to defendants Young and Bensey. *See* Ex. A at p.7, ¶10. This information included Mr. Freedman's name, address, phone numbers, account status,

1

membership information, software information, billing and account information, and his other screen names. *Id.* (referencing Exhibit C to Plaintiff's Complaint).

3. During these aforementioned actions, defendants Young and Bensey were police officers acting in their official capacities in the performance of their duties, within the scope of their employment as police officers of the Town of Fairfield. *See* Ex. A at pp.5-6, ¶¶2-3

> THE PLAINTIFF
> CLIFTON S. FREEDMAN
>
> By: /s/ Daniel J. Klau
> Daniel J. Klau (ct17957)
> H. James Pickerstein (ct05094)
> Calvin K. Woo (ct24951)
> Pepe & Hazard LLP
> Goodwin Square
> 225 Asylum Street
> Hartford, CT 06103-4302
> Phone: (860) 522-5175
> Fax: (860) 522-2796
> dklau@pepehazard.com
> hpickerstein@pepehazard.com
> cwoo@pepehazard.com
>
> Robert Y. Altchiler (ct24247)
> The Law Offices of Robert Y. Altchiler
> 191 Post Road West
> Westport, CT 06880

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN,<br>    Plaintiff<br><br>v.<br><br>AMERICA ONLINE, INC., THE TOWN<br>OF FAIRFIELD, DETECTIVE WILLIAM<br>YOUNG AND DETECTIVE DAVID<br>BENSEY (Individually and in their official<br>capacities as police officers for the Town of<br>Fairfield),<br><br>    Defendants | Civil Action No. 3:03CV1048 (PCD)<br><br><br><br><br>OCTOBER 30, 2003 |

## REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**           June 12, 2003

**Date Complaint Served:**          June 12, 2003

**Date of Defendant's Appearance:**  August 8, 2003
                                    For defendant America Online, Inc.

                                    July 8, 2003
                                    For defendants Town of Fairfield, Detective
                                    William Young, and Detective David Bensey

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, the parties conferred by telephone on September 16, 2003. The participants were:

Daniel J. Klau
H. James Pickerstein
Calvin K. Woo
Pepe & Hazard LLP
For Plaintiff, Clifton S. Freedman

Rowena A. Moffett
Brenner, Saltzman & Wallman, LLP
For Defendant, America Online, Inc.

Samir Jain
Wilmer, Cutler & Pickering
For Defendant, America Online, Inc.

Mark Perkins
Maher & Murtha, LLC
For Defendants, Town of Fairfield, Detective
William Young, and Detective David Bensey

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Subject matter jurisdiction is predicated upon 28 U.S.C. § 1331 in that this case arrives under the Constitution and law of the United States, including 42 U.S.C. § 1983 and 1985. This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367. Defendants reserve their right to challenge subject matter jurisdiction.

### B. Personal Jurisdiction

Personal jurisdiction over defendant America Online, Inc. ("AOL") is premised on allegations that the claims against AOL arise from AOL's conducting business in the State of Connecticut. This Court has personal jurisdiction over the Defendant Town of Fairfield ("Fairfield") as it is a municipality as defined in Title 7 of the Connecticut General Statutes in the County of Fairfield, State of Connecticut and because it has filed its appearance in this

2

matter. The Court has personal jurisdiction over Defendants Detective William Young ("Young") and Detective David Bensey ("Bensey") because their principal place of employment is the Fairfield Police Department in the Town of Fairfield, State of Connecticut, and because they have filed appearances in this matter. AOL has moved to dismiss the case as to it on the grounds that a forum selection clause required plaintiff to bring this suit in Virginia.

### III. Brief Description of Case

#### A. Claims of Plaintiff, Clifton S. Freedman

This is an action for damages arising of the defendants' unlawful acquisition and disclosure of the identity of the plaintiff, who had engaged in legally protected anonymous political speech using a screen name on an e-mail he sent through the defendant AOL internet service. Defendant AOL unlawfully disclosed his identity to the Defendant Town of Fairfield police department in response to a patently defective search warrant application, which had never been presented to a judge, and which had been prepared by Defendants Detective Young and Detective Bensey. In so doing, the Defendants have committed the following acts:

- Defendants AOL, Young and Bensey have violated the Electronic Communication Privacy Act, 18 U.S.C. § 2701 et. seq..

