UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN,<br>Plaintiff, | : <br> : <br> : |
| V. | :    CIVIL ACTION <br> :    NO. 3:03 CV1048(PCD) |
| AMERICA ONLINE, INC, ET AL,<br>Defendants, | : <br> :    DECEMBER 30, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### FACTS:

Detective William Young (hereinafter referred to as "Young,") is a Police Officer with the Fairfield Police Department. (Young Aff. ¶3.) With regard to the allegations contained in the Complaint, at all times Young was acting within his official capacity as a Detective with the Fairfield Police Department. Detective David Bensey (hereinafter referred to as "Bensey,") is a police officer with the Fairfield Police Department. (Bensey Aff. ¶3.)

On March 31, 2003, the plaintiff sent an e-mail to Sandra Mulligan (hereinafter referred to as "Mulligan,") and Dee Dee Brandt (hereinafter referred to as "Brandt"). (Compl. ¶12.) The e-mail was sent under the AOL screen name GoMaryGoAway@aol.com and stated "The End is Near." (Compl. ¶12) The e-

        request for said information accompanied by an application for a

        search and seizure warrant. (Young Aff. at ¶¶ 22, 26, 28.)

2.    Whether Defendant Bensey violated 18 U.S.C. §2703(c) by witnessing

        Defendant Young's signature on the Application for Search and

        Seizure Warrant referred to in the complaint. (Young Aff. at ¶¶42,43.)

        (Bensey Aff. at ¶10-12.)

mail did not identify the plaintiff as the originator of the e-mail. (Young Aff. ¶10.) On March 31, 2003, Mulligan contacted the Fairfield Police Department and filed a complaint based upon the receipt of the subject e-mail. (Young Aff. ¶9.) Young was assigned to investigate the complaints filed by Mulligan. (Young Aff. ¶11.)

On April 1, 2003, Young met with Mulligan. (Young Aff. ¶12.) Mulligan advised Young that Brandt had received the same e-mail. (Young Aff. ¶14.) On April 1, 2003, Young met with Brandt. (Young Aff. ¶15.) Mulligan and Brandt expressed concern for their personal safety, as they did not know who sent the e-mail or what it meant. (Young Aff. ¶14, 16.) Each woman signed an Internet/Computer Harassment Statement Form indicating they had received a harassing and/or obscene electronic mail message on their computers. (Young Aff. ¶18.) On April 1, 2003, Young contacted America Online's Law Enforcement Help-line regarding his investigation of Mulligan and Brandt's complaints. (Young Aff. ¶20.) On April 1, 2003, Young completed form JD-CR-61, an Affidavit and Application for Search and Seizure Warrant (hereinafter referred to as the "Application."). The Application detailed the facts of his investigation as set forth by Mulligan and Brandt. (Young Aff. ¶25.) On April 1, 2003, Bensey witnessed Young's signature on the Affidavit and Application for Search an Seizure Warrant. (Young Aff. ¶43.) (Bensey Aff. ¶12.) Young did not submit the Application to the Connecticut State Attorney's office nor did he

submit the Application to a judge. (Young Aff. ¶24.) On April 1, 2003, Young faxed a copy of the Application to America Online's Legal Department. (Young Aff. ¶30.)

On April 7, 2003, Young received a seven-page fax from Jen Sheridan, a Fraud Investigator with the Compliance and Investigations Department of America Online Legal Department. (Young Aff. ¶32.) Upon reviewing the information received from America Online, Young advised Mulligan and Brandt that the e-mail had been sent by Clifton Freedman. (Young Aff. ¶36.) Mulligan and Brandt requested Young advise Freedman not to send e-mails in a surreptitious manner. (Young Aff. ¶37.) On April 10, 2003, Young met with Freedman at his residence. (Young Aff. ¶38.) Freedman admitted to sending the e-mail, but stated he sent it as a harmless joke to his political colleagues. (Young Aff. ¶¶39, 40.)

