The defendants were unable to locate any cases interpreting the scope and application of this exception. However, it is clear from the language of the statute that the provider may voluntarily disclose subscriber information to a governmental entity under certain circumstances. If the legislature intended to limit the source by which a provider received information that an emergency involving immediate danger of death or serious physical injury to any person existed to circumstances where the provider inadvertently obtains the information or obtains the information through a non-governmental source, it could have adopted language as it did in 18 U.S.C. § 2702(b)(6)(A)(i-ii).[3] For policy reasons, this court should not limit the sources from which a provider may obtain information that an emergency, such as those contemplated by 18 U.S.C. § 2702(c), exists to non-governmental entities.

Finally, there is a genuine issue of material fact in dispute as to whether Bensey violated 18 U.S.C. § 2703(c). The plaintiff's Motion for Partial Summary Judgment states in part: "Defendants, the Town of Fairfield and Detectives Bensey and Young (Collectively "the Fairfield defendants") violated §2703(c)

---

[3] 18 U.S.C. § 2702(b) provides in relevant part: A provider described in subsection (a) may divulge the contents of a communication . . . (6) to a law enforcement agency (A) if the contents (i) were inadvertently obtained by the service provider; and (ii) appear to pertain to the commission of a crime . . . .

9

when they sent an unsigned search warrant application that had never been presented to a judge to defendant America Online, Inc." Bensey's involvement in the investigation into the complaints filed by Mulligan and Brandt was limited to witnessing Young's signature on the Application. (Young Aff. ¶43.) (Bensey Aff. ¶11, 12.) Bensey did not participate in the investigation of the complaints filed by Mulligan and Brandt. (Young Aff. ¶42.) (Bensey Aff. ¶10.) Bensey did not communicate with America Online regarding Young's request for the plaintiff's subscriber information. (Young Aff. ¶43.) (Bensey Aff. ¶10.) There are genuine issues of material fact in dispute as to whether Bensey's act of witnessing Young's signature makes him culpable for a violation of 18 U.S.C. § 2703(c). As the challenged motion seeks to assign liability against the Fairfield defendants collectively, it must be denied if there is a genuine issue of fact as to whether one of these defendants did not violate the statute.

**B.     THERE IS A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE AS TO WHETHER AMERICA ONLINE PRODUCED THE PLAINTIFF'S SUBSCRIBER INFORMATION PURSUANT TO THE EXCEPTION FOR DISCLOSURE OF CUSTOMER RECORDS SET FORTH IN 18 U.S.C. § 2702(c)(4).**

Title II of the Electronic Communications Privacy Act ("ECPA") created the Stored Communications Act ("SCA"). The SCA generally prohibits an entity

providing an electronic communication service to the public from disclosing information absent an **applicable exception**. (Emphasis Added.) See U.S. v. Steiger, 318 F.3d 1039 (11th Cir. 2003). As discussed above, 18 U.S.C. §2702(c)(4) sets for an exception authorizing a provider of electronic communication to disclose non-content information when it reasonably believes an emergency involving immediate danger of death or serious physical injury to any person exists.

In the instant case, America Online may have reasonably believed that Mulligan and Brandt faced an emergency situation involving immediate danger of death or serious physical injury as contemplated by 18 U.S.C. § 2702(c)(4). Mulligan and Brandt filed complaints with the Fairfield Police Department. (Young Aff. ¶10-18.) They each expressed concern for their personal safety in response to the e-mail they received from the plaintiff. (Young Aff. ¶14, 16.) As indicated above, the e-mail read "The End Is Near." It is a question of fact as to whether this statement could reasonably be construed as a threat of significant physical harm or death. While America Online took approximately six days to respond to Young's request, there remain genuine issues of fact in dispute as to whether America Online voluntarily disclosed the plaintiff's subscriber information pursuant to the exception set forth in 18 U.S.C. §2702(c)(4).

C. **THERE EXHISTS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER AMERICA ONLINE OBTAINED CONSENT TO RELEASE THE PLAINTIFF'S SUBSCRIBER INFORMATION PURSUANT TO 18 U.S.C. § 2703(c)(1)(C).**

Alternatively, this Court should deny the plaintiff's motion for summary judgment on the basis that a genuine issue of material fact exists as to whether America Online had obtained the plaintiff's consent to release his subscriber information. 18 U.S.C. § 2703(c)(1)(C) provides in relevant part that:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity . . . has the consent of the subscriber or customer to such disclosure . . .

