**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Clifton S. FREEDMAN, | : |
| Plaintiff, | : |
| | : |
| -vs- | : Civil No. 3:03cv1048 (PCD) |
| | : |
| AMERICA ONLINE, INC., the TOWN | : |
| of FAIRFIELD, and Detectives | : |
| William YOUNG and David | : |
| BENSEY (individually and in their | : |
| official capacities) | : |
| Defendants. | : |

## RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT[1]

Plaintiff moves for partial summary judgment on the issue of liability on Counts One,

Ten, and Eleven of the Complaint.   For the reasons stated herein, Plaintiff's motion [Doc. No.

40] is **granted** in part and **denied** in part.

### I.    Background[2, 3]

On or about April 1, 2003, Defendants William Young and David Bensey executed a

State of Connecticut Superior Court Search and Seizure Warrant Application.[4]  Defendants allege

that Young completed the Warrant Application and that Bensey witnessed his signature on the

---

[1]     Plaintiff entitles his motion as a "Motion for Partial Judgment on the Pleadings and/or for Partial
Summary Judgment."  His memorandum fails to set forth any standard of review and fails to
explain why he seeks both partial judgment on the pleadings and/or summary judgment.
Defendants' opposition recites the standard of review for summary judgment and Plaintiff does not
contest this, and accordingly the motion is construed as a motion for summary judgment.

[2]     The facts are taken from the parties' Local Rule 56(a) statements, and are undisputed unless stated
otherwise.

[3]     The Court presumes familiarity with its previous Rulings in this case.

[4]     Plaintiff's allegations stem from an e-mail he sent on or about March 31, 2003, involving a
political campaign.  Compl. ¶ 12.  The e-mail stated "The End is Near."  Compl. ¶ 12.  On or about
April 1, 2003, two recipients of the e-mail reported the incident to the Fairfield Police Department,
claiming they had received a harassing and/or obscene message on their computers.  Compl. ¶ 13.

document. Bensey's claim to have only been a witness is contradicted by his signature on the

Warrant Application as an affiant. Thus his claim of a lesser involvement in the process is

without merit and no question of material fact is presented.[5] The Warrant Application did not

bear a judicial signature and was never submitted to a Judge for his/her signature verifying its

being subscribed and sworn before him/her. The actual form was not filled out nor was it signed

by a Judge. It thus constituted a legal nullity. Young and Bensey sent the warrant application to

America Online, Inc. ("AOL") via facsimile without further communication.

On April 7, 2003, AOL responded to Young and Bensey's submission by faxing

Plaintiff's subscriber information to Young.[6] This information included Plaintiff's name,

address, phone numbers, account status, membership information, software information, billing

and account information, and his other AOL screen names.

During the course of these actions, Young and Bensey were police officers acting in the

official capacities in the performance of their duties, within the scope of their employment as

police officers of the Town of Fairfield, Connecticut.

Plaintiff filed an eleven count complaint, alleging the following: violation of the

Electronic Communication Privacy Act against all Defendants (Count One); breach of contract

against AOL (Count Two); CUTPA violation against AOL (Count Three); violation of the Fourth

and First Amendments against Young and Bensey (Counts Four and Five); violation of Article

First, §§ 4 and 7 of the Connecticut Constitution against Young and Bensey (Counts Six and

---

[5]   By signing the Warrant Application, Bensey became responsible for the contents of the application
      and the consequences thereof. *See e.g. United States v. Tortorello*, 342 F. Supp. 1029, 1035
      (S.D.N.Y. 1972) (noting general responsibility of affiants regarding warrant applications).

[6]   Plaintiff alleges that this information was faxed to both Young and Bensey. Defendant alleges that
      the information was faxed to Young.

Seven); invasion of privacy against Young and Bensey (Count Eight); violation of the First and

Fourth Amendments against Town of Fairfield (Count Nine); indemnification pursuant to Conn.

