UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

MAR 4  3 28 PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| CLIFTON S. FREEDMAN,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 3:03CV1048 (PCD)<br>) |
| AMERICA ONLINE, INC., THE TOWN<br>OF FAIRFIELD, DETECTIVE WILLIAM<br>YOUNG AND DETECTIVE DAVID<br>BENSEY (Individually and in their official<br>capacities as police officers for the Town of<br>Fairfield),<br><br>Defendants. | )<br>)<br>)<br>)<br>)  MARCH 4, 2004<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

The Court has set a discovery cut-off date in this case of March 31, 2004. By mutual agreement of the parties, the depositions of defendant William Young and a designated representative of the Fairfield Police Department were scheduled for March 4, 2004. Less than 24 hours before those depositions were to take place, counsel for the deponents informed the undersigned counsel that they were canceling the depositions because they had to attend to matters concerning an appeal they filed in this case. The appeal, which was filed on February 24, 2004, is taken from the Court's interlocutory ruling, on February 4, 2004, granting the plaintiff partial summary judgment on his claim that the defendants violated the Electronic Communications Privacy Act.

As set forth below, defendants' appeal provides no justification to unilaterally cancel two important depositions, particularly when the discovery cut-off date is less than one month away, the parties have a number of other depositions to complete, and finding dates for

/32442/2/57591v1
03/03/04-SPT/

depositions has been difficult.[1] Accordingly, the plaintiff asks this Court to compel defendant Young and the designated representative of the Fairfield Police Department to attend their deposition tomorrow, as scheduled.

## ARGUMENT

The Court's order granting plaintiff partial summary judgment against defendants Young and Bensey on his claim under the ECPA is an interlocutory order, not a final judgment. Accordingly, before defendants could properly file a notice of appeal, they should have complied with the requirements of 28 U.S.C. § 1292(b), which governs appeal from interlocutory orders. Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge of the Court of Appeals or a judge thereof shall so order.

(Emphasis in original.)

Inarguably, the defendants have acted in derogation of § 1292(b) by filing an appeal without first seeking the appropriate order from this Court and then applying to the Second Circuit for permission to take an appeal. (In making this argument, the

---

[1] Counsel does not imply that the defendants' counsel have been obstreperous with respect to the scheduling of depositions. To the contrary, they have always been very cooperative. However, pressing obligations of the parties and their clients and non-party witnesses have made it difficult to find mutually convenient dates.

/32442/2/57591v1
03/03/04-SPT/

plaintiff does not concede that an interlocutory appeal is appropriate in this case. To the contrary, it is not.) Yet, even if the defendants had followed the procedure set forth in § 1292(b), the italicized proviso therein makes clear that an appeal would not have stayed the proceedings in this Court absent a stay order, which the defendants have not sought by motion or otherwise.

In short, the defendants have acted as if § 1292(b) does not exist and, by unilaterally canceling the depositions scheduled for March 4, 2004 on less than 24 hours notice, they have effectively stayed the proceedings in this Court, also in derogation of the statute.

If the discovery cut-off date were not March 31, 2004, the defendants' conduct might not be so troublesome. But, with less than 30 days to complete discovery, and with at least six to eight more depositions to be completed in that time period, the plaintiff cannot stand idly by.

/32442/2/57591v1
03/03/04-SPT/

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to compel should be granted.

                          Respectfully submitted,
                          PLAINTIFF:

                          **CLIFTON S. FREEDMAN**

By _____
      Daniel J. Klau (ct17957)
      H. James Pickerstein (ct05094)
      Calvin K. Woo (ct24951)
      Pepe & Hazard LLP
      Goodwin Square
      225 Asylum Street
      Hartford, CT 06103-4302
      (860) 522-5175
      (860) 522-2796 fax

      Robert Y. Altchiler (ct24247)
      The Law Offices of Robert Y. Altchiler
      590 Madison Avenue
      New York, NY 10022
      (212) 541-2422

/32442/2/57591v1
03/03/04-SPT/

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was faxed and mailed, via first class mail, postage prepaid, on this 3rd day of March, 2004, to the following counsel of record:

**Attorneys for Defendants:**
Thomas Murtha, Esq.
Mark Perkins, Esq.
Maher & Murtha, LLC
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT  06601

_____
Calvin K. Woo

/32442/2/57591v1
03/03/04-SPT/