UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
MAR 4  8 55 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

Clifton S. FREEDMAN,
    Plaintiff,

-vs-  : Civil No. 3:03cv1048 (PCD)

AMERICA ONLINE, INC., the TOWN
    of FAIRFIELD, and Detectives
    William YOUNG and David
    BENSEY (individually and in their
    official capacities)
        Defendants.

## RULING ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff moves to compel depositions. For the reasons discussed herein, Plaintiff's motion [Doc. No. 47] is **granted**.

Discovery in this case closes on March 31, 2004. By agreement of the parties, the depositions of Defendant William Young and a designated representative of the Fairfield Police Department were scheduled for March 4, 2004. On February 25, 2004, Defendants filed a notice of appeal [Doc. No. 46], pursuant to which Defendants Young and Bensey are appealing this Court's recent summary judgment ruling [Doc. No. 45].[1]

Plaintiff argues that because the Court's Ruling granting summary judgment in part is an interlocutory order, Defendants should have complied with the requirements of 28 U.S.C. § 1292(b), which governs appeal interlocutory orders.[2] Defendants note that they are not seeking

---

[1] Defendants apparently are appealing the portion of the Ruling granting Plaintiff's motion for summary judgment as to Defendants Young and Bensey.

[2] It is not necessary at this time to resolve Plaintiff's contention about Defendants' method of appeal. While 28 U.S.C. § 1291 gives the courts of appeals jurisdiction to review district courts' final decisions, the February 4, 2004 Ruling granting summary judgment in part was not a final order, for it addressed only the issue of liability under the ECPA and did not fully adjudicate the claims in the case. *See EEOC v. Joint Apprenticeship Comm. of Joint Indus. Bd. of Elec. Ind.*, 895

to stay discovery pending their appeal, but rather that because of scheduling conflicts they cannot proceed with the depositions scheduled for March 4, 2004. They provide no explanation as to why they did not give earlier notice. They represent that the parties should be available to complete the depositions within the upcoming week.

Plaintiff's motion to compel discovery is **granted**. Defendants shall produce Defendant Young and the duly designated representative of the Town of Fairfield Police Department for depositions as scheduled, on March 4, 2004.

SO ORDERED.

Dated at New Haven, Connecticut, March 4, 2004.

---------------------------------
Peter C. Dorsey
United States District Judge

---

F.2d 86, 90 (2d Cir. 1990) (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 47 L. Ed. 2d 435, 96 S. Ct. 1202 (1976) (partial summary judgments "are by their terms interlocutory . . . and where assessment of damages or awarding of other relief remains to be resolved [they] have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291"). Moreover, there is nothing to indicate that this Court is ousted of jurisdiction to rule on discovery matters.

2