UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 3:03CV1048(PCD) |
| | ) |
| v. | ) |
| | ) |
| THE TOWN OF FAIRFIELD, | ) |
| DETECTIVE WILLIAM YOUNG AND | ) |
| DETECTIVE DAVID BENSEY | ) |
| (Individually and in their official capacities | ) AUGUST 25, 2005 |
| as police officers for the Town of Fairfield, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S SECTION C TRIAL PREPARATION ORDER COMPLIANCE

- Names, addresses, and telephone numbers of the attorneys who will try the case:

  Daniel J. Klau
  Pepe & Hazard LLP
  Goodwin Square
  225 Asylum Street
  Hartford, CT 06103-4302
  (860) 522-5175

  Calvin K. Woo
  Pepe & Hazard LLP
  30 Jelliff Lane
  Southport, CT 06890-1436
  (203) 319-4000

- This case is a jury case.

- The Plaintiff estimates that he will require three (3) days to present his case.

- The Plaintiff does not agree to have the case tried by United States Magistrate Judge Joan G. Margolis.

- The Plaintiff does not anticipate any further proceedings prior to trial.

- The Plaintiff states that settlement is *not* likely.

I.    **STATEMENT FOR EACH CLAIM OF UNDISPUTED FACT PROPOSED FOR STIPULATION**

1.1.    Defendant Town of Fairfield ("Fairfield") is a municipality as defined in Title 7 of the Connecticut General Statutes in the County of Fairfield, State of Connecticut.

**Response:**    **The Plaintiff agrees.**

1.2.    Defendant Detective William Young is an individual whose principal place of employment is the Fairfield Police Department, located at 100 Reef Road, Fairfield, CT 06824. At all times relevant to the complaint, Young was a Fairfield police officer, holding the position of Detective, and was acting in his official capacity in the performance of his duties within the scope of his employment as a police officer of the Town of Fairfield.

**Response:**    **The Plaintiff agrees.**

1.3.    Defendant Detective David Bensey is an individual whose principal place of employment is the Fairfield Police Department, located at 100 Reef Road, Fairfield, CT 06824. At all times relevant to the plaintiff's complaint, Bensey was a police officer for the Town of Fairfield, holding the position of Detective, and was acting in his official capacity in the performance of his duties within the scope of his employment as a police officer of the Town of Fairfield.

**Response:**    **The Plaintiff agrees.**

1.4.    America Online ("AOL") is an Internet Service Provider that provides "electronic communication services" to its subscribers as defined under 18 U.S.C. § 2701 et. seq.

**Response:**    **The Plaintiff agrees.**

1.5.    At all times relevant to the Plaintiff's complaint, Mary Carroll-Mirylees was a Fairfield Police Commissioner.

**Response:**    **The Plaintiff agrees.**

1.6.    In September 2001, Mary Carroll-Mirylees ran against incumbent John Metsopoulos in the 2001 Republican primary for the position of First Selectman in Fairfield. She lost the primary election.

**Response:**    **The Plaintiff agrees.**


1.7.    Ms. Carroll-Mirylees' campaign included the phrase "Run Mary Run."

**Response:**    **The Plaintiff agrees.**


1.8.    The "Run Mary Run" campaign phrase was set forth on bumper stickers that were circulated during the summer of 2001.

**Response:**    **The Plaintiff agrees.**


1.9.    During the 2001 general election, the "Go John Go Away" campaign included the widespread circulation of bumper stickers and other political paraphernalia bearing the political slogans "Go John Go Away, Your Days Are Numbered" and "Anybody But John." On at least one occasion, an airplane flew over Fairfield trailing a banner that said "Go John Go Away." In addition, a Fairfield firefighter created a website called "anybodybutjohn.com." The "Go John Go Away" campaign was also publicized in local newspapers including the *Fairfield Citizen* and the *Bridgeport Post*.

**Response:**    **The Plaintiff agrees.**


1.10.    Ms. Carroll-Mirylees was fully aware of the "Go John Go Away" campaign.

**Response:**    **The Plaintiff agrees.**


1.11.    Ms. Brandt was fully aware of the "Go John Go Away" campaign.

**Response:**    **The Plaintiff agrees.**


1.12.    Ms. Mulligan was fully aware of the "Go John Go Away" campaign.

**Response:**    **The Plaintiff agrees.**


1.13.    Ms. Carroll-Mirylees had decided to run for First Selectman again in 2003 for the Republican Party.

**Response:**    **The Plaintiff agrees.**

CKW/32442/2/70934v2
08/25/05-SPT/

1.14.  Mr. Freedman was an active member of the Fairfield Republican Party and a member of the Fairfield Republican Town Committee from spring of 1993 to July of 2003. Mr. Freedman was also a supporter of incumbent John Metsopoulous.

**Response:**    **The Plaintiff agrees.**

1.15.  On or about March 31, 2003, Mr. Freedman sent a threatening e-mail message from his America Online account to Sandra Mulligan and DeeDee Brandt under the screen name GoMaryGoAway@aol.com threatening them by typing "The End is Near."

**Response:**    **The Plaintiff disagrees. The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance. This evidence includes, *inter alia*, the testimony of Clifton S. Freedman, Jamie Millington, Chief of Police Joseph Sambrook, Captain Paul Dyer, Lieutenant Christopher Lyddy, Sergeant Eugene Palazollo, Detective David Bensey, and Detective William Young; an e-mail sent under the AOL screen name GoMaryGoAway@aol.com, dated March 31, 2003; copies of WebPages from "www.runmaryrun.com" website; copy of brochure of Mary Carroll-Mirylees for First Selectman; copies of WebPages from "anybodybutjohn.com" website; and a copy of a printout of Clifton S. Freedman's AOL account activity.**

1.16.  This e-mail message received by the above parties was perceived as threatening and as a form of harassment.

**Response:**    **The Plaintiff disagrees. The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the plaintiff presents in support of the proposed findings asserted in his Section A Compliance. This evidence includes, *inter alia*, the testimony of Clifton S. Freedman, Jamie Millington, Chief of Police Joseph Sambrook, Captain Paul Dyer, Lieutenant Christopher Lyddy, Sergeant Eugene Palazollo, Detective David Bensey, and Detective William Young; an e-mail sent under the AOL screen name GoMaryGoAway@aol.com, dated March 31, 2003; copies of WebPages from "www.runmaryrun.com" website; copy of brochure of Mary Carroll-Mirylees for First Selectman; copies of WebPages from "anybodybutjohn.com" website; and a copy of a printout of Clifton S. Freedman's AOL account activity.**

1.17.  Mr. Freedman did not have any basis for his expectation that his identity would be kept private; he had no reasonable expectation of privacy in the information.

**Response:**    **The Plaintiff disagrees. The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents**

4

in support of the proposed findings asserted in his Section A Compliance. This evidence includes, *inter alia*, the testimony of Clifton S. Freedman and the AOL Privacy Policy.

