UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Civil Action No.: |
| v. ) | 3:03CV1048 (PCD) |
| ) | |
| THE TOWN OF FAIRFIELD, DETECTIVE ) | |
| WILLIAM YOUNG AND DETECTIVE DAVID ) | |
| BENSEY (Individually and in their official ) | |
| capacities as police officers for the Town of ) | OCTOBER 12, 2005 |
| Fairfield), ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO SET ASIDE VERDICT AND FOR NEW TRIAL**

    The Plaintiff, Clifton S. Freedman, moves the Court to set aside the jury's verdict and grant him a new trial because of errors during the trial that substantially prejudiced his case and denied him a fair trial.[1] Specifically, the Plaintiff contends that he is entitled to a new trial because: (1) The Court improperly rejected, on hearsay grounds, the Plaintiff's offer of numerous newspaper articles as evidence of the widespread, public disclosure of his America Online ("AOL") subscriber information; (2) the Court improperly conducted its own examination of the Defendants' witnesses in front of the jury, which effectively rehabilitated those witnesses in the jurors' eyes and gave the Court's imprimatur to the credibility of those witnesses; (3) the Court refused to allow redirect examination of the Plaintiff concerning an

---

[1] The jury's verdict was filed on September 26, 2005, and the Court entered judgment on the verdict on September 28, 2005.

**ORAL ARGUMENT IS NOT REQUESTED**

important document that the Defendants raised for the very first time during their cross-examination of the Plaintiff; and (4) the Court refused the Plaintiff's request to charge the jury that Defendants Young and Bensey had violated the ECPA and that the jury had to determine the Plaintiff's damages resulting from that violation.

## ARGUMENT

### A.    The Standard For Granting A New Trial

Rule 59 of the Federal Rules of Civil Procedure provides that a new trial may be granted on all or part of the issues in a jury trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  A new trial is warranted if the jury reached an erroneous result or that the verdict is against the weight of evidence, making its enforcement a miscarriage of justice.  *Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 370 (2d Cir. 1988); *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir. 1983).

### B.    The Court's Denial of the Admission of Newspaper Articles

This case was about the harmful effect that the Defendants' unlawful acquisition and disclosure of the Plaintiff's AOL subscriber information had upon his reputation in the Town of Fairfield, upon his interest in privacy, and his mental and emotional well-being.  To prove his case, the Plaintiff sought to introduce numerous newspaper articles from local Fairfield papers, which identified him as the sender of the "GoMaryGoAway" email and, further, which contained other screen names that, taken out of context, were highly embarrassing.  All of this information flowed directly from the unlawful conduct of the Defendants.

The *only* objection that the Defendants offered to the introduction of the articles was that they were hearsay. The articles, however, were not offered for the truth of the matter asserted, but rather to show the widespread disclosure of the Plaintiff's AOL subscriber information and to provide a broader factual basis for the Plaintiff's argument that the widespread disclosure of the information caused him great embarrassment and humiliation.

The Court's exclusion of this relevant evidence seriously prejudiced the Plaintiff's ability to prove damages. The jury never heard the full extent of how the Defendants' unlawful acts affected Mr. Freedman's reputation and his mental and emotional tranquility. The Plaintiff should be granted a new trial at which this evidence can be presented to a jury. *See, e.g.*, *United States v. Salerno,* 937 F.2d 797, 810-13 (2d Cir. 1991) (reversing a conviction based on a trial court's erroneous refusal to admit evidence of the government's prior inconsistent statements*); Commercial Banking Corporation v. Martel*, 123 F.2d 846 (2d Cir. 1941) (new trial granted based on a trial court's erroneous denial of the admission of testimonial evidence*); Cervin v. W. T. Grant Co.*, 100 F.2d 153 (2d Cir. 1938) (trial court's refusal to admit evidence in the form of deposition testimony was prejudicial error warranting a reversal of judgment*); Ross v. Esquire, Inc.*, 94 F.2d 75 (2d Cir. 1938) (trial court's erroneous exclusion of testimonial evidence warranted a new trial); *Rush v. Virginia Department of Transportation*, 208 F. Supp. 2d 624 (W.D.Va. 2002) (motion for a new trial granted where evidence was improperly excluded).

### C.  The Court's Leading Examination of the Defendants' Witnesses

On several occasions during the trial the Court asked improper, leading questions of several of the Defendants' witnesses after the Plaintiff and the Defendants had already

completed their direct and cross-examinations. These witnesses included Lieutenant Christopher Lyddy, Defendant Detective William Young, and Defendant Detective David Bensey- witnesses whose testimony and credibility (or lack thereof) was essential to the Plaintiff's liability claims. The Plaintiff respectfully submits that the Court's questioning of these witnesses crossed over the line from appropriate judicial conduct to inappropriate, partial questioning on behalf of the Defendants.

It is axiomatic that a jury naturally places a much greater emphasis on testimony elicited from a presiding judge's questions. Such questioning, however, "carries with it the risk that the judge will appear partial to one side or the other. In order to avoid the appearance of partiality, a trial judge should limit questioning to inquiries necessary to clarify ambiguities, correct misstatements, or obtain information necessary to make rulings." *United States v. Manko*, 979 F.2d 900, 905 (2d Cir. 1992). "It must be remembered that this was a trial before a jury, and the impact of a question by the court on both the witness and the jury, together with the natural reluctance of counsel to object to the court's questions, which is even greater when the question is in the presence of the jury, should not be underestimated." *Pollard v. Fennel*, 400 F.2d 421, 242 (4th Cir. 1968) (reversing and remanding for a new trial based on the trial court's improper questioning of witnesses); *Groce v. Seder*, 267 F.2d 352, 355 (3rd Cir. 1959) (holding that judicial questioning of witnesses may be "prejudicial in tending to impose upon the jury what the judge seems to think about the evidence"); *In re United States*, 286 F.2d 556, 561-62 (1st Cir. 1961) ("Trial judges must not forget that questions from the bench naturally and properly fall with great impact upon ordinary witnesses and that counsel are reluctant to object to questions asked by a judge for fear of giving offense.").

