UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE TOWN OF FAIRFIELD, DETECTIVE )<br>WILLIAM YOUNG AND DETECTIVE DAVID )<br>BENSEY (Individually and in their official )<br>capacities as police officers for the Town of )<br>Fairfield), )<br>)<br>Defendants. ) | Civil Action No.:<br>3:03CV1048 (PCD)<br><br><br><br>OCTOBER 12, 2005 |

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFF'S MOTION TO AMEND JUDGMENT**

A Rule 59(e) motion may be granted as a result of "the need to correct a clear error of law or prevent manifest injustice." *Oxford House, Inc. v. City of Albany*, 155 F.R.D. 409 (N.D.N.Y. 1994). In this case, justice requires that the Judgment must be amended in three respects.

First, the Judgment must be amended to reflect that the Plaintiff prevailed on Count One of his Complaint, which alleges a violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §2701 *et. seq.*" against Defendants Young and Bensey. The Court previously granted the Plaintiff's motion for partial summary judgment on Count One.

**ORAL ARGUMENT IS NOT REQUESTED**

CKW/32442/2/72269v1
10/12/05-SPT/

Second, under Connecticut General Statutes § 7-465, the Defendant Town of Fairfield is vicariously liable for the conduct of Defendants Young and Bensey in violating the ECPA.[1] Accordingly, the Judgment should be amended to reflect that the Plaintiff prevailed against the Town of Fairfield as a matter of law on Count Ten of the Complaint.

Third, the Judgment reflects that the jury awarded the Plaintiff nominal damages of $1.00. However, under 18 U.S.C. § 2707(c) of the ECPA, the Plaintiff is entitled to minimum statutory damages of $1,000.00. *See* 18 U.S.C. § 2707(c) ("in no case shall a person entitled to recover [under this statute] receive less than the sum of $1,000"). The Judgment must be amended to award the Plaintiff his minimum statutory damages.

For the foregoing reasons, if the Court denies the Plaintiff's Motion to Set Aside Verdict and For a New Trial, it should grant the instant motion and amend the Judgment accordingly.

THE PLAINTIFF,
CLIFTON S. FREEDMAN


By:_____
Daniel J. Klau (ct17957)
H. James Pickerstein (ct05094)
Calvin K. Woo (ct24951)
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT  06103-4302
Phone:  (860) 522-5175
Fax:  (860) 522-2796
dklau@pepehazard.com

---

[1] The verdict form reflects that the jury found that neither Defendant Bensey nor Defendant Young acted willfully. Accordingly, the exception in General Statutes § 7-465 to municipal liability based upon such conduct is inapplicable.

hpickerstein@pepehazard.com
cwoo@pepehazard.com


Robert Y. Altchiler (ct24247)
The Law Offices of Robert Y. Altchiler
191 Post Road West
Westport, CT 06880

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been sent via facsimile and first class mail, postage prepaid, this 12th day of October, 2005 to the following:

Thomas Murtha, Esq.
Maher & Murtha, LLC
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT  06601


_____
Calvin K. Woo

CKW/32442/2/72269v1
10/12/05-SPT/