UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:03CV1048 (PCD) |
| v. | ) |
| | ) |
| THE TOWN OF FAIRFIELD, | ) |
| DETECTIVE WILLIAM YOUNG AND | ) |
| DETECTIVE DAVID BENSEY | ) |
| (Individually and in their official capacities | ) OCTOBER 21, 2005 |
| as police officers for the Town of Fairfield,) | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE VERDICT AND FOR NEW TRIAL

On September 26, 2005 a jury verdict was rendered in favor of the Defendants in the above-captioned matter. Subsequently, on September 28, 2005 the Court (Dorsey, J.) entered Judgment in favor of the Defendants, not withstanding an earlier judgment in favor of the Plaintiff regarding a violation of the Electronic Communications Privacy Act. This judgment entered on behalf of the Plaintiff via summary judgment in February 2004. The Plaintiff, Clifton S. Freedman, now submits a Motion to Set Aside Verdict and for a New Trial. Plaintiff contends there exists four separate grounds in support of his Motion to Set Aside and for a New Trial. The Defendant's will address each issue in turn.

In support of his Motion, the Plaintiff contends that he is entitled to a new trial for the following reasons:

(1) The Court improperly rejected, on hearsay grounds, the Plaintiff's

offer of numerous newspaper articles as evidence of the widespread, public disclosure of his America Online ("AOL") subscriber information;

(2) The Court improperly conducted its own examination of the Defendants' witnesses in the presence of the jury, which effectively rehabilitated those witnesses in the jurors' eyes and gave the Court's imprimatur to the credibility of those witnesses;

(3) The Court refused to allow redirect examination of the Plaintiff concerning an important document that the Defendants raised for the very first time during their cross-examination of the Plaintiff; and

(4) The Court refused the Plaintiff's request to charge the jury that the Defendants, Detective Young and Detective Bensey, had violated the Electronics Communications Privacy Act ("ECPA") allowing the jury to determine the Plaintiff's damages resulting from that violation.

## ARGUEMENT

**I.   The Court's Denial of the Admission of Newspaper Articles**

The Plaintiff claims that due to the Defendants' unlawful acquisition and disclosure of the Plaintiff's AOL subscriber information he suffered a harmful effect to his mental and emotional well-being. The Plaintiff intended to offer various newspaper articles for the purpose of proving the nature of his reputation and standing in the community prior to and after their publication. In fact, the Plaintiff had every intention of offering the articles as a written assertion by an out of court declarant for the truth of the matter asserted, namely the plaintiff's reputation. Additionally, the articles do not fall within any of the numerous hearsay exceptions under Federal Rules of Evidence, Article VIII, Rule 803. Courts have routinely held that newspaper articles contain inadmissible hearsay evidence. "The district court declared that the newspaper articles contained inadmissible hearsay evidence, but

allowed Ray additional time to depose the reporters who wrote the articles, in an attempt to produce admissible evidence." Ray v. Edwards, 725 F.2d 655 (11th Cir. 02/24/1984. The plaintiff in the instant case did not request any additional time from the Court for any depositions, and only produced one witness to testify as to Mr. Freedman's alleged damages, in spite of ample opportunity to canvas additional witnesses. The majority of case law cited by the Plaintiff deals with direct testimony along with deposition testimony, neither of which is on point in the instant case.

**II.    The Court's Direct Examination of the Defendants' Witnesses**

The Plaintiff claims that at the conclusion of both the Plaintiff's and the Defendants' direct and cross-examinations, the Court on several occasions asked improper and leading questions of several of the Defendants' witnesses resulting in the appearance of impartiality and implicitly suggesting to the jury that the Defendants should prevail.. These witnesses included Lieutenant Christopher Lyddy, Detective William Young and Detective David Bensey. The plaintiff fails to include any specificity in this portion of their motion as to which questions, if any, were leading or improper. As the plaintiff has not offered a scintilla of evidence as to the nature of any improper or leading question, this claim is clearly without merit and should be rejected.

**III.   The Court's Preclusion of Plaintiff's Redirect Testimony**

The Plaintiff claims that the Court improperly precluded testimony regarding the body of an e-mail message on re-direct. The document in question was never offered or entered as a full exhibit, and the defendant's cross-examination merely

concerned the block address list used by Mr. Freedman. The Plaintiff also erroneously states that this contact list contained the e-mail address of at least one woman who had filed a complaint with the Fairfield Police Department in response to the "GoMaryGoAway" e-mail. The woman whose address was contained in this block of over ninety individuals was Kathy Siano, who did in fact receive the e-mail message that was the genesis of this case. Ms. Siano did not file a complaint with the Fairfield Police Department, nor did the defendants ever state that she did. Once again, the Plaintiffs seeks to force a new trial on the basis that they chose to limit the number of witnesses who could testify as to the Plaintiff's damages, and now should be allowed a second bite at the apple. However, had the Court allowed the content of the precluded e-mail message into evidence, the defendants would have pointed out to the jury, through cross-examination of the plaintiff, that the message was sent by the plaintiff at approximately 1:00 p.m. for a party that was to commence at approximately 4:00 p.m., which would certainly explain the poor response to the plaintiff's invitation.

### IV.    The Court's Request to Charge

Plaintiff disputes the Court's charge to the jury based upon the previous order of the Court in February 2004 granting the Plaintiff's Motion for Partial Summary Judgment on the issue of the Defendants' liability under ECPA and essentially rendering the trial a hearing in damages. Plaintiff claims that he submitted a request to charge the jury that the Court had determined liability on this claim in its Order on the Motion for Partial Summary Judgment but that the Court declined to charge the jury in that respect. Plaintiff also states that he submitted a proposed verdict form

with respect to damages as to the ECPA claim but the Court instead relied upon its own jury verdict form. However, although the Court allows the parties to an action to submit proposed verdict forms, it is within the discretion of the Court to adopt those forms partially or in whole.

The Plaintiff's objection to the jury charge regarding the previous determination by the Court finding on behalf of the Plaintiff under the ECPA is moot. Under Rule 51(c)(1) of The Federal Rules of Civil Procedure, "A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." After the jury returned with the initial verdict, where the jurors failed to award the plaintiff any amount in damages, the Honorable Peter C. Dorsey gave a curative instruction, essentially informing the jurors that since the defendants had in fact been found to be in violation of a statute, they must re-consider the question of damages. After the jurors had left the Court, Plaintiff's counsel stated on the record that he was satisfied with Judge Dorsey's curative instruction. After a brief deliberation, the jury returned and awarded nominal damages to the plaintiff, awarding Mr. Freedman one dollar. Additionally, Courts enjoy a great deal of latitude in determining the proper jury charge. "Generally, district courts 'have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts,' and we will not reverse a conviction on the basis of a jury charge unless 'the issues of law were presented inaccurately, or the charge improperly guided the jury in a substantial way as to violate due process.' United States v. Prather, 205 F.3d at 1270, quoting United States v. Arias, 984 F.2d 1139, 1143 (11th Cir. 1993).

For the reasons set forth above, the Defendants' respectfully request that the Court deny the Plaintiff's Motion to Set Aside Verdict and for a New Trial.

THE DEFENDANTS

By: *Walter A. [signature]*
Walter A. Shalvoy, Jr. (ct25132)
Maher & Murtha, LLC
528 Clinton Avenue
Bridgeport, CT 06605
(203) 367-2700

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been sent via first-class mail, postage prepaid on this 21st day of October 2005 to the following:

Daniel J. Klau, Esq.
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103-4302
Fax No: 860-522-2796

                                                       Walter A. Shalvoy, Jr.