UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>THE TOWN OF FAIRFIELD, )<br>DETECTIVE WILLIAM YOUNG AND )<br>DETECTIVE DAVID BENSEY )<br>(Individually and in their official capacities )<br>as police officers for the Town of Fairfield, )<br>)<br>Defendants. ) | Civil Action No. 3:03CV1048 (PCD)<br><br><br><br><br><br>NOVEMBER 3, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO AMEND JUDGMENT

Plaintiffs in the above captioned matter seek to have the Judgment amended in three respects, alleging that there exists "the need to correct a clear error of law or prevent manifest injustice." Oxford House, Inc. v. City of Albany, 155 F.R.D. 409 (N.D.N.Y. 1994). Neither condition has been met in the case at bar, as no error of law exists, and sustaining the Judgment entered by the jury would not result in manifest injustice.

First, the Judgment does accurately reflect that the Plaintiff did in fact prevail on Count One of the Complaint, which was memorialized on the record by the Honorable Peter C. Dorsey during the charge to the jury. Additionally, the Plaintiff fails to allege any error or omission that would give rise to an amended judgment. "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating,

modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." Federal Rules of Civil Procedure, Rule 61, 2005.

As to Plaintiff's second manner in which they seek to amend the Judgment, the jury returned a verdict exonerating Detective Young and Detective Bensey of any liability. As such, Defendant The Town of Fairfield should not be held vicariously liable per Connecticut General Statutes §7-465.

While defense counsel agree with the plaintiff's claim that 18 U.S.C. § 2702(c) does contain a minimum statutory damages of $1,000.00, the Defendants contend that a legitmate defense exists in the same United States Code. 18 U.S.C. §2702(e) outlines the parameters qualifying for a defense of a violation of the Electronic Communications Privacy Act. "(e) Defense.- a good faith reliance on-.... (2) a request of an investigative or law enforcement officer under section 2518(7) of this title; or....". 18 U.S.C. §2702(e). The jurors in the instant case returned a verdict that clearly demonstrated their finding that the damages proven by the plaintiff were nothing more than nominal damages. Therefore, should the Court in the case at bar negate the defense contained in the United States Code and amend the award to the minimum statutory level, the defendants respectfully request that the Court label that minimum statutory amount as "nominal damages", consistent with the intentions of the jurors in this case.

For the foregoing reasons, the Defendants respectfully request that this Court sustain the Objection to the Plaintiffs Motion to Amend Judgment.

THE DEFENDANTS

By: _____
Walter A. Shalvoy, Jr. (ct25132)
Maher & Murtha, LLC
528 Clinton Avenue
Bridgeport, CT 06605
(203) 367-2700

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been faxed on this 3rd day of November, 2005 to the following:

Daniel J. Klau, Esq.
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103-4302
Fax No: 860-522-2796

_____
Walter A. Shalvoy, Jr.