## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Clifton S. FREEDMAN, | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | Civil No. 3:03cv1048  (PCD) |
| | : | |
| AMERICA ONLINE, INC., | : | |
| et al. | : | |
| Defendants. | : | |

### RULING ON PLAINTIFF'S MOTION TO AMEND JUDGMENT

Plaintiff's motion [Doc. No. 104] follows upon an earlier ruling which held that Plaintiff's claim of a violation of the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2707, which allegedly occurred when his internet screen name and identity as the sender of an anonymous email were revealed, stated a valid cause of action.  That ruling granted summary judgment on the issue of ECPA liability of Defendants Young and Benson. That ruling did not determine the second prong of the claim, i.e., what damages were proximately caused thereby. Nor was the allegedly vicarious liability of the Town of Fairfield determined.  Now plaintiff seeks to amend the judgment entered after a jury verdict in three respects: (1) that plaintiff prevailed on Count One, his ECPA claim against Young and Bensey; (2) that the town of Fairfield be judged liable vicariously for the ECPA violation; and (3) that plaintiff be awarded damages in accordance with 18 U.S.C. § 2707(c).

To the extent that Plaintiff's motion seeks amendment of the judgment to reflect the finding of liability for the alleged ECPA violation, the judgment should be so amended to effectuate the grant of summary judgment against Young and Bensey.

The claim that the Town of Fairfield should be adjudged vicariously liable for Young's and Bensey's ECPA liability, being based solely on Conn. Gen. Stat. § 7-465, is merited on a basis of its obligation to indemnify. Though the ruling on the motion for summary judgment was limited to liability of the two police officers, it nonetheless constitutes imposition of an obligation on the part of employees of the Town who have thus become liable for damages by operation of law and thus within the purview of § 7-465, which creates an obligation to indemnify and not vicarious liability. The judgment should be amended to impose liability on the town of Fairfield concomitant with the liability, and in the same amount, as imposed on defendants Young and Bensey.

Plaintiff's request for the amendment of the judgment to state the liability of the Town of Fairfield, Young and Bensey in the amount of $1,000 is also merited. The statute under which liability was claimed, and found, 18 U.S.C. § 2707(c) states:

> The court may assess as damages . . . the actual damages suffered by the plaintiff . . . but in no case shall a person entitled to recover receive less than $1,000.

Thus it is for the court to assess Plaintiff's damages which are found not to have been proven in an amount in excess of $1,000 and thus the statutory minimum of $1,000 controls.

Plaintiff's motion to amend the judgment [Doc. No. 104] is granted and the judgment is amended to state the finding of liability of Defendants Young and Bensey as to Count One and Defendant Town of Fairfield as to Count Ten, in the single, total amount of $1,000.

2

_____SO ORDERED.

Dated at New Haven, Connecticut, November _4_, 2005.


_____/s/_____
Peter C. Dorsey
United States District Judge