UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Clifton S. FREEDMAN, | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | Civil No. 3:03cv1048  (PCD) |
| | : | |
| AMERICA ONLINE, INC., | : | |
| et al. | : | |
| Defendants. | : | |

RULING ON PLAINTIFF'S MOTION TO SET ASIDE
VERDICT AND FOR NEW TRIAL

Plaintiff moves [Doc. No. 102] the Court to set aside the jury's September 26, 2005

verdict and grant him a new trial.  For the reasons that follow, Plaintiff's motion is **denied**.

**Discussion**

Plaintiff contends that he is entitled to a new trial because the Court: (1) improperly rejected, on

hearsay grounds, his offer of numerous newspaper articles as evidence of the widespread, public

disclosure of his America Online ("AOL") subscriber information; (2) improperly conducted its

own examination of Defendants' witnesses in front of the jury, which effectively rehabilitated

those witnesses in the jurors' eyes and gave the Court's imprimatur to the credibility of those

witnesses; (3) refused to allow redirect examination of him concerning an important document

that Defendants raised for the first time during their cross-examination of him; and (4) refused

his request to charge the jury that Defendants Young and Bensey had violated the ECPA and that

the jury had to determine his damages resulting from that violation.

**1.      A Trial Ruling Rejecting Newspaper Articles Proffered As Exhibits**

While the Court recalls Plaintiff's offer of such articles, as not viewed by the court, not

incorporated in Plaintiff's motion and not apparently tendered for recording nor retained by the clerk, the articles were stated on the record as offered to prove public discussion of Plaintiff's identification as the source of the complained of e-mails.  They were not claimed to have been instigated by Defendants nor as attributable to them.  The record will reflect that when AOL provided copies of its records of Plaintiff's identification as the source of the e-mails and his other internet screen names, along with the investigating officer's report, they were placed in the files of the Fairfield Police Department.  News media acquisition of the identifications was accomplished by invoking the Freedom of Information Act and thereby accessing the police file. The articles originated from within the news media organizations.  The actual content was not placed in the court record.  While the police file recorded the identifications, it cannot be said that the content of the media's articles was attributable to nor reasonably to be anticipated by Defendants.  Plaintiff's response to a hearsay objection was that the articles were not offered as proof of what was asserted.  That was not true however, for the articles, as represented, asserted, as fact, the identifications and would only be relevant on any score if taken to be true.  The claim that the articles showed "the widespread disclosure of Plaintiff's AOL subscriber information," (Pl.'s Mem. at 3.) would be irrelevant as the publications, *in toto*, were not claimed as brought about by any conduct of Defendants who would thus not be accountable for the media's dissemination.  Plaintiff was not precluded from testifying as to his knowledge of the dissemination and he did so.  The extent of his embarrassment would depend on that knowledge. The articles would thus have been properly excluded as hearsay but if not then as irrelevant.

**2.      The Examination of Several Witnesses By The Court**

The witnesses cited are Christopher Lyddy and Defendants Young and Bensey.  Plaintiff

2

cites no specific questions on which he bases his claim.  He merely characterizes unspecified questions as "improper" and "leading."  He suggests no objections having been made to any questions when they were asked nor a contemporary ameliorative motion to correct any jury impression from their source nor to preclude a repetition.  He correctly recites authority for the limited role of judicial questions but  jumps from his characterization of improper and leading questions to an assertion of prejudice.  This is an entirely conclusory claim.  It provides the Court with no basis to take corrective action now if any were found to be merited due to any specific questions whose quality could now be weighed.  It suggests no opportunity at the time of any asserted impropriety in any particular question for this Court to have corrected such.  It flags no specific questioning which could be said to stray beyond the bounds of proper questions by the Court.  It is the Court's recollection that the only questions asked were limited in number and were framed to clarify other testimony given by the witness or implications which might be drawn from other testimony.   Plaintiff provides no basis for finding his claim for relief has merit.

**3.      The Court's Preclusion of Plaintiff's Redirect Testimony That Only Two or Three People Responded Favorably To An E-mail Inviting Over Ninety Persons To A Barbeque After The Revelation Of His identification As The AOL Subscriber And Source Of The Complained Of E-mail**

Plaintiff asserted his great embarrassment at being identified as the source of the e-mail complained of and the user of certain internet screen names.  On cross- examination, Defendant did not explore the content of an e-mail in which, after his identification disclosure, Plaintiff invited over ninety persons to a barbeque.  This countered his testimony on direct that his humiliation resulting from his being identified precluded his continuing social and political activity. Many of the invitees were members on Plaintiff's political party.  Plaintiff has not

identified in the record the questions to which objections were allegedly sustained nor has he

included in the record in support of his motion any offer of proof which would have defined the

issue on which the Court, at trial, could have fully understood the import of the asserted offer.

Now, without such a record, the Court is unable to assess fully any merit to the claim.  Crediting

his assertion that he merely intended to testify that only two or three invitees responded and

accepted the invitation, his memorandum sets forth no claim as to the significance or relevance in

such acceptance.  Nothing was offered at trial as to why others did not accept and thus a claim of

a boycott is speculative.  Even if a boycott was involved, the basis for such would not necessarily

have been attributable to Plaintiff's identification on AOL and the source of the complained of e-

mail.  The invitees were not shown to be otherwise likely to have accepted an invitation,

particularly if it was tendered as Defendants claim at 1:00 p.m. for a 4:00 p.m. event.  The

evidence in the case showed Plaintiff to be alienated from part of the local Republican Party.  As

potentially opening the door to a protracted further proceeding to substantiate Plaintiff's claim of

the rejections as supporting his claim of humiliation at being identified in the AOL record, the

ruling was well within the trial court's discretion.  In any event the matter is so small, particularly

in view of the jury's finding on the liability issue and further finding no proof of actual damages,

any error would be harmless.

**4.     The Court's Failure To Inform The Jury Of The Summary Judgment Granted As To His ECPA Claim**

It is true that summary judgment had entered against Defendants Young and Bensey on

the ECPA claim and that the jury instruction contained no advice to the jury of that fact.  The

assertion that as to the ECPA count the trial was a hearing in damages is without merit for three

reasons.  As noted above, the assessment of damages for an ECPA violation is for the court, 18 U.S.C. § 2707(c), and thus not for the jury.  Further, to decide damages, the jury had to consider the evidence in support of actual injury, for which the legal basis for recovery of compensatory and punitive damages would not be necessary and might prejudice the jury.  Lastly, by its verdict form response, the jury was afforded the opportunity to find "[w]hat amount of compensatory damages has Plaintiff proved were proximately caused by the acts of any defendant?"  It went on to find that inquiry to be answered "0" and to award nominal damages of $1.00.  There was no basis to find confusion on the part of the jury nor that it was in any way misled.  Indeed, in answering that question they were instructed to disregard their determinations as to the questions of liability which they were to, and did, decide.  In short, the submission to the jury was, in fact, the question Plaintiff asserts an entitlement to have answered, i.e., his proof of compensatory and punitive damages, without superfluously naming the legal basis therefor.  When the jury, initially, did not answer the damages questions, they were instructed that a statutory basis therefor had been found and they were thus required to answer those questions.  No exception to that method and instruction was recorded.  They did so after a further deliberation.

**Conclusion**

For the foregoing reasons as to each claim, Plaintiff's Motion to Set Aside Verdict and for a New Trial [Doc. No. 102] is found to be without merit and, in both respects, is denied.

_____SO ORDERED.

Dated at New Haven, Connecticut, November _7_, 2005.

_____/s/_____
Peter C. Dorsey
United States District Judge