# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLIFTON S. FREEDMAN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 3:03 CV1048 (PCD) |
| | ) | |
| THE TOWN OF FAIRFIELD, DETECTIVE | ) | |
| WILLIAM YOUNG AND DETECTIVE DAVID | ) | |
| BENSEY (Individually and in their official | ) | |
| capacities as police officers for the Town of | ) | |
| Fairfield) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | DECEMBER 19, 2005 |
| | ) | |

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR "RECONSIDERATION" OF AMENDED JUDGMENT

The Defendants ask this Court to "reconsider" the Amended Judgment, arguing that the Plaintiff is not entitled to minimum statutory damages of $1000 under section 2707 of the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.* The Court should deny the Defendants' motion as untimely. As such, the Court lacks jurisdiction to consider the merits of the motion.

## I.    THE COURT LACKS JURISDICTION TO CONSIDER A RULE 59(E) MOTION FILED MORE THAN 10 DAYS AFTER ENTRY OF THE JUDGMENT.

Because the Defendants request relief that would change the substance of the Amended Judgment, their motion must be deemed a Rule 59(e) motion to "alter or amend" that judgment. Rule 59(e) states that any motion to alter or amend a judgment "shall be *filed* no later than 10 days after entry of the judgment." In this case, the docket reflects entry of the Amended Judgment on November 9, 2005. Therefore, excluding weekends, the deadline for

filing the motion was November 23, 2005. But the docket reflects that the motion was not filed until November 28, 2005. Plainly, it is untimely.

Because the Defendants' Rule 59(e) motion is untimely, this Court lacks *jurisdiction* to consider the merits of the motion. *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 263 n.7 (1978) (court lacks jurisdiction to consider untimely motion under Rule 59(e)). Moreover, the Court cannot, either *sua sponte* or at Defendants' request, grant an extension of time after the fact. Rule 6(b) of the Federal Rules of Civil Procedure expressly states that a district court cannot enlarge the time for taking action under Rule 59(e). As the Second Circuit stated in *Lichentenberg v. Besicorp Group, Inc., et al.*, 204 F. 3d 397 (2d. Cir. 2000):

> To be timely under Civil Rule 59(e), a motion must be filed within 10 days after entry of the judgment, computed in accordance with Fed. R. Civ. P. 6(a), with intermediate Saturdays, Sundays, and legal holidays excluded. This time limitation is uncompromisable, for Civil Rule 6(b) provides, in pertinent part, that the district court "may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e)." Fed. R. Civ. P. 6(b); *see, e.g.*, *Rodick v. City of Schenectady*, 1 F.3d 1341, 1347 (2d Cir. 1993) (request for extension of 10-day period in which to move for judgment as a matter of law pursuant to Civil Rule 50(b) "[w]as (an impermissible) one"). Thus, although "[t]he running of time for filing a notice of appeal may be tolled, according to the terms of Rule 4(a), by a timely motion filed in the district court pursuant to Rule 52(b) or Rule 59," *Browder v. Director, Department of Corrections*, 434 U.S. 257, 264 (1978), "Rule 6(b) prohibits enlargement of the time period prescribed in . . . these Rules," *id*. at 261 n.5.

*Id.* at 401.

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendants' motion for reconsideration of the Amended Judgment.

2

THE PLAINTIFF,
CLIFTON S. FREEDMAN

By: _____
Daniel J. Klau (ct17957)
H. James Pickerstein (ct05094)
Calvin K. Woo (ct24951)
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT  06103-4302
Phone:  (860) 522-5175
Fax:  (860) 522-2796
dklau@pepehazard.com
hpickerstein@pepehazard.com
cwoo@pepehazard.com

Robert Y. Altchiler (ct24247)
The Law Offices of Robert Y.
Altchiler
191 Post Road West
Westport, CT 06880

DJK/32442/2/748801v2
11/18/05-HRT/

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent by first class mail, postage prepaid, this _14_ day of _December_, 2005 to the following:

Thomas Murtha, Esq.
Walter A. Shalvoy, Jr., Esq.
Maher & Murtha, LLC
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT 06601

_____
Daniel J. Klau