- Defendant AOL has breached its contract and violated the Connecticut Unfair Trade Practices Act.

- Defendants Young and Bensey have additionally violated the First and Fourth Amendments of the United States Constitution, Article First, Sections 4 and 7 of the Constitution of the State of Connecticut, and have invaded the privacy of the

3

plaintiff.

- Defendant Fairfield has violated the First and Fourth Amendments of the United States Constitution, and is liable to the Plaintiff under the theory of indemnification pursuant to Connecticut General Statute § 7-465 and under the doctrine of respondent superior of defendants Young and Bensey.

As a result of the defendants' acts, the plaintiff has suffered great damage to his reputation and standing in the community, mental anguish and distress, and damage to his ability to earn a livelihood.

**B.    Defenses and Claims Of Defendants**

1. **AOL:**

AOL has not yet answered the complaint, and specifically reserves the right to deny any allegations of the complaint, assert affirmative defenses, allege claims against any of the parties or third parties, and otherwise respond to the complaint as provided by the Federal Rules of Civil Procedure, even if such denials, defenses, or claims are not set forth herein.

In addition to its motion to dismiss the case pursuant to the forum selection clause in the plaintiff's contract with AOL, AOL anticipates that its defenses may include but are not limited to the following: Plaintiff has failed to state a claim and cannot prove the elements of his claims. The disclosure at issue did not violate state or federal law because AOL's disclosure of the information was authorized by law and/or consented to in advance by the plaintiff. In addition, disclosure in any event would not constitute a breach of the plaintiff's contract with AOL. The Connecticut Unfair Trade Practices Act is not applicable due to the choice of law clause in the plaintiff's contract with AOL and the disclosure is not otherwise tortious. AOL anticipates that it will maintain a variety of defenses related to the damages that the plaintiff

4

seeks from AOL, including in particular that any such damages are not recoverable from AOL, were not proximately caused by AOL, are not recoverable as a matter of law, and that plaintiff has failed to mitigate his damages.

### 2. Defendant's Fairfield, Young, and Bensey:

The defendants Young and Bensey are protected from liability pursuant to the doctrine of qualified governmental immunity.

## IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts not in dispute. Plaintiff, Clifton S. Freedman, and Defendants, Town of Fairfield, Detective William Young, and Detective David Bensey, and AOL state that the following material facts are undisputed:[1]

1. Defendant Town of Fairfield ("Fairfield") is a municipality as defined in Title 7 of the Connecticut General Statutes in the County of Fairfield, State of Connecticut.

2. Defendant Detective William Young is an individual whose principal place of employment is the Fairfield Police Department, located at 100 Reef Road, Fairfield, CT 06824. At all times relevant to the plaintiff's complaint, Young was a Fairfield police officer, holding the position of Detective, and was acting in his official capacity in the performance of his duties within the scope of his employment as a police officer of the Town of Fairfield, and was acting under color of state law, to wit, under color of the constitution, statutes, laws, charter, ordinances, rules, regulations, customs, and usages of the United States and the State of Connecticut.

5

3.  Defendant Detective David Bensey is an individual whose principal place of employment is the Fairfield Police Department, located at 100 Reef Road, Fairfield, CT 06824. At all times relevant to the plaintiff's complaint, Bensey was a police officer for the Town of Fairfield, holding the position of Detective, and was acting in his official capacity in the performance of his duties within the scope of his employment as a police officer of the Town of Fairfield, and was acting under color of state law, to wit, under color of the constitution, statutes, laws, charter, ordinances, rules, regulations, customs, and usages of the United States and the State of Connecticut.

4.  On or about April 1, 2003, Sandy Mulligan and Deedee Brandt filed a case/incident report with the Fairfield Police Department based upon their receipt of the plaintiff's e-mail. They claimed that they had received a harassing and/or obscene electronic message on their computers on March 31, 2003, and they asked the Police to investigate the incident.

5.  At all times relevant to the plaintiff's complaint, Mary Carol Mirylees was a Fairfield Police Commissioner.

6.  On or about April 1, 2003, defendants Detective William Young and Detective David Bensey jointly executed a State of Connecticut Superior Court Search and Seizure Warrant Application and electronically transmitted via facsimile the warrant application to defendant AOL.