On or about June 12, 2003, the plaintiff filed the instant action against Young, Bensey, the Town of Fairfield, and America Online. The plaintiff now moves this Court to enter partial summary judgment against the Fairfield defendants for an alleged violation of 18 U.S.C. §2703(c). Specifically, the motion argues: "the Fairfield defendants violated §2703(c) by soliciting the disclosure of Mr. Freedman's AOL subscriber information pursuant to an invalid

3

This is to certify that a copy of the foregoing was sent on this 30th day of December, 2003 to:

Daniel J. Klau, Esq.
H. James Pickerstein, Esq.
Calvin K. Wood, Esq.
Pepe & Hazard, LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103-4302

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT 06507

Samir Jain, Esq.
C. Colin Rushing, Esq.
2445 M Street, N.W.
Washington, DC 20037

Robert Y. Altschiler, Esq.
590 Madison Avenue
New York, NY 10022

BY _____
Mark A. Perkins

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN,<br>Plaintiff,<br><br>V.<br><br>AMERICA ONLINE, INC, ET AL,<br>Defendants, | :<br>:<br>:<br>:  CIVIL ACTION<br>:  NO. 3:03 CV1048(PCD)<br>:<br>:  DECEMBER 30, 2003 |

## DEFENDANTS' OBJECTION TO
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The undersigned defendants hereby object to the plaintiff's Motion for Judgment On The Pleadings And/Or Partial Summary Judgment. Specifically, the defendants assert there are genuine issues of material fact in dispute as to whether they violated 18 U.S.C. §2703(c).

The defendants attach hereto a Memorandum of Law and Affidavits all in support of their Objection to the plaintiff's motion. For reasons set forth more completely therein, the defendants respectfully request this Court sustain their Objection.

THE DEFENDANTS, The Town of Fairfield,
Detective William Young and
Detective David Bensey

BY _____
Mark A. Perkins
Maher and Murtha, LLC
528 Clinton Avenue - P.O. Box 901
Bridgeport, CT 06601-0901
Phone (203) 367-2700
Fed Bar #CT-22419

This is to certify that a copy of the foregoing was sent on this 30th day of December, 2003 to:

Daniel J. Klau, Esq.
H. James Pickerstein, Esq.
Calvin K. Wood, Esq.
Pepe & Hazard, LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103-4302

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT 06507

Samir Jain, Esq.
C. Colin Rushing, Esq.
2445 M Street, N.W.
Washington, DC 20037

Robert Y. Altschiler, Esq.
590 Madison Avenue
New York, NY 10022

BY _____
Mark A. Perkins

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLIFTON S. FREEDMAN,                :
    Plaintiff,                            :
                                            :
V.                                  :        CIVIL ACTION
                                     :        NO. 3:03 CV1048(PCD)
AMERICA ONLINE, INC, ET AL,         :
    Defendants,                        :        DECEMBER 30, 2003

### DEFENDANTS' 9(c)2 STATEMENT

I. **Defendants' Response To Plaintiff's 9(c)1 Statement:**

    1. The undersigned defendants admit paragraph one of the plaintiff's 9(c)1 statement of facts to the extent that defendant Young completed the Warrant Application and Defendant Bensey witnessed his signature on the document. The defendants admit the remainder of paragraph one.

    2. The undersigned defendants admit paragraph two of the plaintiff's 9(c)1 statement of facts to the extent that the subscriber information was faxed to defendant Young. The defendants admit the remainder of paragraph two.

    3. The undersigned defendants admit paragraph three.

II. **Material Issues Of Fact In Dispute:**

    1. Whether Defendant Young "required" the defendant AOL to provide him with the plaintiff's subscriber information when he submitted a

search warrant." (Plaintiff's Mem. of Law p. 7.) For the reasons set forth below, the defendants respectfully object to the plaintiff's motion.

**LAW:**

The party moving for summary judgment has the burden of establishing that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). See also Anderson v. Liberty Lobby, 477 U.S. 242, 256 (1986). In considering a Rule 56 motion, the court's responsibility is not to resolve disputed issues of fact but rather to assess whether there are, or are not, any factual issues to be tried while resolving all ambiguities and drawing all reasonable inferences against the moving party. See Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). If the nonmoving party submits evidence which is "merely colorable" or is not "significantly probative," summary judgment may be granted. Anderson, 477 U.S. at 249-50.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;

4

the requirement is that there be no genuine issue of material fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

## ARGUMENT:

### A. THE DEFENDANT DID NOT VIOLATE 18 U.S.C. §2703(C) BY REQUESTING AMERICA ONLINE TO DISCLOSE THE PLAINTIFF'S SUBSCRIBER INFORMATION.