In the instant case, America Online produced the records in question via a fax sent to Young on April 7, 2003. The cover sheet of this fax reads, in part: "Enclosed please find the records which, consistent with the Electronic Communications Privacy Act, 18 U.S.C. (c)(1)(C) (as amended), respond to your request regarding your file # 03-8524." (See Exhibit C, attached to Complaint, see also Exhibit C attached to Young Aff.) While the undersigned defendants did not have the plaintiff's consent at the time Young submitted his request to America Online, there remains a genuine issue of material fact as to whether America Online obtained consent from the plaintiff prior to releasing his

12

subscriber information. As there remains a genuine issue of material fact in dispute as to whether America Online obtained the plaintiff's consent to disclose his subscriber information as reflected on Exhibit C, the plaintiff's Motion for Summary Judgment should be denied.

**CONCLUSION:**

For the reasons set forth above, this court should sustain the defendants' Objection to the plaintiff's Motion for Judgment On The Pleadings Or Partial Summary Judgment.

**THE DEFENDANTS, The Town of Fairfield,
Detective William Young and
Detective David Bensey**

BY _____
Mark A. Perkins
Maher and Murtha, LLC
528 Clinton Avenue - P.O. Box 901
Bridgeport, CT 06601-0901
Phone (203) 367-2700
Fed Bar #CT-22419

This is to certify that a copy of the foregoing was sent on this 30th day of December, 2003 to:

Daniel J. Klau, Esq.
H. James Pickerstein, Esq.
Calvin K. Wood, Esq.
Pepe & Hazard, LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103-4302

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT 06507

Samir Jain, Esq.
C. Colin Rushing, Esq.
2445 M Street, N.W.
Washington, DC 20037

Robert Y. Altschiler, Esq.
590 Madison Avenue
New York, NY 10022

BY _____
Mark A. Perkins

14

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN,<br>Plaintiff,<br><br>V.<br><br>AMERICA ONLINE, INC, ET AL<br>Defendants, | :<br>:<br>:<br>:   CIVIL ACTION NO.<br>:   3:03 CV1048(PCD)<br>:<br>:   December 26, 2003 |

### AFFIDAVIT

I, David Bensey, being duly sworn, depose and state:

1. I am over eighteen (18) years of age and understand the obligation of an oath;

2. The information contained herein is based upon my personal knowledge.

3. I am employed as a Police Detective with the Fairfield, Connecticut, Police Department.

4. I have been employed with the Fairfield, Connecticut, Police Department for 23 years.

5. On March 31, 2003, Sandra Mulligan contacted the Fairfield, Connecticut, Police Department concerning an e-mail she had received.

6. The e-mail received by Sandra Mulligan stated, "The End is Near", and was sent from a person unknown to her, using the screen name GoMaryGoAway@AOL.com.

7. Sandra Mulligan expressed concern for her personal safety, not fully understanding the context of the message.

8. Exhibit A attached hereto is a true and accurate copy of the police report.

9. Detective William Young was the investigating detective with regard to the complaints filed by Dee Dee Brandt and Sandra Mulligan.

10. I was not involved in the actual investigation of the complaints filed by Dee Dee Brandt and Sandra Mulligan.

11. Detective Young asked me to witness his signature on the Application for a Search and Seizure Warrant.

12. I signed the Application for a Search and Seizure Warrant as a witness to Detective Young's signature.

_____
DAVID BENSEY

STATE OF CONNECTICUT      )
                          )      SS:    Bridgeport      , CT
COUNTY OF FAIRFIELD       )

    Subscribed and sworn to before me this 26 day of December, 2003.

                                                _____
                                                Notary Public/
                                                My Commission Expires:

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLIFTON S. FREEDMAN,
Plaintiff,

V.

AMERICA ONLINE, INC, ET AL
Defendants,

CIVIL ACTION NO.
3:03 CV 1048 (PCD)

DECEMBER 26, 2003

### AFFIDAVIT

I, William Young, Jr., being duly sworn, depose and state:

1. I am over eighteen (18) years of age and understand the obligation of an oath;

2. The information contained herein is based upon my personal knowledge.

3. I am employed as a Police Detective with the Fairfield, Connecticut, Police Department.

4. I have been employed with the Fairfield, Connecticut, Police Department for 23 years.

5. I graduated from the Connecticut Police Academy.

6. Prior to March 31, 2003, I had attended training courses on investigation practices and policies.

7. I have received training regarding preparing and submitting an Application for a Search and Seizure Warrant.

8. I am familiar with the procedural requirement for obtaining a valid Search and Seizure Warrant.

9. On March 31, 2003, Sandra Mulligan contacted the Fairfield, Connecticut, Police Department concerning an e-mail she had received that day.

10. The e-mail received by Sandra Mulligan read, "The End is Near", and was sent from a person unknown to her, using the screen name GoMaryGoAway@AOL.com. There was no other information in the e-mail as to the identity of the sender.