Gen. Stat. § 7-465 against Town of Fairfield (Count Ten); and respondeat superior as to Town of

Fairfield (Count Eleven).

On December 5, 2003, Defendant AOL's motion to dismiss all claims against it in light

of a forum selection clause in Plaintiff's AOL subscription was granted. [Doc. No. 32].  In the

present motion, Plaintiff moves for partial summary judgment on Counts One, Ten, and Eleven.

## II.    Standard

A party moving for summary judgment must establish that there are no genuine issues of

material fact in dispute and that it is entitled to judgment as a matter of law.  FED. R. CIV. P. 56

(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202

(1986).  "A party opposing a properly brought motion for summary judgment bears the burden of

going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue

for trial.'"  *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) (quoting

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  In

determining whether a genuine issue has been raised, all ambiguities are resolved and all

reasonable inferences are drawn against the moving party.  *United States v. Diebold, Inc.*, 369

U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962); *Quinn v. Syracuse Model Neighborhood*

*Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).  Summary judgment is proper when reasonable minds

could not differ as to the import of evidence.  *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.

1991).  "Conclusory allegations will not suffice to create a genuine issue."  *Delaware & H. R.*

*Co. v. Conrail*, 902 F.2d 174, 178 (2d Cir. 1990).  Determinations as to the weight to accord

evidence or credibility assessments of witnesses are improper on a motion for summary judgment

as such are within the sole province of the jury. *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614,

619 (2d Cir. 1996).

**III.    Discussion**

Plaintiff moves for partial summary judgment on Counts One, Ten, and Eleven, arguing

that Defendants are liable for violating § 2703(c) of the Electronic Communications Privacy Act

of 1986 ("ECPA"), 18 U.S.C. § 2701 *et. seq*.  Plaintiff alleges that Young and Bensey violated

the ECPA by soliciting an information disclosure by AOL with an invalid search warrant.

Compl. ¶ 32.

**A.    ECPA**

Congress enacted the ECPA to amend Title III of the Omnibus Crime Control and Safe

Street Acts of 1968 "to update and clarify federal privacy protections and standards in light of

dramatic changes in new computer and telecommunication technologies."  132 CONG. REC. S.

14441 (1986).  In drafting the ECPA, Congress intended to "fairly balance[] the interests of

privacy and law enforcement."  S. REP. NO. 99-541 (1986).

The ECPA distinguishes between the rights of government entities and the rights of

private entities regarding the disclosure of subscriber information by an internet service provider

("ISP").  Section 2703(c)(1) of the ECPA provides that a governmental entity seeking such

information from an ISP must comply with specific legal process, e.g. a proper search warrant,

court order, or subpoena, or must obtain the subscriber's consent.[7]  18 U.S.C. § 2703(c)(1).  In

---

7       The statute provides that
           (1) A governmental entity may require a provider of electronic communication service or
        remote computing service to disclose a record or other information pertaining to a subscriber to or

enacting the ECPA, Congress created a private right of action for parties aggrieved by violation

of the statute. 18 U.S.C. § 2707(a).[8] "[G]overnmental 'entities' are subject to liability under §

2707(a)." *Organizacion JD Ltda. v. United States Dep't of Justice*, 18 F.3d 91, 95 (2d Cir.

1994).

### B.      §2703(c) and Government Liability

Plaintiff argues that Defendants violated §2703(c) by using an invalid warrant to solicit

his subscriber information from AOL. He contends that *McVeigh v. Cohen*, 983 F. Supp. 215

(D.D.C. 1998) supports his position that the government is liable for soliciting subscriber

information without complying with the ECPA's legal process requirements.