1.18.   Ms. Carroll-Mirylees learned of the e-mail from either Ms. Brandt or Ms. Mulligan, who called her shortly after receiving it.

**Response:**     **The Plaintiff agrees.**

1.19.   Ms. Carroll-Mirylees has been a member of the Fairfield Police Commission in various capacities since December, 2001.

**Response:**     **The Plaintiff agrees.**

1.20.   On or about April 1, 2003, Ms. Mulligan and Ms. Brandt filed a case/incident report and Internet/Computer Harassment Statement Forms with the Fairfield Police Department regarding the e-mail.

**Response:**     **The Plaintiff agrees.**

1.21.   Ms. Mulligan admitted the similarities of the phrases "Go John Go Away" and "GoMaryGoAway" to Detective Young.

**Response:**     **The Plaintiff agrees.**

1.22.   The Defendants and their superiors in the Fairfield Police Department were required to investigate the nature of the message, and appropriately treated the message from the anonymous sender as a threat.

**Response:**     **The Plaintiff disagrees. The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance. This evidence includes, *inter alia*, the testimony of Clifton S. Freedman, Jamie Millington, Chief of Police Joseph Sambrook, Captain Paul Dyer, Lieutenant Christopher Lyddy, Sergeant Eugene Palazollo, Detective David Bensey, and Detective William Young; an e-mail sent under the AOL screen name GoMaryGoAway@aol.com, dated March 31, 2003; copies of WebPages from "www.runmaryrun.com" website; copy of brochure of Mary Carroll-Mirylees for First Selectman; copies of WebPages from "anybodybutjohn.com" website; and a copy of a printout of Clifton S. Freedman's AOL account activity.**

5

1.23.   The Defendants and their superiors in the Fairfield Police Department suspected that the message may have been sent by any number of individuals.

**Response:**    **The Plaintiff disagrees.  The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance.  This evidence includes, *inter alia*, the testimony of Captain Paul Dyer, Chief of Police Joseph Sambrook, Lieutenant Christopher Lyddy, Sergeant Eugene Palazzolo, Detective William Young, and Detective David Bensey.**

1.24.   On April 1, 2003, Defendant William Young was assigned to the case by Sergeant Palazzolo, and he interviewed Ms. Mulligan and Ms. Brandt about Mr. Freedman's e-mail.  Detective Young met with both women at their homes, where they signed internet harassment forms.

**Response:**    **The Plaintiff agrees.**

1.25.   Detective Young acted properly in taking the e-mail message seriously, and had reason to believe that Ms. Mulligan and Ms. Brandt were, in fact, threatened by the message.

**Response:**    **The Plaintiff disagrees.  The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance.  This evidence includes, *inter alia*, the testimony of Clifton S. Freedman, Jamie Millington, Chief of Police Joseph Sambrook, Captain Paul Dyer, Lieutenant Christopher Lyddy, Sergeant Eugene Palazollo, Detective David Bensey, and Detective William Young; an e-mail sent under the AOL screen name <u>GoMaryGoAway@aol.com</u>, dated March 31, 2003; copies of WebPages from "<u>www.runmaryrun.com</u>" website; copy of brochure of Mary Carroll-Mirylees for First Selectman; copies of WebPages from "<u>anybodybutjohn.com</u>" website; and a copy of a printout of Clifton S. Freedman's AOL account activity.**

1.26.   On April 1, 2003, Detective Young filled out a search warrant application to send to AOL.

**Response:**    **The Plaintiff agrees.**

1.27.   The warrant application specifically requested "subscriber information in the form of records, detailed billing information, screen names, applications for service, and date service provided pertaining to screen name "GoMaryGoAway".

**Response:**    **The Plaintiff agrees.**

1.28.   Mr. Freedman's sending of the e-mail message, "The End is Near," very well could have been construed to constitute "Harassment in Second Degree in violation of Connecticut General Statute § 53a-183, as alleged in the warrant application.

**Response:**    **The Plaintiff disagrees.  As a matter of law, the e-mail message did not constitute "Harassment in the Second Degree in violation of Connecticut General Statute § 53a-183."  Moreover, the Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance.  This evidence includes, *inter alia*, the testimony of Lieutenant Christopher Lyddy.**

1.29.   The entire contents of AOL's facsimile response is Plaintiff's Proposed Exhibit 23, which is listed *infra*.

**Response:**    **The Plaintiff agrees that "The entire contents of AOL's facsimile response is Plaintiff's Proposed Exhibit 23."**

1.30.   Detective Young asked his colleague, Detective David Bensey, to sign the warrant application as a co-affiant and Detective Bensey signed it.

**Response:**    **The Plaintiff agrees.**

1.31.   Detective Bensey did not have personal knowledge of any [of] the facts set forth in the affidavit that he signed under oath.  Instead, he relied upon Detective Young's representations.

**Response:**    **The Plaintiff agrees.**

1.32.   Detective Young then faxed the warrant application to AOL without ever submitting it to a judge for approval.

**Response:**    **The Plaintiff agrees.**

1.33.   Detective Young's conduct in faxing the warrant application to AOL without first submitting it to a judge represented a departure from his past practice.

7

**Response:**    **The Plaintiff agrees.**

1.34.   Prior to April 1, 2003, Detective Young had always used judicially approved search warrants to obtain information from Internet Service Providers.

**Response:**    **The Plaintiff agrees.**

1.35.   The faxing of the unsigned search warrant to AOL on April 1, 2003 was the first time that Detective Young had ever used a search warrant to obtain information from any entity without first submitting the warrant to a judge.

**Response:**    **The Plaintiff agrees.**

1.36.   Prior to April 1, 2003, Detective Young had never heard of anyone in the Fairfield Police Department using an unsigned search warrant to obtain information from any entity.

**Response:**    **The Plaintiff agrees.**

1.37.   Prior to April 1, 2003, the department policy for obtaining information from an Internet Service Provider required use of a judicially approved warrant.

**Response:**    **The Plaintiff agrees.**

1.38.   Detective Young presented the warrant application to his supervisor, Sergeant Palazzolo, prior to sending it to AOL.

**Response:**    **The Plaintiff agrees.**

1.39.   Upon receipt of the requested information from America Online, Detective Young entered the pertinent information into the police report.

**Response:**    **The Plaintiff agrees.**

1.40.   The Defendants' conduct in sending the search warrant application to AOL was undertaken in good faith pursuant to the report of an anonymous threat received electronically by Ms. Mulligan and Ms. Brandt.

CKW/32442/2/70934v2
08/25/05-SPT/

**Response:** **The Plaintiff disagrees. The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance. Moreover, this is an inference that the jury may draw from all the presented evidence.**

## II.   STATEMENT FOR EACH PROPOSED FINDINGS OF FACT

2.1.    On or about March 31, 2003, Mr. Freedman sent an e-mail to Ms. Sandra Mulligan and Ms. DeeDee Brandt from his America Online account under the screen name GoMaryGoAway@aol.com with the message "The End is Near."