4

In this case, the prejudicial effect of the Court's questioning of critical witnesses is clear. The Court's questions were leading in form, effectively rehabilitated the witnesses' credibility, and implicitly suggested to the jury that the Defendants should prevail. While the Plaintiff recognizes the Court's right to question witnesses, the questioning in this case created the appearance of impartiality.

D.     **The Court's Preclusion of Plaintiff's Redirect Testimony**

The Defendants cross-examined the Plaintiff about an email that he had recently sent to over ninety individuals, mostly members of the local Republican Party, inviting them to a bar-b-que at his home. The obvious purpose of this line of questioning was clearly to rebut the Plaintiff's damages claim; i.e., that the plaintiff was not damaged because he was still in contact with these individuals, which included at least one of the women who had filed a complaint with the Fairfield Police Department in response to the "GoMaryGoAway" email. On redirect, Plaintiff's counsel attempted to further question the Plaintiff about this email to refute the erroneous impression left by the Defendants' cross-examination. However, the Court refused to allow this questioning based on relevancy grounds. Had the Plaintiff been allowed to answer the redirect questions, he would have testified that only two or three people responded favorably to the email and attended the bar-b-que.

The Plaintiff was entitled to refute the Defendants' arguments based on this email, which were raised for the first time during their cross-examination. As noted, the jury would have heard testimony effectively challenging the Defendants' effort to undermine the Plaintiff's damages claim. Instead, the jury was improperly left to speculate that the Defendants'

5

contention was accurate. This improper exclusion of testimonial evidence was highly prejudicial and warrants a new trial.

### E. The Refusal To Inform The Jury That The Court Had Previously Determined That The Defendants Violated The ECPA.

In February 2004, the Court granted the Plaintiff's motion for partial summary judgment on the issue of the Defendants' liability under the ECPA. As to that claim, the trial was essentially a hearing in damages. The Plaintiff submitted a request to charge the jury that the Court had determined liability on this claim and that the jury, therefore, had to determine whether the Plaintiff had suffered damages as a result and, if so, the amount of such damages. The Plaintiff also submitted a proposed verdict form that clearly explained to the jurors that, notwithstanding their liability verdicts on other claims in the case, they still had to determine damages as to the ECPA claim.

Much to the Plaintiff's dismay, the Court declined to instruct the jury that summary judgment had already been granted against Defendants Young and Bensey on the ECPA claim. The Court also submitted its own jury verdict form, to which the Plaintiff objected as confusing. The Plaintiff's fears were fully realized when the jury returned a verdict which failed to address the issue of damages under the ECPA claim.

When a charge fails to adequately inform or misleads the jury, a new trial may be ordered. *See United States v. Doyle*, 130 F.3d 523 (2d Cir. 1997); *see also Norfleet v. Isthmian Lines, Inc.*, 355 F.2d 359 (2d Cir. 1965). Indeed, a jury's confusion with the Court's instructions may be grounds for a new trial when it has prejudiced the movant. *See E.E.O.C. v. State of Delaware Department of Health and Social Services*, 667 F. Supp. 1057, 1065 (D. Del. 1987), *rev'd on other grounds*, 865 F.2d 1408 (3rd Cir. 1988); *see also Houston v.*

6

*Herring*, 562 F.2d 347 (5th Cir. 1977). Moreover, erroneous instructions are not cured by correct instructions when there is still a "substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Kyzr v. Vale Do Ri Doce Navegacai, S.A.*, 464 F.2d 285, 290 (5th Cir. 1972), *cert. denied*, 410 U.S. 929 (1973). Although the Court attempted to cure the problem created by the absence of an instruction regarding the ECPA claim, the prejudice to the Plaintiff from the initial omission was insurmountable.

## CONCLUSION

Considered independently, but especially collectively, the foregoing issues constitute grounds for setting aside the verdict and granting the Plaintiff a new trial. Accordingly, the Plaintiff respectfully requests that the Court grant his Motion to Set Aside the Verdict and for a New Trial.

> THE PLAINTIFF,
> CLIFTON S. FREEDMAN
>
>
> By:_____
> Daniel J. Klau (ct17957)
> H. James Pickerstein (ct05094)
> Calvin K. Woo (ct24951)
> Pepe & Hazard LLP
> Goodwin Square
> 225 Asylum Street
> Hartford, CT  06103-4302
> Phone:  (860) 522-5175
> Fax:  (860) 522-2796
> dklau@pepehazard.com
> hpickerstein@pepehazard.com
> cwoo@pepehazard.com
>
> Robert Y. Altchiler (ct24247)
> The Law Offices of Robert Y. Altchiler
> 191 Post Road West
> Westport, CT 06880

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via facsimile and first class mail, postage prepaid, this 12th day of October, 2005 to the following:

Thomas Murtha, Esq.
Maher & Murtha, LLC
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT  06601

_____
Calvin K. Woo

CKW/32442/2/72217v2
10/12/05-SPT/