---

[1] AOL lacks information to confirm facts known only to plaintiff and other co-defendants (specifically facts 1-6 and 11) and accordingly agrees only that facts 7-10 are undisputed and reserves the right to dispute any of the other listed facts as appropriate.

6

7.  The warrant application indicated that the user of the screen name GoMaryGoAway@aol.com had sent "an alarming electronic mail message" to Sandra Mulligan bearing the subject heading, "The End is Near." The warrant application also indicated that Sandra Mulligan was "concerned for her safety." The warrant application sought the disclosure by defendant AOL of "[s]ubscriber information in the form of records, detailed billing information, screen names, applications for service, and date service provided pertaining to screen name GOMARYGOAWAY" in order to "aid the investigation to identify the person(s) responsible for the harassing and alarming message."

8.  The warrant application referred to in material fact "6" does not bear a judicial signature.

9.  Defendant AOL receives warrants from law enforcement agencies from different jurisdictions that require defendant AOL's compliance. The responsibilities of Defendant AOL's legal department include, among other things, compliance with warrants, subpoenas, and other process used by law enforcement to obtain subscriber information.

10. On April 7, 2003, Defendant AOL faxed to Defendant Detective William Young and Detective David Bensey certain subscriber information concerning the plaintiff as set forth in Exhibit "C" of plaintiff's complaint.

11. Defendant Town of Fairfield made Mr. Freedman's identity available in a police report.

## V.  Case Management Plan

### A.  Standing Order on Scheduling in Civil Cases

The Parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

7

Discovery shall be completed by March 31, 2004. All motions for summary judgment shall be filed by May 1, 2004.

**B.  Scheduling Conference With the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.  Early Settlement Conference**

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.  The parties do not request an early settlement conference.

3.  The parties prefer a settlement conference with the presiding judge, or alternatively, with the magistrate judge.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

**D.  Joinder of Parties and Amendment of Pleadings**

1.  Plaintiff will not be filing motions to join additional parties or to amend the pleadings.

2.  Defendants do not anticipate filing motions to join additional parties. Defendants have filed their initial responses to the complaint.

**E.  Discovery**

1.  The parties anticipate that discovery will be sought on the subjects below. All parties reserve the right to object on relevance, burden, confidentiality, or any other grounds to any discovery that is propounded, including discovery described herein, and to seek discovery

8

on additional topics not listed below. The parties intend to negotiate in good faith with respect to the terms of a protective order governing discovery of any confidential documents or information.

 (a) Service of interrogatories, requests for document production, and/or requests for admissions on subject areas that include, but are not limited to:

  (i) The practices and procedures of the police department of defendant Town of Fairfield for preparing, executing, and sending warrant applications;

  (ii) Any training or education provided by and required by defendant Town of Fairfield and its police department for its police officers, especially as it pertains to the preparation, execution, and sending of warrant applications.

  (iii) The practices and procedures of defendant AOL in receiving and responding to warrant applications, subpoenas, and similar requests for subscriber information by law enforcement.

  (iv) All individuals and/or parties that are employees and/or agents of defendant AOL who were responsible for responding to the warrant application referred to in plaintiff's complaint, and their specific responsibilities and duties in doing so.

  (v) All individuals and/or parties that are employees and/or agents of defendant Town of Fairfield who were responsible for preparing, executing, and sending the warrant application referred to in plaintiff's complaint, and their specific responsibilities and duties in doing so.

  (vi) All documentation and correspondence prepared by defendant AOL pursuant to its response to the warrant application referred to in plaintiff's complaint.

  (vii) All documentation and correspondence prepared by defendants Town of Fairfield, detective William Young,

        and detective David Bensey pursuant to their preparation, execution, and sending of the warrant application referred to in plaintiff's complaint.

    (viii)    The alleged damages suffered by Plaintiff Freedman and any actions taken to mitigate those damages.

    (ix)    The origin and circumstances of the e-mail(s) referred to in the warrant application, including, but not limited to, the relationship between Plaintiff and Mulligan and Brandt.