The undersigned defendants hereby object to the plaintiff's motion and assert that there are genuine issues of material fact in dispute as to whether the defendants "required" America Online to disclose the plaintiff's subscriber information as contemplated by 18 U.S.C. §2703(c).[1] 18 U.S.C. §2703(c) provides in part:

> (1) A governmental entity **may require** a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity — (A) obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant; (B) obtains a court order for such disclosure under subsection (d) of this section; (C) has the consent of the subscriber or customer to such disclosure; or (D)

---

[1] The plaintiff's Motion For Summary Judgment fails to cite cases in support of its conclusion that the municipal defendants violated 18 U.S.C. §2703(c).

5

submits a formal written request relevant to a law enforcement investigation concerning telemarketing fraud for the name, address, and place of business of a subscriber or customer of such provider, which subscriber or customer is engaged in telemarketing (as such term is defined in section 2325 of this title); or (E) seeks information under paragraph (2). (Emphasis added.)

The defendants did not "require" America Online to disclose the plaintiff's subscriber information. "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." Perrin v. United States, 444 U.S. 37, 42 (1979). The words "may" and "require" are not defined in 18 U.S.C. §2701, et seq. The Supreme Court has held with regard to statutory interpretation that: "[we] start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used." Richards v. United States, 369 U.S. 1, 9 (1962). Merriam-Webster's dictionary defines "may" in relevant part as "have permission to . . . to be in some degree likely to." Merriam-Webster's Collegiate Dictionary.-10th Ed. Furthermore, Merriam-Webster's dictionary defines "require" in relevant part as: "to claim or ask for by right and authority . . . to impose a compulsion or command on . . ." Merriam-Webster's Collegiate Dictionary.-10th Ed. Had Congress intended to restrict government entities from requesting non-content subscriber information from a provider such as America Online, they would have done so expressly by adopting language, such as "must" or "shall."

6

In the instant case, the defendant Young merely requested the plaintiff's subscriber information from America Online's Legal Department. On April 1, 2003, Young phoned America Online's Law Enforcement Help-line. (Young Aff. ¶20.)[2] During this conversation, he advised the representative he spoke with that he was investigating a potentially threatening e-mail received by two individuals. (Young Aff. ¶21.) Young was advised to fax a request setting forth the facts of his investigation to America Online's Legal Department. (Young Aff. ¶22.) It was not Young's intent to require America Online to disclose the plaintiff's subscriber information. (Young Aff. ¶26, 28.) It was his intent to request that America Online voluntarily release the information. (Young Aff. ¶26.) Further, it was his understanding based upon his conversation with America Online's Helpline that the subscriber information would be disclosed if he faxed the requested information to America Online's Legal Department. (Young Aff. ¶23.)

At no time did Young represent to America Online that the Application submitted was, in fact, an executed Search and Seizure Warrant. Young utilized the Application for a Search and Seizure Warrant because it allowed him a clear and concise format to set forth the facts of the investigation in an affidavit format. (Young Aff. ¶25, 29.) It is clear from a casual review of the Application that it was not signed nor submitted to a judge prior to being faxed to America Online. At

---

[2] Detective Young does not have the name of the woman he spoke with during this conversation.

7

no time after Young faxed his request to America Online's Legal Department did America Online contact him to advise him that they could not release the requested information without a court order or warrant. (Young Aff. ¶35.) As America Online had a legal department that had been established in part to respond to requests for subscriber information from the police and other government agencies, there are genuine issues of material fact as to whether they felt they were compelled to disclose the plaintiff's subscriber information in response to the Application submitted by Young.

Furthermore, while 18 U.S.C. § 2703(c) sets forth how a governmental entity may require a provider of electronic communication services or remote computing services to disclose non-content, subscriber information, it does not specifically prohibit a government entity from requesting such information. To interpret 18 U.S.C. § 2703(c) as prohibiting a request from a governmental entity for subscriber information would result in limiting or nullifying other sections of 18 U.S.C. §2701, et seq. Specifically, 18 U.S.C. § 2702(c), which provides in relevant part:

> A provider described in subsection (a) may divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by subsection (a)(1) or (a)(2)) . . . (4) to a governmental entity, if the provider reasonably believes that an emergency involving immediate danger of death or serious physical injury to any person justifies disclosure of the information . . .

8