11. I was the detective assigned to investigate Sandra Mulligan's complaint.

12. On April 1, 2003, I met with Sandra Mulligan.

13. The e-mail received by Sandra Mulligan stated, "The End is Near", and was sent from a person unknown to her, using the screen name GoMaryGoAway@AOL.com.

14. Sandra Mulligan expressed concern for her personal safety, not fully understanding the context of the message. Sandra Mulligan also advised me that Dee Dee Brandt received the same e-mail.

15. On April 1, 2003, I met with Dee Dee Brandt.

16. Dee Dee Brandt expressed concern for her personal safety, not fully understanding the context of the message.

17. Exhibit A attached hereto is a true and accurate copy of the police report.

18. Each woman signed an Internet/Computer Harassment Statement Form, indicating they had received a harassing and/or obscene electronic mail message on their computers.

19. To ascertain the identity of the person sending the aforementioned e-mails, I felt it was necessary to obtain the subscriber information for the person(s) with the screen name GoMaryGoAway@AOL.com.

20. On April 1, 2003, I contacted America Online's Law Enforcement Helpline via telephone.

21. I advised the woman I spoke to that I was a detective with the Fairfield, Connecticut Police Department, investigating an alarming and threatening e-mail

that had been sent to two women. I also advised this person that I only wanted to obtain subscriber information for a particular screen name.

22. The woman I spoke with advised me to fax my request for subscriber information directly to America Online's Legal Department.

23. It was my understanding, based upon this conversation with America Online's Helpline, that the subscriber information would be voluntarily disclosed to me if I faxed the request to America Online's Legal Department.

24. I completed an Application for a Search and Seizure Warrant, but I did not submit it to the State Attorney's Office or a judge for signature.

25. The Application for a Search and Seizure Warrant set forth the facts of my investigation, as set forth by Mulligan and Brandt.

26. It was my intent to request subscriber information for the person with the screen name GoMaryGoAway@AOL.com from America Online, not e-mail content.

27. Exhibit B attached hereto is a true and accurate copy of the materials faxed to America Online, requesting that they provide me with subscriber information regarding the screen name GoMaryGoAway@AOL.com.

28. At no time did I represent to America Online that they were required to provide me with subscriber information for the person with the screen name GoMaryGoAway@AOL.com.

29. I chose to submit my request to America Online in the form of the Application for a Search and Seizure Warrant because it was a clear and concise format for conveying the facts of the case and the reasons I believed probable cause existed to request the information from America Online.

30. I faxed a copy of the Application for a Search and Seizure Warrant to America Online's Legal Department.

31. The comment portion of the fax cover sheet reads: "Requesting subscriber information, screen names, and account information pertaining to screen name 'GOMARYGOAWAY.'"

32. On April 7, 2003, I received a seven-page fax purportedly from America Oneline's Legal Compliance and Investigations Department. The fax cover sheet indicates it was sent from Jen Sheridan, Fraud Investigator.

33. Exhibit C attached hereto is a true and accurate copy of the faxed document I received from America Online.

34. At no time did I represent to America Online that I had obtained consent from Mr. Freedman to obtain his subscriber information, as I did not know who the subscriber was until I received Exhibit C.

35. At no time prior to receiving Exhibit C was I contacted by America Online or one of its representatives to advise me that they could not provide me with the requested information because I had not obtained a warrant executed by a judge, or a court order.

36. Upon reviewing the e-mail and verifying the address, Connecticut license information, and phone number of the plaintiff, I contacted Mulligan and Brandt to advise them it appeared the e-mail was sent by Clifton Freedman.

37. Both Mulligan and Brandt requested that I warn Clifton Freedman regarding sending e-mails in a surreptitious manner.

38. On April 10, 2003, I met with Mr. Freedman at his residence.

39. Mr. Freedman admitted to having sent the e-mail, and advised me that he did not mean to cause alarm or to harass anyone.

40. Mr. Freedman stated he sent the e-mail as a harmless joke to a few political colleagues.

41. I warned Mr. Freedman not to contact political colleagues in a surreptitious manner.

42. Detective David Bensey did not assist me in the investigation of the complaints filed by Dee Dee Brandt and Sandra Mulligan.

43. Detective Bensey signed the Application for a Search and Seizure Warrant as a witness to my signature.

_____
WILLIAM YOUNG

STATE OF CONNECTICUT )
                     ) SS: Bridgeport, CT
COUNTY OF Fairfield  )

Subscribed and sworn to before me this 24 day of December, 2003.

_____
Notary Public/
My Commission Expires:
Commissioner of Cert.