In *McVeigh,* a Navy officer contacted AOL and requested information about the identity

of an AOL customer (the plaintiff, also a Navy officer). *McVeigh*, 983 F. Supp. at 217. AOL

---

customer of such service (not including the contents of communications) only when the
governmental entity--(A) obtains a warrant issued using the procedures described in the Federal
Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or
equivalent State warrant; (B) obtains a court order for such disclosure under subsection (d) of this
section; (C) has the consent of the subscriber or customer to such disclosure; or (D) submits a
formal written request relevant to a law enforcement investigation concerning telemarketing fraud
for the name, address, and place of business of a subscriber or customer of such provider, which
subscriber or customer is engaged in telemarketing (as such term is defined in section 2325 of this
title); or (E) seeks information under paragraph (2).
    (2) A provider of electronic communication service or remote computing service shall disclose
to a governmental entity [certain subscriber information] of a subscriber to or customer of such
service when the governmental entity uses an administrative subpoena authorized by a Federal or
State statute or a Federal or State grand jury or trial subpoena or any means available under
paragraph (1).
18 U.S.C. § 2703(c).

[8]   Section 2707(a) provides as follows:
    Except as provided in section 2703(e), any provider of electronic communication service,
subscriber, or other person aggrieved by any violation of this chapter [18 USCS §§ 2701et. seq.] in
which the conduct constituting the violation is engaged in with a knowing or intentional state of
mind may, in a civil action, recover from the person or entity, other than the United States, which
engaged in that violation such relief as may be appropriate.
18 U.S.C. § 2707(a). As the officers failed to seek judicial authorization for a warrant, their state
of mind could be seen as "knowing or intentional."

disclosed the information, and consequently the Navy advised the plaintiff that it was

commencing an administrative discharge proceeding against him on the basis that he was

involved in homosexual conduct violating the "Don't Ask, Don't Tell" policy. *Id*. The plaintiff

sought a preliminary injunction, arguing that the defendants violated his rights under the ECPA.[9]

*Id.* at 216.

In considering the substantial likelihood of success on the merits, the court noted that the

Navy's actions were "likely illegal under the . . . ECPA." *Id.* at 219. The court stated that "[i]n

soliciting and obtaining . . . personal information about the Plaintiff from AOL" the government

failed to comply with the ECPA's requirements that it either (1) had a valid warrant or (2) gave

the plaintiff prior notice and sought a subpoena or court order. *Id.* at 219. The court found it

"unlikely" that the government would prevail in its argument that 18 U.S.C. § 2703(c)(1)(B)

"puts the obligation on the online service provider to withhold information from the government,

and not vice versa." *Id*. at 220. In soliciting the information from AOL, "the government knew,

or should have known, that by turning over the information without a warrant, AOL was

breaking the law." *Id.*

The *McVeigh* court rejected the defendants' argument that pursuant to *Tucker v. Waddell*,

83 F.3d 688 (4th Cir. 1996), there is no cause of action against the government under § 2703(c).

*McVeigh*, 983 F. Supp. at 220. In *Tucker*, the court analyzed the statutory language and found

that although the government may be liable for violations of §§ 2703(a) or (b), "the language of §

2703(c) does not prohibit any governmental conduct, and thus a governmental entity may not

---

[9]      The plaintiff also alleged that his rights were violated under the Navy's own policy, as well as the
Fourth and Fifth Amendments to the United States Constitution. *McVeigh*, 983 F. Supp. at 216.

violate that subsection by simply accessing information improperly." *Tucker*, 83 F.3d at 693.

However, *Tucker* acknowledged the possibility that a governmental entity might violate §

2703(c) by aiding, abetting, or conspiring in the provider's violation. *Id.* at 693 n.6. *McVeigh*

rejected *Tucker* because the sections of § 2703 "were intended to work in tandem to protect

consumer privacy." *McVeigh*, 983 F.Supp. at 220.

Tucker is now rejected for other reasons as well. As Plaintiff argues, since *Tucker* was

decided Congress amended the ECPA and removed the textual distinctions within § 2703 relied

on by *Tucker*. *Tucker* hinges on the then existing difference between §§(a) and (b), and § (c).