**Evidence:**    Testimony of Sandra Mulligan
Testimony of DeeDee Brandt
Testimony of Detective Young

**Response:**    **The Plaintiff agrees.**

2.2.    The recipients of this message, Ms. Mulligan and Ms. Brandt, were threatened and harassed by the anonymous message, and were unclear what the anonymous sender's intentions were.

**Evidence:**    Testimony of Sandra Mulligan
Testimony of DeeDee Brandt

**Response:**    **The Plaintiff disagrees. The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance. This evidence includes, *inter alia*, the testimony of Clifton S. Freedman, Jamie Millington, Mary Carroll-Mirylees, DeeDee Brandt, Sandy Mulligan, Chief of Police Joseph Sambrook, Captain Paul Dyer, Lieutenant Christopher Lyddy, Sergeant Eugene Palazzolo, Detective William Young and Detective David Bensey; the e-mail sent under AOL screen name GoMaryGoAway@aol.com dated March 31; copies of WebPages from "www.runmaryrun.com" website; copy of brochure of Mary Carroll-Mirylees for First Selectman; and copies of WebPages from www.anybodybutjohn.com website.**

2.3.    Based on information and belief, Detective Young and Detective Bensey of the Fairfield Police Department served America Online with a warrant seeking information on the owner of the screen name GoMaryGoAway@aol.com.

**Evidence:**    Testimony of Detective Young
Testimony of Detective Bensey

9

**Response:**    The Plaintiff agrees and further states that the Court has ruled in its February 4, 2004 Memorandum of Decision that the warrant served by the Defendants was invalid.


2.4.    Upon receipt of this information, a Detective Young of the Fairfield Police Department met with Mr. Freedman at his residence, where Mr. Freedman admitted to sending the anonymous e-mail to Ms. Mulligan and Ms. Brandt.

**Evidence:**    Testimony of Clifton S. Freedman
Copy of printout of Clifton S. Freedman's AOL account activity
E-mail sent under the AOL screen name GoMaryGoAway@aol.com dated
    March 31, 2003

**Response:**    **The Plaintiff agrees.**


2.5.    After meeting with Mr. Freedman, Ms. Mulligan and Ms. Brandt, Detective Young closed the file absent any arrests.

**Evidence:**    Testimony of Detective Young
Fairfield Police Department Investigative Report

**Response:**    **The Plaintiff agrees.**


2.6.    When Mr. Freedman sent the e-mail, he did not have a reasonable expectation of privacy in the information he alleges violated his Fourth Amendment rights.

**Evidence:**    U.S. v. Hambrick, 55 F. Supp. 2d 504 (W.D. Va. 1999)
Davis Affidavit, Paragraph 4-6

**Response:**    **This is a claim of law that the Court has addressed in its August 9, 2005 Memorandum of Decision. The Plaintiff disputes the Court's ruling on this claim and reserves his right to appeal.**


2.7.    On or about April 1, 2003, Ms. Mulligan and Ms. Brandt filed an incident report and Internet/Computer Harassment Statement Forms with the Fairfield Police Department regarding the e-mail.

**Evidence:**    Testimony of Detective Young
Fairfield Police Department Case/Incident Report dated April 1, 2003

CKW/32442/2/70934v2
08/25/05-SPT/

**Response:**      **The Plaintiff agrees.**


2.8.    The Defendants, Detective Young and Detective Bensey, acted properly in treating the contents of the e-mail message as a possible threat, and investigated accordingly.

**Evidence:**      Testimony of Detective Young
Testimony of Detective Bensey
Testimony of Lieutenant Lyddy

**Response:      The Plaintiff disagrees. The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance. Moreover, this is an inference that the jury may draw from all the presented evidence.**


2.9.    The Defendants never intended, and in fact did not, intentionally invade the personal privacy of the Plaintiff, Mr. Freedman.

**Evidence:**      This is a reasonable inference that the fact-finder can draw from all of the evidence.

**Response:      The Plaintiff disagrees. The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance. Moreover, this is an inference that the jury may draw from all the presented evidence.**


2.10.    The Defendants' failure to obtain a judicial signature on the warrant was due to a lack of communication on the part of the Fairfield Police Department and America Online.

**Evidence:**      Testimony of Detective Young

**Response:      The Plaintiff disagrees. The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance. This evidence includes, *inter alia*, the testimony of Chief of Police Joseph Sambrook, Captain Paul Dyer, Lieutenant Christopher Lyddy, Sergeant Eugene Palazzolo, Detective William Young, and Detective David Bensey; and a Fairfield Police Department Detective Division document setting forth the procedures for obtaining information from America Online, prepared by "Bill Young #137" and signed by Lieutenant Christopher Lyddy. Moreover, this is an inference that the jury may draw from all the presented evidence.**

CKW/32442/2/70934v2
08/25/05-SPT/

2.11.   The conduct of the Fairfield Police Department in investigating the threatening message was undertaken as part of a good faith criminal investigation.

**Evidence:**     Testimony of Detective Young
This is also an inference that the jury is entitled to draw from all of the evidence presented in support of the prior proposed findings.

**Response:**     **The Plaintiff disagrees. The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance. Moreover, this is an inference that the jury may draw from all the presented evidence.**

2.12.   If Mr. Freedman experienced any public ridicule or embarrassment as a result of the publicity generated from the investigation, the extent of any ridicule or embarrassment was the result of his outspoken and highly opinionated positions pertaining to local politics.

**Evidence:**     Testimony of Clifton S. Freedman
Testimony of Mary Carroll-Mirylees

**Response:**     **The Plaintiff disagrees. The Plaintiff anticipates that this claim will be the subject of countering evidence, which will be all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance. This evidence includes, *inter alia*, the testimony of Clifton S. Freedman, Arlene Bunt, Sol Briks, Brenda Kupchik, Dorothy Domeika, Betty Ann O'Shaunhessy and Jamie Millington; copy of medical record of Clifton S. Freedman; "SIA Resolves to Fight Garage" article from the Fairfield Citizen, dated June 10, 1994; "Making the Grade" article from the New York Post, dated March 6, 1998; "Freedman's Bronx School Rated No. 1 in Reading" article from the Fairfield Citizen, dated March 27, 1998; a greeting card to Clifton S. Freedman, dated November 16, 2001; "Freedman Praised for Contributions to Education" article from the Fairfield Citizen, dated November 16, 2001; and a letter from Ellen Jacob to Clifton S. Freedman, dated November 20, 2001.**

## III.    STATEMENT FOR EACH CLAIM OF LAW

3.1.   The Plaintiff's claim that his Fourth Amendment rights were violated is barred by the doctrine of qualified immunity.

**Authority:**     Saucier v. Katz, 533 U.S. 194 (2001)
Harlow v. Fitzgerald, 457 U.S. 818 (1982)

CKW/32442/2/70934v2
08/25/05-SPT/

**Response:**    This is a claim of law that the Court has addressed in its August 9, 2005 ruling.  The Plaintiff disputes the Court's ruling on this claim and reserves his right to appeal.