    (x)    All communications between and among any and all of Plaintiff Freedman, Mulligan, Brandt, Young, and Bensey that relate in any way to the circumstances referred to in the Complaint and/or warrant application.

    (xi)    Plaintiff Freedman's reputation.

(b)    Based on current information, depositions of the following fact witnesses:

    (i)    Representative of defendant AOL who is knowledgeable of and/or oversees defendant AOL's procedures for handling and responding to subpoenas, warrants, and other requests for subscriber information by law enforcement on or about April 1, 2003;

    (ii)    Jen Sheridan, Fraud Investigator, Compliance and Investigations, America Online Legal Department;

    (iii)    Carrie Davis, Senior Paralegal of defendant AOL;

    (iv)    Defendant Detective William Young;

    (v)    Defendant Detective David Bensey;

    (vi)    Supervising Officer of defendants Detective William Young and Detective David Bensey of the Police Department for the defendant Town of Fairfield on or about April 1, 2003;

    (vii)    Plaintiff Clifton S. Freedman;

    (viii)    Non-party witness Sandy Mulligan; and

/32442/2/53502v1
10/30/03-SPT/

    (ix) Non-party witness Deedee Brandt.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced after the entry of a scheduling order by the Court pursuant to Fed. R. Civ. P. 16(b) and completed by March 31, 2004.

3. Discovery will not be conducted in phases.

4. Because discovery will not be conducted in phases, there is no completion date required for early discovery.

5. The parties anticipate that they will take depositions of eleven (11) fact witnesses. The parties anticipate that several of the witnesses will be deposed by one or more of the parties. The depositions will commence after the entry of a scheduling order by this Court pursuant to Fed. R. Civ. P. 16(b) and be completed by March 31, 2004.

6. The parties will not request permission to serve more than twenty-five (25) interrogatories.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 31, 2003. Depositions of any such experts will be completed by January 31, 2004.

8. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 28, 2004. Depositions of such experts will be completed by March 31, 2004.

/32442/2/53502v1
10/30/03-SPT/

9.  A damages analysis will be provided by any party who has a claim or counterclaim for damages no later than January 15, 2004, unless said damages analysis is a part of a party's expert witness report, in which case it will be provided in accordance with the deadlines set forth above.

F.  **Dispositive Motions**

Dispositive motions will be filed on or before May 1, 2004.

G.  **Joint Trial Memorandum**

Unless a dispositive motion is pending, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by June 1, 2004.

12

**VI.    Trial Readiness**

Unless a dispositive motion is pending, the case will be ready for trial by June 1, 2004.

PLAINTIFF, CLIFTON S. FREEDMAN

By _____[signature]_____                                    Dated:  October 29, 2003
Daniel J. Klau
Federal Bar No. ct17957
H. James Pickerstein
Federal Bar No. ct05094
Calvin K. Woo
Federal Bar No. ct24951
Pepe & Hazard LLP
Goodwin Square, 225 Asylum St.
Hartford, CT  06103-4302
Fax:  (860) 522-2796
dklau@pepehazard.com
jpickerstein@pepehazard.com
cwoo@pepehazard.com

Robert Y. Altchiler
Federal Bar No. ct24247
The Law Offices of Robert Y. Altchiler
590 Madison Avenue
New York, NY  10022
(212) 541-2422

DEFENDANT, AMERICA ONLINE, INC.

By _____[signature]_____                                    Dated: October 23, 2003
David R. Schaefer
Fed. Bar No. ct04334
Rowena A. Moffett
Fed. Bar No. ct19811
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT  06511
Tel. No. (203) 772-2600

Samir Jain (Pro Hac Vice)
Federal Bar No. ct25048
C. Colin Rushing (Pro Hac Vice)
Federal Bar No. ct25049
2445 M Street, N.W.
Washington, DC  20037
Tel. No. (202) 663-6805

**DEFENDANTS, TOWN OF FAIRFIELD, DETECTIVES WILLIAM YOUNG AND DAVID BENSEY**

By _____          Dated: October 29, 2003
      Mark Perkins
      Fed. Bar No. CT22419
      Maher & Murtha, LLC
      528 Clinton Avenue
      P.O. Box 901
      Bridgeport, CT  06601
      Tel. No. (203) 367-2700

/32442/2/53502v1
10/22/03-SPT/