*Tucker*, 83 F.3d at 692. At that time, §§(a) and (b) "focus[ed] on the conduct of governmental

entities," while § (c) "focus[ed] on the conduct of the service providers." *Id.* Sections (a) and (b)

provided that "[a] governmental entity may require . . .", and § (c) provided that "[a] provider of

electronic service or remote computing service shall disclose a record or other information

pertaining to a subscriber . . . to a governmental entity only when the governmental entity"

complies with specified legal processes. *Id.* at 691-92 (quoting 18 U.S.C. §2703(a), (b), and (c)).

Because of this textual distinction, the court found that while the government could be sued

under §§(a) and (b), it could not be sued under §(c) because §(c) did not focus on government

conduct. *Id.* at 693.

In 2001, Congress amended the ECPA and removed this textual distinction. Now, §§(a)

(b), and (c) all begin with identical language focusing on government conduct, providing that "[a]

governmental entity may require . . ." 18 U.S.C. §2703 (a)-(c). Therefore, *Tucker* does not

foreclose government liability under §2703(c), and in fact supports the conclusion that the

government can be liable under the present text of § 2703(c). To conclude that the government

may circumvent the legal processes set forth in the ECPA by merely requesting subscriber

information from an ISP contradicts Congress's intent to protect personal privacy.

In light of legal precedent, the framework of the statute, and the legislative intent,

governmental entities can be liable under §2703(c) for soliciting information from an ISP without

complying with the legal processes specified in the statute.

**C.    Analysis**

Plaintiff alleges that Young and Bensey violated the ECPA by soliciting disclosure by

AOL with a defective search warrant.  Compl. ¶ 32; Pl. Mem. at 1.  Defendants respond that (1)

they merely requested and did not "require" AOL to disclose Plaintiff's subscriber information,

(2) there is a genuine issue of material fact as to whether AOL disclosed Plaintiff's information

pursuant to the emergency exception, (3) there is a genuine issue of material fact as to whether

Plaintiff consented to have this information disclosed and (4) Bensey did not violate the ECPA

because he merely witnessed Young's signature on the Warrant Application.

**1.    Government Request for Subscriber Information from an ISP and Compliance with the Legal Process of the ECPA**

Young and Bensey argue that they are not liable because, in accordance with the plain

language of the statute, they did not "require" AOL to disclose Plaintiff's information.  As noted

above, the ECPA provides that

> A governmental entity *may require* a provider of electronic communication service . . . to disclose a record or other information pertaining to a subscriber . . . only when the governmental entity–(A) obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant.

18 U.S.C. § 2703(c)(1) (emphasis added).

Defendants' argument that they merely requested but did not require AOL to disclose the information is disingenuous and does not absolve them from liability under the ECPA. The ECPA imposes an obligation on governmental entities to follow specific legal processes when seeking such information. 18 U.S.C. §2703(c). Congress designed such procedures to both (1) protect personal privacy against unwarranted government searches and (2) preserve the legitimate needs of law enforcement. S. REP. NO. 99-541 (1986). To conclude that Defendants did not act improperly upon merely requesting such information without following the ECPA procedural safeguards ignores the fact that a request accompanied by a court form has substantial resemblance to a compulsory court order. The deficiency would have excused AOL from complying. In what was submitted Young and Bensey clearly intended that AOL supply the information sought. That AOL responded was nothing less than what was intended and cannot be found to be otherwise. To hold that AOL was less than expected, i.e. required to respond, would erode Congress's intended protection in the ECPA and would undermine personal privacy rights. In soliciting the information from AOL, Defendants knew, or should have known, that AOL was requested to violate the ECPA. *See McVeigh,* 983 F. Supp. 215 at 220. Even if AOL acted without lawful authority in disclosing the information, this does not absolve Defendants from unlawfully requesting or soliciting AOL's disclosure. Putting the burden and obligation on *both* the government and ISPs is consistent with Congress' intent to protect personal privacy. Violation by one does not excuse the other. Accordingly, Defendants' argument that they merely requested, but did not require, AOL to disclose Plaintiff's subscriber information does not absolve them from liability for their violation of the ECPA.