    3.2.    The Defendants did not violate the Plaintiff's rights under Article First, Section 7 of the Connecticut State Constitution.

**Authority:**    State v. Bernier, 246 Conn. 70 (1998)

**Response:**    The Plaintiff disagrees.  The Court's August 9, 2005 ruling has certified this claim of law to the Connecticut Supreme Court.


    3.3    The Defendants' conduct in soliciting and obtaining the Plaintiff's identity did not violate his First Amendment rights.

**Authority:**    Mozzochi v. Borden, 959 F.2d 1178 (2nd Cir. 1992)
                U.S. v. Chatelain, 360 F.3d 114 (2nd Cir. 2004)

**Response:**    The Plaintiff disagrees.  The basis and authority on which such disagreement is premised includes, *inter alia*, all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance, and *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995); *Talley v. California*, 362 U.S. 60 (1960); *Reno v. American Civil Liberties Union v. Johnson*, 4 F. Supp. 2d 1029 (D.N.M. 1998); *American Civil Liberties Union of Georgia v. Miller*, 977 F. Supp. 1228 (N.D. Ga. 1997); *Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001); *United States v. Malik*, 16 F.3d 45 (3d Cir. 1994).


    3.4.    The Defendants did not violate the Plaintiff's rights under Article First, Section 4 of the Connecticut State Constitution.

**Authority:**    Cantwell v. Connecticut, 310 U.S. 296 (1939)
                Elliott v. Waterbury, 245 Conn. 411 (1998)

**Response:**    The Plaintiff disagrees.  The basis and authority on which such disagreement is premised includes, *inter alia*, all of the evidence that the Plaintiff presents in support of the proposed findings asserted in his Section A Compliance, and *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995); *Talley v. California*, 362 U.S. 60 (1960); *Reno v. American Civil Liberties Union v. Johnson*, 4 F. Supp. 2d 1029 (D.N.M. 1998); *American Civil Liberties Union of Georgia v. Miller*, 977 F. Supp. 1228 (N.D. Ga. 1997); *Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001); *United States v. Malik*, 16 F.3d 45 (3d Cir. 1994).

13

3.5.    Attorney's Fees under 42 U.S.C. § 1983

**Authority:**    Section 1988 provides that ". . .the court, in its discretion, may allow. . . a reasonable attorney's fee. . ." Blanchard v. Bergeron, 489 U.S. 87 (1989)

**Response:**    **The Plaintiff agrees. The Plaintiff would also note that "the latitude afforded trial courts in exercising that discretion is narrowed by the presumption that successful civil rights litigants should recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises*, 390 U.S. 400 (1968); *Kerr v. Quinn*, 692 F.2d 875 (2d. Cir. 1982).**

## IV.    LIST OF PROPOSED EXHIBITS

1.    March 31, 2003 "GoMaryGoAway" "The End is Near" e-mail from GoMaryGoAway@aol.com to DDBrandt@aol.com printed out by "Chris Lyddy."

**Response:**    **The Plaintiff agrees to its admissibility.**

2.    March 31, 2003 "GoMaryGoAway" "The End is Near" e-mail from sandym@optonline.net to clyddy@fairfield.ct.us.

**Response:**    **The Plaintiff agrees to its admissibility.**

3    March 31, 2003 "GoMaryGoAway" "The End is Near" e-mail from GoMaryGoAway@aol.com to sandym@optonline.net.

**Response:**    **The Plaintiff agrees to its admissibility.**

4    Fairfield Police Department Internet/Computer Harassment Statement Forms of Sandra Mulligan, dated April 1, 2003.

**Response:**    **To the extent that the document is offered by the Defendants to prove the truth of the matters asserted therein, the Plaintiff objects because it would be hearsay.**

5.    Fairfield Police Department Internet/Computer Harassment State[ment] Forms of DeeDee Brandt, dated April 1, 2003.

14

**Response:**    **To the extent that the document is offered by the Defendants to prove the truth of the matters asserted therein, the Plaintiff objects because it would be hearsay.**

6.    Fairfield Police Department Case/Incident Report, dated April 1, 2003.

**Response:**    **To the extent that the document is offered by the Defendants to prove the truth of the matters asserted therein, the Plaintiff objects because it would be hearsay.**

7.    Multi-page facsimile from AOL to Fairfield Police Department, dated April 7, 2003 which includes the following:

        a.    Fax Coversheet
        b.    Mr. Freedman's personal subscriber information

**Response:**    **The Plaintiff agrees to its admissibility.**

8.    Fairfield Police Department Supplementary Offense Report of Detective William Young, dated April 11, 2003.

**Response:**    **To the extent that the document is offered by the Defendants to prove the truth of the matters asserted therein, the Plaintiff objects because it would be hearsay.**

9.    Fairfield Police Department Supplementary Offense Report of Lieutenant Christopher Lyddy, dated April 16, 2003.

**Response:**    **To the extent that the document is offered by the Defendants to prove the truth of the matters asserted therein, the Plaintiff objects because it would be hearsay.**

10.    Fairfield Police Department Supplementary Offense Report of William Young, dated April 29, 2003.

**Response:**    **To the extent that the document is offered by the Defendants to prove the truth of the matters asserted therein, the Plaintiff objects because it would be hearsay.**

15

11.    Fairfield Police Department Incident Report, dated April 28, 2003.

**Response:    To the extent that the document is offered by the Defendants to prove the truth of the matters asserted therein, the Plaintiff objects because it would be hearsay.**

12.    Affidavit of Christopher Lyddy, dated June 15, 2004.

**Response:    To the extent that the document is offered by the Defendants to prove the truth of the matters asserted therein, the Plaintiff objects because it would be hearsay.**

## V.    STATEMENT AS TO QUALIFICATION OF EACH EXPERT WITNESS

**The Defendants have not disclosed any expert witnesses.**

## VI.    DESCRIPTION OF EACH ITEM OR PROPOSED EVIDENCE LIKELY TO BE DISPUTED OR TO REQUIRE A RULING BY THE COURT

1.    The Defendant anticipates that the Plaintiff will propose testimonial evidence through Arlene Bunt as to the public impact the disclosure of Mr. Freedman as the sender of "GoMaryGoAway" e-mail had upon his reputation and mental and emotional tranquility. The Defendant will dispute the admissibility of this evidence as Ms. Bunt had not been disclosed as an expert in determining the emotional and mental tranquility of an individual, and that in addition such testimony is disputed on the grounds of hearsay.