2.    **Emergency Exception**

Defendants contend that there is a genuine issue of material fact whether AOL disclosed Plaintiff's subscriber information pursuant to the ECPA emergency disclosure exception.   Def. Opp. at 10.  They argue that § 2703(c) does not expressly prohibit a governmental entity from requesting information from an ISP, and that to read § 2703(c) as prohibiting a request from a governmental entity would nullify other ECPA provisions.  Def. Opp. at 8.  For example, they note that the ECPA provides that

> A provider . . . may divulge a record or other information pertaining to a subscriber . . . (4) to a governmental entity, if the provider reasonably believes that an emergency involving immediate danger of death or serious physical injury to any person justifies disclosure of the information.

18 U.S.C. § 2702(c).  They argue that the statute does not prohibit governmental entities from providing information about such an emergency situation, and that AOL "may have reasonably believed" that the recipients of Plaintiff's e-mails "faced an emergency situation involving immediate danger of death or serious physical injury."  Def. Opp. at 9, 11 (citing 18 U.S.C. § 2702(c)(4).

Defendants' argument is flawed.  First, their conclusory speculation about what AOL "may have believed" is not only lacking in any evidentiary substantiation, but it is also insufficient to raise a genuine issue of material fact to survive summary judgment.  They offer no evidence from which a reasonable juror could conclude that AOL believed the e-mail recipients were in immediate danger.  *See Delaware & H. R. Co. v. Conrail*, 902 F.2d 174*,* 178 (2d Cir. 1990) ("Conclusory allegations will not suffice to create a genuine issue").  Second, as Plaintiff notes, it took AOL over six days to respond to the officers' request for information, a delayed

response which severely undermines Defendants' conclusory allegation that AOL "may have believed" the e-mail recipients were in immediate danger.[10]  Under the circumstances of this case, Defendants fail to raise a genuine issue of material fact whether AOL disclosed Plaintiff's subscriber information pursuant to the ECPA emergency disclosure exception.  The government may not circumvent the legal process specified in the ECPA pursuant to the "emergency" exception on such a speculative basis.  This is not a situation where, on its own initiative, AOL voluntarily disclosed Plaintiff's subscriber information to the government.  Instead, the government's request, submitted with an invalid warrant, triggered AOL's response, six days later.  The Court declines to speculate whether it would ever be appropriate, under exigent circumstances when it would not be feasible to get a signed warrant or comply with other legal process, for the government to notify the ISP of an emergency and receive subscriber information without conforming with the ECPA.

### 3.     Plaintiff's Consent

Defendants argue that there is a genuine issue of material fact whether AOL obtained consent to release Plaintiff's subscriber information.  Def. Opp. at 12.  They argue that the facsimile cover sheet sent by AOL states "[e]nclosed please find records which, consistent with the [ECPA] 18 U.S.C. § 2703(c)(1)(C) (as amended), respond to your request" regarding

---

[10]     In addition, the legislative history of the USA Patriot Act's amendment of the emergency exception indicates Congress' intent that the government must strictly abide by the prescribed legal process to receive information about subscribers:

> Current law does not expressly authorize the ISP to voluntarily provide law enforcement with the identity, home address, and other subscriber information of the user making the threat.  *See* 18 U.S.C. section 2703(c)(1)(B),(C), permitting disclosure to government entities only in response to legal process.

147 CONG. REC. S. 10365 (2001).

11

Plaintiff.  Def. Opp. at Exh. C.  Section 2703(c)(1)(C) pertains to disclosure of records subject to

the subscriber's consent.  Plaintiff argues that he never consented to disclosure, and that the

numerous amendments to § 2703 have resulted in the renumbering of the subparts.  Plaintiff

notes that prior to the most recent amendment in 2001 pursuant to the USA Patriot Act,

§2703(c)(1)(C) pertained to disclosure of records pursuant to a subpoena, and that apparently

AOL's "generic" facsimile cover sheet refers to an outdated version of the statute.  Pl. Reply at 8.