**Response:    The Plaintiff disagrees. A lay witness may testify as to another's mental and emotional tranquility which is based on his/her first-hand perception. Federal Rule of Evidence 702; Federal Rule of Evidence 701; *Miner v. City of Glen Falls*, 999 F.2d 685 (2d Cir. 1993); *United States v. Didomenico*, 985 F.2d 1159 (2d Cir. 1993); *Quinones v. Miller*, 2003 U.S. Dist. LEXIS 9176 (S.D.N.Y. June 3, 2003); *Terrence v. Senkowski*, 1999 U.S. Dist. LEXIS 6916 (S.D.N.Y. May 11, 1999); *Brown v. Worstell*, 2005 U.S. Dist. LEXIS 15274 (W.D. Penn. July 28, 2005); *Frazier v. Indian Department of Labor*, 2003 U.S. Dist. LEXIS 9073 (S.D. Ind. March 17, 2003).**

2.    The Defendant anticipates that the Plaintiff will propose testimonial evidence through Sol Briks as to the public impact the disclosure of Mr. Freedman as the sender of "GoMaryGoAway" e-mail had upon his reputation and mental and emotional tranquility. The Defendant will dispute the admissibility of this evidence as Mr. Briks had not been disclosed as an expert in determining the emotional and mental tranquility of an individual, and that in addition such testimony is disputed on the grounds of hearsay.

16

**Response:**    **The Plaintiff disagrees. A lay witness may testify as to another's mental and emotional tranquility which is based on his/her first-hand perception. Federal Rule of Evidence 702; Federal Rule of Evidence 701; *Miner v. City of Glen Falls*, 999 F.2d 685 (2d Cir. 1993); *United States v. Didomenico*, 985 F.2d 1159 (2d Cir. 1993); *Quinones v. Miller*, 2003 U.S. Dist. LEXIS 9176 (S.D.N.Y. June 3, 2003); *Terrence v. Senkowski*, 1999 U.S. Dist. LEXIS 6916 (S.D.N.Y. May 11, 1999); *Brown v. Worstell*, 2005 U.S. Dist. LEXIS 15274 (W.D. Penn. July 28, 2005); *Frazier v. Indian Department of Labor*, 2003 U.S. Dist. LEXIS 9073 (S.D. Ind. March 17, 2003).**

3.    The Defendant anticipates that the Plaintiff will propose testimonial evidence through Brenda Kupchik as to the public impact the disclosure of Mr. Freedman as the sender of "GoMaryGoAway" e-mail had upon his reputation and mental and emotional tranquility. The Defendant will dispute the admissibility of this evidence as Ms. Kupchik had not been disclosed as an expert in determining the emotional and mental tranquility of an individual, and that in addition such testimony is disputed on the grounds of hearsay.

**Response:**    **The Plaintiff disagrees. A lay witness may testify as to another's mental and emotional tranquility which is based on his/her first-hand perception. Federal Rule of Evidence 702; Federal Rule of Evidence 701; *Miner v. City of Glen Falls*, 999 F.2d 685 (2d Cir. 1993); *United States v. Didomenico*, 985 F.2d 1159 (2d Cir. 1993); *Quinones v. Miller*, 2003 U.S. Dist. LEXIS 9176 (S.D.N.Y. June 3, 2003); *Terrence v. Senkowski*, 1999 U.S. Dist. LEXIS 6916 (S.D.N.Y. May 11, 1999); *Brown v. Worstell*, 2005 U.S. Dist. LEXIS 15274 (W.D. Penn. July 28, 2005); *Frazier v. Indian Department of Labor*, 2003 U.S. Dist. LEXIS 9073 (S.D. Ind. March 17, 2003).**

4.    The Defendant anticipates that the Plaintiff will propose testimonial evidence through Dorothy Domeika as to the public impact the disclosure of Mr. Freedman as the sender of "GoMaryGoAway" e-mail had upon his reputation and mental and emotional tranquility. The Defendant will dispute the admissibility of this evidence as Ms. Domeika had not been disclosed as an expert in determining the emotional and mental tranquility of an individual, and that in addition such testimony is disputed on the grounds of hearsay.

**Response:**    **The Plaintiff disagrees. A lay witness may testify as to another's mental and emotional tranquility which is based on his/her first-hand perception. Federal Rule of Evidence 702; Federal Rule of Evidence 701; *Miner v. City of Glen Falls*, 999 F.2d 685 (2d Cir. 1993); *United States v. Didomenico*, 985 F.2d 1159 (2d Cir. 1993); *Quinones v. Miller*, 2003 U.S. Dist. LEXIS 9176 (S.D.N.Y. June 3, 2003); *Terrence v. Senkowski*, 1999 U.S. Dist. LEXIS 6916 (S.D.N.Y. May 11, 1999); *Brown v. Worstell*, 2005 U.S. Dist. LEXIS 15274 (W.D. Penn. July 28, 2005); *Frazier v. Indian Department of Labor*, 2003 U.S. Dist. LEXIS 9073 (S.D. Ind. March 17, 2003).**

5.    The Defendant anticipates that the Plaintiff will propose testimonial evidence through Betty Ann O'Shaunhessy as to the public impact the disclosure of Mr. Freedman as the sender of "GoMaryGoAway" e-mail had upon his reputation and mental and emotional tranquility. The Defendant will dispute the admissibility of this evidence as Ms. O'Shaunhessy had not been disclosed as an expert in determining the emotional and mental tranquility of an individual, and that in addition such testimony is disputed on the grounds of hearsay.

**Response:    The Plaintiff disagrees. A lay witness may testify as to another's mental and emotional tranquility which is based on his/her first-hand perception. Federal Rule of Evidence 702; Federal Rule of Evidence 701; *Miner v. City of Glen Falls*, 999 F.2d 685 (2d Cir. 1993); *United States v. Didomenico*, 985 F.2d 1159 (2d Cir. 1993); *Quinones v. Miller*, 2003 U.S. Dist. LEXIS 9176 (S.D.N.Y. June 3, 2003); *Terrence v. Senkowski*, 1999 U.S. Dist. LEXIS 6916 (S.D.N.Y. May 11, 1999); *Brown v. Worstell*, 2005 U.S. Dist. LEXIS 15274 (W.D. Penn. July 28, 2005); *Frazier v. Indian Department of Labor*, 2003 U.S. Dist. LEXIS 9073 (S.D. Ind. March 17, 2003).**

6.    The Defendant anticipates that the Plaintiff will propose testimonial evidence through Jamie Millington as to the public impact the disclosure of Mr. Freedman as the sender of "GoMaryGoAway" e-mail had upon his reputation and mental and emotional tranquility. The Defendant will dispute the admissibility of this evidence as Mr. Millington had not been disclosed as an expert in determining the emotional and mental tranquility of an individual, and that in addition such testimony is disputed on the grounds of hearsay.