Resolution of this fax cover page dispute does not obviate Plaintiff's allegation that

Defendant unlawfully solicited information in violation of the ECPA, as it is undisputed that, at

the time Defendants sought disclosure from AOL, there was no consent from Plaintiff.  Def. Opp.

at 12.  The statute presently clearly instructs that "[a] governmental entity may require a provider

of electronic communication service . . . to disclose a record or other information pertaining to a

subscriber to or customer of such service (not including the contents of communications) *only*

*when the governmental entity* . . . (C) has the consent of the subscriber or customer to such

disclosure." 18 U.S.C. §2703(c)(1)(C) (emphasis added).  Here, Defendants concede that *they*

never sought or obtained Plaintiff's consent.  Because the statute clearly instructs that the burden

is on the governmental entity to obtain consent, Defendants cannot rely on AOL's

unsubstantiated alleged obtaining of consent to escape liability.

However, a consent by Plaintiff in AOL's possession when it released Plaintiff's

subscriber information may be relevant to the issue of damages.  Although there is a genuine

issue of material fact as to whether AOL had obtained Plaintiff's consent prior to disclosing the

information, Defendants are not absolved from liability for their conduct.  This issue should be

resolveable in relation to recovering damages once it is determined whether the AOL facsimile

cover sheet referred to an outdated version of §2703(c)(1)(C) and was based on an authorized

consent by Plaintiff.

### 4.       Liability of Young and Bensey

Defendants argue that there is a genuine issue of material fact whether Bensey violated

the ECPA, because his involvement was "limited to witnessing Young's signature on the

Application." Def. Opp. at 10.  They provide affidavits by Bensey and Young to support their

argument that Bensey did not participate in the investigation of the e-mails and did not

communicate with AOL regarding the request for Plaintiff's subscriber information.  Plaintiff

responds that Defendants previously admitted, in the "Statement of Undisputed Facts" section of

the parties Rule 26(f) report, that Bensey and Young "jointly executed" the search warrant.  Pl.

Reply at 9.  Plaintiff mischaracterizes the evidence as reflecting a joint execution of the warrant.

As noted above, both served as affiants.  Plaintiff notes that Bensey's signature line on the

warrant application is identical to Young's, and that by signing the application he became liable

for any ECPA violations.  Pl. Reply at 9.

Defendants apparently do not contest the fact that if governmental entities may be liable

under §2703(c), Young's actions are sufficient to render him liable.  As to Bensey, the argument

against his liability, as discussed above, is unavailing.  There is no genuine issue of material fact

as to whether Bensey's involvement was sufficient to constitute liability under the ECPA.

### 5.       Town of Fairfield Defendant

Although Plaintiff seeks summary judgment on Counts Ten and Eleven as to the Town of

Fairfield's liability under the theory of indemnification and the doctrine of respondent superior,

Pl. Mem. at 2, he cites no legal authority and engages in no further discussion of these issues.

Accordingly, summary judgment is **denied** to the Town of Fairfield Defendant.[11]

**IV.    Conclusion**

For the reasons stated herein, Plaintiff's motion for partial summary judgment [Doc. No.

40] is **granted** in part and **denied** in part.  His motion is **granted** to the extent he seeks a finding

that Defendants Young and Bensey violated the ECPA by soliciting subscriber information

without complying with 18 U.S.C. §2703(c).  His motion is **denied** as to Defendant Town of

Fairfield.

SO ORDERED.

Dated at New Haven, Connecticut, February _4_, 2004.

/s/

Peter C. Dorsey
United States District Judge

---

[11]    Summary judgment is also **denied** against Defendant Town of Fairfield as to Count One, as
Plaintiff's argument refers only to Young and Bensey.