**Response:    The Plaintiff disagrees. A lay witness may testify as to another's mental and emotional tranquility which is based on his/her first-hand perception. Federal Rule of Evidence 702; Federal Rule of Evidence 701; *Miner v. City of Glen Falls*, 999 F.2d 685 (2d Cir. 1993); *United States v. Didomenico*, 985 F.2d 1159 (2d Cir. 1993); *Quinones v. Miller*, 2003 U.S. Dist. LEXIS 9176 (S.D.N.Y. June 3, 2003); *Terrence v. Senkowski*, 1999 U.S. Dist. LEXIS 6916 (S.D.N.Y. May 11, 1999); *Brown v. Worstell*, 2005 U.S. Dist. LEXIS 15274 (W.D. Penn. July 28, 2005); *Frazier v. Indian Department of Labor*, 2003 U.S. Dist. LEXIS 9073 (S.D. Ind. March 17, 2003).**

## VII.    BASIS FOR FEDERAL JURISDICTION

7.1.    This case arises under Constitution and laws of the United States, including 42 U.S.C. Sections 1983 and 1985. This Court has federal question jurisdiction pursuant to 28 U.S.C. Section 1331. This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. Section 1367. Venue is in this District pursuant to 28 U.S.C. Section 1391(b).

CKW/32442/2/70934v2
08/25/05-SPT/

## VIII.   STATEMENT OF THE NATURE OF EACH CAUSE OF ACTION AND RELIEF SOUGHT

### 8.1.   Violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2701 *et. seq.* Against Defendants Young and Bensey

The Plaintiff asserts that the Defendants' conduct of, *inter alia*, soliciting and obtaining his information from AOL with a defective search warrant constitutes a violation of Title II of the ECPA.  Summary Judgment has been granted by this Court against the Defendants on this cause of action.  *See* Memorandum of Decision dated February 4, 2004. The Plaintiff seeks compensatory and punitive damages, and attorney's fees and costs pursuant to 18 U.S.C. § 2707.

### 8.2.   Violation of Fourth Amendment of the United States Constitution Against Defendants Young and Bensey

The Plaintiff asserts that the Defendants' conduct of, *inter alia*, soliciting and obtaining his information from AOL with a defective warrant application constituted an unlawful search and/or seizure in violation of the Fourth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment.  The Plaintiff seeks compensatory and punitive damages, and attorney's fees and costs pursuant to 42 U.S.C. § 1983.  Summary Judgment has been granted by this Court against the Plaintiff on this cause of action.  *See* Memorandum of Decision dated August 9, 2005.  The Plaintiff reserves his right to appeal this decision.

### 8.3.   Violation of First Amendment of the United States Constitution Against Defendants Young and Bensey

The Plaintiff asserts that the Defendants' conduct of, *inter alia*,  soliciting and obtaining his identity from AOL with a defective search warrant constituted a violation of his right to engage in anonymous and/or pseudonymous speech under the First Amendment as applied to the states through the Fourteenth Amendment.  The Plaintiff seeks compensatory and punitive damages, and attorney's fees and costs pursuant to 42 U.S.C. § 1983.

### 8.4.   Violation of Article First, Section 4 of the Constitution of the State of Connecticut Against Defendants Young and Bensey

The Plaintiff asserts that the Defendants' conduct of, *inter alia*, soliciting and obtaining his identity from AOL with a defective search warrant constituted a violation of his right to engage in anonymous and/or pseudonymous speech under Article First, Section 4 of the

19

Constitution of the State of Connecticut. The Plaintiff seeks compensatory and punitive damages, and attorney's fees and costs.

**8.5.    Violation of Article First, Section 7 of the Constitution of the State of Connecticut Against Defendants Young and Bensey**

The Plaintiff asserts that the Defendants' conduct of, *inter alia*, soliciting and obtaining his identity from AOL with a defective search warrant constituted a violation of his right to engage in anonymous and/or pseudonymous speech under Article First, Section 7 of the Constitution of the State of Connecticut. The Plaintiff seeks compensatory and punitive damages, and attorney's fees and costs.

**8.6.    Invasion of Privacy Against Defendants Young and Bensey**

The Plaintiff asserts that the Defendants' conduct of, *inter alia*, soliciting and obtaining his identity from AOL with a defective search warrant constituted an intentional intrusion upon his seclusion, his private affairs and/or concerns and such intrusion was highly offensive to a reasonable person. The Plaintiff seeks compensatory and punitive damages.

**8.7.    Violation of First and Fourth Amendments of the United States Constitution Against Defendant Fairfield**

The Plaintiff asserts that, at all relevant times, Defendants Young and Bensey were acting under the control of Defendant Fairfield. Defendant Fairfield failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures, and/or customs regarding the investigation of alleged criminal activity and the search and seizure of the private information of citizens by the Town of Fairfield police; and failed or refused to adequately train, supervise, and/or monitor Young and Bensey regarding the investigation of alleged criminal activity and the search and seizure of the private information of citizens. The Plaintiff seeks compensatory and punitive damages, and attorney's fees and costs pursuant to 42 U.S.C. § 1983.

**8.8.    Indemnification Pursuant to Conn. Gen. Stat. § 7-465 Against Defendant Fairfield**

The Plaintiff asserts that Defendants Young and Bensey's conduct of, *inter alia*, soliciting and obtaining his identity from AOL with a defective search warrant, occurred at a time when they were acting within the scope of their employment and in the performance of their duties as police officers for Defendant Fairfield. Accordingly, Defendant Fairfield is legally liable to pay on behalf of Defendants Young and Bensey all sums which each becomes

CKW/32442/2/70934v2
08/25/05-SPT/

obligated to pay by reason of the liability imposed upon them as employees of Defendant Fairfield by law for damages awarded for the infringement and violation of Freedman's rights, as a result of their unlawful conduct, pursuant to Connecticut General Statutes § 7-465.

### 8.9    Respondeat Superior Against Defendant Fairfield

The Plaintiff asserts that under a theory of respondeat superior, Defendant Fairfield, as the principal and employer of Defendants Young and Bensey, who acted during the course of their employment with Defendant Fairfield under the authority of Defendant Fairfield, is legally liable for all injuries and losses suffered by the Plaintiff as a result of their unlawful conduct. The aforesaid conduct, guidelines, regulations, policies, practices, procedures, and/or customs on the part of Defendant Fairfield constituted a continuing and moving force behind the unlawful conduct of Defendants Young and Bensey and the injuries the Plaintiff has suffered as a direct and proximate cause of this conduct. As a result, Defendant Fairfield is legally liable to pay on behalf of Defendants Young and Bensey all sums which each becomes obligated to pay by reason of the liability imposed upon them as employees of Defendant Fairfield by law for damages awarded for the infringement and violation of Freedman's rights, as a result of their unlawful conduct.

## IX.    PROPOSED VOIR DIRE QUESTIONS

1.    Have you, an immediate family member, or a close friend ever received an email that was perceived as threatening your life? If yes, please explain.

2.    Have you ever been an active participant in political party activities on a local or state level? If yes, please explain.

3.    This case arises out of the plaintiff's participation in the Town of Fairfield Republican party activities. Will the fact that the plaintiff was affiliated with the Republican party in any way affect your decision in this case?

4.    Have you ever publicly criticized a public official or political candidate in a message you sent over the internet or using some other form of mass communication, such as a newspaper? If yes, did you identify yourself in the writing or did you speak anonymously?

5.    Have you ever sent an email to someone anonymously or using a pseudonym? If yes, has any recipient of the email told you that they thought the email was threatening or harassing?

6.    Do you have an email account with America Online? With any other internet service provider? If yes, what is your understanding of the company's policy with respect to the privacy of your subscriber information?

CKW/32442/2/70934v2
08/25/05-SPT/

7.    Have you, any immediate family member, or any close friend, worked for a police department or in law enforcement? If yes, please explain.

8.    Have you ever been the victim of what you thought was police harassment, brutality or other police misconduct? If yes, please explain.

9.    If a police officer and an ordinary citizen gave different accounts of the same event, do you think you would be more likely to believe the testimony of the police officer? Why or why not?

10.    Have you ever suffered any mental or emotional distress because some information that you believed would remain private was made public? If yes, please explain.

11.    Have you, any immediate family member, or any close friend, ever been the subject of a search by the police or any other law enforcement agency? If yes, please explain.

12.    Have you, any immediate family member, or any close friend, ever been the subject of a critical newspaper article, through an editorial, letter to the editor or otherwise? If yes, please explain.

## X.    PROPOSED OPENING STATEMENT

This case arises out of an email that the plaintiff, Clifton Freedman, sent to approximately 18 individuals on or about April 1, 2003. The email, which you will have an opportunity to see, identified the sender as "GoMaryGoAway@aol.com." The subject line of the email said, "The End is Near." Mr. Freedman contends that the email was a joke, a parody of a prior political campaign in the Town of Fairfield that used the phrase "Go John Go Away, Your Days are Numbered." Mr. Freedman claims that he selected the recipients of the email because, based on their knowledge of Fairfield politics, he knew they would understand it was a joke.

Two recipients of the email filed an internet harassment complaint with the Fairfield Police Department. In response, two detectives in the Department, Defendants William Young and David Bensey, completed a search warrant application, which they faxed to America Online's legal department. The warrant directed AOL to disclose the identity of the individual who sent the email, as well as other information about the individual. The defendants did not

22

present the search warrant to a judge for approval before sending it to AOL. AOL thought the warrant had been judicially approved and disclosed the requested information to the defendants, who then told the individuals who filed the internet harassment complaints that Mr. Freedman sent the email. Defendant Young then went to Mr. Freedman's home and warned him not contact political colleagues in a surreptitious manner anymore.

Mr. Freedman will present evidence that the defendants knew the email was a joke and that they sent the search warrant to AOL, not as part of a legitimate police investigation, but as a favor to Mary Carol-Mirylees – the "Mary" mentioned in the email," who was a Fairfield Police Commissioner and who was running for First Selectman. He also contends that the defendants wanted to embarrass the Fairfield Fire Department, who they thought sent the email. As a result of the defendants' conduct and the disclosure of his AOL subscriber information, Mr. Freedman contends that he suffered personal humiliation, mental and emotional distress and damage to his reputation.

The defendants deny that they acted in bad faith. They concede that they recognized the political nature of the email, but contend that it was proper for them to treat the email as a threat and to identify the sender of the email. They will also argue that the reason they did not present the search warrant to a judge for approval was because of a miscommunication with AOL.

## XI.    PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**See attached Exhibits A and B.**

23

THE PLAINTIFF,
CLIFTON S. FREEDMAN

By: _____
    Daniel J. Klau (ct17957)
    H. James Pickerstein (ct05094)
    Calvin K. Woo (ct24951)
    Pepe & Hazard LLP
    Goodwin Square
    225 Asylum Street
    Hartford, CT 06103-4302
    Phone: (860) 522-5175
    Fax: (860) 522-2796
    dklau@pepehazard.com
    hpickerstein@pepehazard.com
    cwoo@pepehazard.com


    Robert Y. Altchiler (ct24247)
    The Law Offices of Robert Y. Altchiler
    191 Post Road West
    Westport, CT 06880

24

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via first class mail, postage

prepaid, this 25th day of August, 2005 to the following:

Thomas Murtha, Esq.
Maher & Murtha, LLC
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT 06601

_____
Calvin K. Woo



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLIFTON S. FREEDMAN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 3:03 CV1048 (PCD) |
| | ) | |
| THE TOWN OF FAIRFIELD, DETECTIVE | ) | |
| WILLIAM YOUNG AND DETECTIVE DAVID | ) | |
| BENSEY (Individually and in their official | ) | |
| capacities as police officers for the Town of | ) | AUGUST 25, 2005 |
| Fairfield) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

## VIOLATION OF FIRST AMENDMENT

The First Amendment of the United States Constitution protects the right of individuals to engage in anonymous speech, including anonymous speech over the Internet. The Supreme Court of the United States has explained that anonymous pamphlets, leaflets, brochures and even books have played an important role in the progress of mankind. Under our constitution, anonymous pamphleteering is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and of dissent. Anonymity is a shield from the tyranny of the majority. . . . It thus exemplifies the purpose behind the Bill of Rights, and of the First Amendment in particular: to protect unpopular individuals from retaliation – and their ideas from suppression – at the hand of an intolerant society.

When speech touches on matters of public political life, such as debate over the qualifications of candidates, discussion of governmental or political affairs, discussion of political campaigns, and advocacy of controversial points of view, such speech has been described as the 'core' or 'essence' of the First Amendment.

In this case, Mr. Freedman claims that the defendants violated his First Amendment right to engage in anonymous speech on political affairs because they knew that the "GoMary" email was not a threat, but was instead a parody of a recent political campaign. He further claims that the police obtained his identity from AOL because they were doing a favor for Mary Carol-Mirylees, not as part of a legitimate police investigation.

If you find that the defendants knew that the email was a political parody, rather than a threat, or that they obtained his identity from AOL to help Mary Carol-Mirylees, rather than as

2

part of a legitimate police investigation, then you should find in favor of Mr. Freedman on his

First Amendment claim.

**Cites:**

U.S. Const. amend. I
*Reno v. ACLU*, 521 U.S. 844 (1997)
*McIntyre v. Ohio Elections Com'n*, 514 U.S. 334 (1995)
*Freedman v. America Online, et al.,* 2005 WL 1899381 (D.Conn., August 9, 2005)
*Doe v. Ashcroft*, 334 F.Supp.2d 471 (S.D.N.Y. 2004)
*ACLU of Georgia v. Miller*, 977 F. Supp. 1228 (N.D. Ga. 1997)
*Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001)
*La Societe Metro Cash & Carry France v. Time Warner Cable*,
2003 WL 22962857 (Conn. Super. December 2, 2003)

3

## VIOLATION OF ARTICLE FIRST, SECTION FOUR
## OF THE CONNECTICUT CONSTITUTION

In addition to his claim under the First Amendment of the United States Constitution,

Mr. Freedman claims that the defendants violated his right to free speech under the

Connecticut Constitution.  As with the First Amendment claim, if you find that the defendants

knew that the email was a political parody, rather than a threat, or that they obtained his

identity from AOL to help Mary Carol-Mirylees, rather than as part of a legitimate police

investigation, then you should find in favor of Mr. Freedman on his claim under the

Connecticut Constitution.

**Cites:**

Connecticut Constitution, Article First, Section Four.
*Freedman v. America Online, et al.,* 2005 WL 1899381 (D.Conn., August 9, 2005)

4

## INVASION OF PRIVACY
## (INTRUSION UPON SECLUSION)

Mr. Freedman claims that the defendants intentionally invaded his privacy when they obtained his subscriber information by faxing a search warrant to AOL without a judge approving the warrant. In Connecticut, one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person.

In determining whether an intrusion is highly offensive, you should consider all of the evidence, including the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting in which the intrusion occurs, and the plaintiff's expectations of privacy in that setting.

**Cites:**

*Goodrich v. Waterbury Republican- American, Inc.*, 188 Conn. 107, 125-128 (1982)
*Flowers v. New Britain General Hosp.*, 9 CSCR 699 (June 10, 1995)
Restatement (Second) of Torts, § 652B

5

## COMPENSATORY DAMAGES

At an earlier phase of this case, the Court ruled that the Officers Bensey and Young violated a federal law known as the Electronic Communications Privacy Act ("ECPA") when they sent the search warrant to AOL without obtaining approval from a judge. It is your task, however, to determine the amount of damages that the plaintiff suffered as a result of that violation and the subsequent disclosure of his identity. Your determination of damages will also apply to any other counts of the complaint for which you may return a verdict in favor of the plaintiff.

In this case, Mr. Freedman is entitled to damages for any shock, anxiety, fear, personal humiliation, embarrassment, emotional distress and mental anguish that he may have suffered because of the defendants' conduct. You may also award him damages for any harm to his interest in privacy, in particular, his right to privacy in his identity as the author of the "GoMary" email and his right to privacy in the other subscriber information that the defendants obtained from AOL, including his other screen names.

**Cites:**

18 U.S.C. § 2707(b)
18 U.S.C. § 2707(c)
42 U.S.C. 1983
*Cary v. Piphus*, 435 U.S. 247 (1978)
*Walz v. Town of Smithtown*, 46 F.3d 162, 169-70 (2d Cir. 1995)
*Miner v. City of Glen Falls*, 999 F.2d 655 (2d Cir. 1993)
*Halperin v. Kissinger*, 606 F.2d 1192 (D.C. 1979)
*Gerrard v. Blackman*, 401 F.Supp. 1189 (N.D. Ill. 1975)
*Dejesus v. Village of Pelham Manor*, 282 F. Supp. 2d 162 (S.D.N.Y. 2003)
*Palmer v. City of Monticello*, 31 F.3d 1499 (10th Cir. 1999)
*Rosenstein v. The City of Dallas, Texas*, 876 F.2d 392 (5th Cir. 1989)
*Baskin v. Parker*, 602 F.2d 1205 (1979)
Restatement (Second) Torts § 652H

6

## DAMAGES FOR INVASION OF PRIVACY

If you find that the defendants invaded Mr. Freedman's right of privacy, you must award him damages that will reasonably compensate for each of the following elements injury or damage:

1.    Any harm to Mr. Freedman's interest in privacy resulting from the invasion, in particular, his right to privacy in his identity as the author of the "GoMary" email and his right to privacy in the other subscriber information that the defendants obtained from AOL, including his other screen names;

2.    Any mental or emotional distress that Mr. Freedman suffered as a result of the defendants' invasion of his privacy and their disclosure of his subscriber information, if the distress suffered is of a kind that normally results from such an invasion.

**Cites:**

*Jonap v. Silver*, 1 Conn. App. 550, 561 (1984)
Restatement (Second) of Torts § 652H

DJK/32442/2/737450v2
08/25/05-HRT/

## PUNITIVE DAMAGES

Punitive damages are additional damages, beyond those awarded as compensatory, to be awarded to the plaintiff as a deterrent to the defendant to discourage him from committing the conduct complained of in the future. You may award punitive damages if you find the defendants acted with evil motive or intent, or with reckless and callous disregard of, or indifference to, the rights or safety of the plaintiff. You have latitude in determining the amount of punitive damages to add to nominal or compensatory damages. You may add such amount as you shall unanimously agree is proper to punish defendants for extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct. However, the amount must be fixed with calm discretion and sound reason, and not because of sympathy, bias, or prejudice against any party.

**Cites:**

*Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983).

DJK/32442/2/737450v2
08/25/05-HRT/

# Exhibit

# "B"

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) 3:03 CV1048 (PCD) |
| | ) |
| THE TOWN OF FAIRFIELD, DETECTIVE | ) |
| WILLIAM YOUNG AND DETECTIVE DAVID | ) |
| BENSEY (Individually and in their official | ) |
| capacities as police officers for the Town of | ) |
| Fairfield) | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## <u>GENERAL VERDICT WITH JURY INTERROGATORIES</u>

We, the jury in this matter, find:

*(For each count, check the appropriate verdict(s))*

<u>***As to Count One***</u> (Violation of Electronic Communications Privacy Act)

The Court has previously determined that defendants Young and Bensey are liable to the plaintiff. However, you must still determine the amount of the plaintiff's damages.

<u>***As to Count Five***</u> (Violation of the First Amendment)

_____.        For the plaintiff against defendant Young.

_____.        For the plaintiff against defendant Bensey.

_____.        For the defendants and deny the plaintiff relief in this matter.

<u>***As to Count Six***</u> (Violation of the Article First, Section Four of the Connecticut Constitution)

_____.        For the plaintiff against defendant Young.

_____.        For the plaintiff against defendant Bensey.

_____.    For the defendants and deny the plaintiff relief in this matter.

***As to Count Eight*** (Invasion of Privacy)

_____.    For the plaintiff against defendant Young.

_____.    For the plaintiff against defendant Bensey.

_____.    For the defendants and deny the plaintiff relief in this matter.

***As to Count Nine*** (Violation of First Amendment – Against Town of Fairfield only)

_____.    For the plaintiff.

_____.    For the defendant and deny the plaintiff relief in this matter.

In addition, we make the findings reflected in the answers to the following questions:

1.    What sum, if any, do you award the plaintiff as compensatory damages?

Answer (enter amount): $_____.

2.    Do you find that the plaintiff is entitled to an award of punitive damages against defendant Young?

Answer: yes / no  (*circle only one*).

If you answered "yes," what sum do you award the plaintiff as punitive damages?

Answer (enter amount): $_____.

3.    Do you find that the plaintiff is entitled to an award of punitive damages against defendant Bensey?

Answer: yes / no  (*circle one*).

2

If you answered "yes," what sum do you award the plaintiff as punitive

damages?

Answer (enter amount): $_____.

Dated: _____

_____ [signature]
Foreperson

3