UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN )<br>)<br>Plaintiff )<br>)<br>) CIVIL ACTION NO.:<br>v. ) 3:03 CV1048 (PCD)<br>)<br>THE TOWN OF FAIRFIELD, DETECTIVE )<br>WILLIAM YOUNG AND DETECTIVE DAVID )<br>BENSEY (Individually and in their official )<br>capacities as police officers for the Town of )<br>Fairfield) )<br>)<br>Defendants. )<br>) JANUARY 5, 2006 | |

### PLAINTIFF'S SURREPLY MEMORANDUM IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

The Plaintiff continues to maintain that the Defendants' motion for reconsideration of the amended judgment is untimely and, therefore, the Court lacks jurisdiction to grant the relief requested. The clerk's office has informed Plaintiff's counsel that the official filing date of the Defendants' motion is November 28, 2005, not November 23, 2005. Absent an affidavit from the Plaintiff accompanied by a date-stamped copy of the motion showing that it was actually filed on November 23, 2005, the Court must deny the motion as untimely.

Notwithstanding the foregoing, the Plaintiff offers the following additional reasons why the Defendants' motion should be denied. First, the motion represents the *very first time in this case* that the Defendants have argued that the Plaintiff is not entitled to the statutory minimum damages of $1,000 pursuant to 18 U.S.C. § 2707. Clearly, this argument should have been raised in opposition to the Plaintiff's motion to amend the original judgment, not after that motion was granted. The standards for granting a motion for reconsideration are

DJK/32442/2/753909v2
01/05/06-HRT/

well-settled, and they do *not* include asking district courts to consider arguments *never raised before during the case*. "Motions for reconsideration cannot be employed as a 'vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion.'" *Rand-Whitney Containerboard Limited Partnership v. Town of Montville*, No. 3:96CV413HBF, 2005 WL 2416094 at *1 (D.Conn. 2005) (slip copy) (*quoting Seaboard Stamford Investor Assoc. v. Thinkdirectmarketing, Inc.*, 2004 U.S. Dist. LEXIS 1688 (D. Conn. 2004)). (A copy of the decision in *Rand Whitney* is attached hereto.)

Second, the Defendants' motion rests upon a manifest misreading of the United States Supreme Court's decision in *Doe v. Chao, Secretary of Labor*, 540 U.S. 614 (2004). Far from supporting the Defendants' motion, the decision in *Doe* proves why their motion must be denied.

The issue presented in *Doe v. Chao* was whether the plaintiff needed to prove that he sustained actual damages before he could recover minimum statutory damages of $1,000 for violations of a particular provision of the Privacy Act of 1974 (5 U.S.C. § 552a(g)(4)). Based on the specific text of the Privacy Act and its unique legislative history demonstrating that Congress did not intend to allow the recovery of presumed general damages, the Court held that actual damages were a necessary antecedent to an award of minimum statutory damages. 540 U.S. at 622 (uncodified provision of the Privacy Act and legislative history demonstrates "beyond serious doubt that general damages are not authorized for a statutory violation.")

In so holding, the Court – both the majority and the dissent – expressly addressed § 2707(c) of the Electronic Communications Privacy Act and made clear that a plaintiff is

2

entitled to minimum statutory damages under that statute, regardless of whether he sustained actual damages. As Justice Ginsburg wrote:

> Congress has used language similar to § 552a(g)(4) in other privacy statutes. *See* 18 U. S. C. § 2707(c); 26 U. S. C. § 6110(j)(2); 26 U. S. C. § 7217(c) (1976 ed., Supp. V). *These other statutes have been understood to permit recovery of the $1,000 statutory minimum despite the absence of proven actual damages.* See H. R. Rep. No. 99-647, p. 74 (1986) ("Damages [under 18 U. S. C. § 2707(c)] include actual damages, any lost profits but in no case less than $1,000."); S. Rep. No. 99-541, p. 43 (1986) ("[D]amages under [18 U. S. C. §2707(c)] includ[e] the sum of actual damages suffered by the plaintiff and any profits made by the violator as the result of the violation . . . *with minimum statutory damages of $1,000* . . . and . . . reasonable attorney's fees and other reasonable litigation costs.").

540 U.S. at 639 (Ginsburg, J.) (dissenting) (emphasis supplied).

Similarly, the majority expressly distinguished § 2707(c) from §552(a)(g)(4) of the Privacy Act, observing that it was enacted many years after the Privacy Act and that the legislative history of a subsequently enacted statute did not shed light on Congress's intent with respect to a earlier statute. 540 U.S. at 626-27. If § 2707(c) required proof of actual damages as a condition-precedent to the award of minimum statutory damages, as the Defendants belatedly contend in this case, the majority in *Doe v. Chao* would not have distinguished § 2707(c) from the Privacy Act. To the contrary, the majority would have relied upon § 2707(c) to support its interpretation of § 552(a)(g)(4) of the Privacy Act.

In short, the Court in *Doe v. Chao* expressly and properly rejected the attempted analogy between § 552a(g)(4) of the Privacy Act and § 2707(c) of the ECPA. The two statutory provisions are more different than alike, both textually and in terms of their legislative histories.

3

Additional textual distinctions between the two provisions also compel rejection of the argument that a plaintiff must prove actual damages as a prerequisite to minimum statutory damages under § 2707(c). In particular, § 2707(c) authorizes the award of attorneys' fees and costs in "a successful action to enforce *liability* under this section." 18 U.S.C. § 2707(c). That language, which is absent from the Privacy Act, strongly reinforces the position that minimum statutory damages must be awarded upon proof that a defendant violated the ECPA, regardless of whether the plaintiff suffered "actual damage." It would illogical for Congress to authorize the award of attorneys' fees to a plaintiff who successfully enforces liability under the ECPA, yet deny the plaintiff minimum statutory damages absent proof of actual damages.

## CONCLUSION

For the foregoing reasons, the Defendants' motion for reconsideration should be denied.

> THE PLAINTIFF,
> CLIFTON S. FREEDMAN
>
> By: _____
> Daniel J. Klau (ct17957)
> H. James Pickerstein (ct05094)
> Calvin K. Woo (ct24951)
> Pepe & Hazard LLP
> Goodwin Square
> 225 Asylum Street
> Hartford, CT  06103-4302
> Phone:  (860) 522-5175
> Fax:  (860) 522-2796
> dklau@pepehazard.com
> hpickerstein@pepehazard.com
> cwoo@pepehazard.com

4

Robert Y. Altchiler (ct24247)
The Law Offices of Robert Y. Altchiler
191 Post Road West
Westport, CT 06880

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via first class mail, postage prepaid, this 5th day of January, 2006 to the following:

Thomas Murtha, Esq.
Walter Shalvoy, Esq.
Maher & Murtha, LLC
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT  06601

_____
Calvin K. Woo

# Exhibit A

Westlaw.

Slip Copy                                                                 Page 1

Slip Copy, 2005 WL 2416094 (D.Conn.)
(Cite as: Slip Copy)

H
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.
RAND-WHITNEY CONTAINERBOARD
LIMITED PARTNERSHIP, Plaintiff
v.
TOWN OF MONTVILLE and Town of Montville
Water Pollution Control Authority Defendants
No. Civ. 396CV413HBF.

Sept. 30, 2005.

Andrew C. Phelan, Daniel L. Goldberg, Bingham McCutchen, Boston, MA, Ann M. Siczewicz, Ben M. Krowicki, Brian R. Hole, Bingham McCutchen, Hartford, CT, for Plaintiff.
Andrew J. Brand, Susan Mara Phillips, Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, Paul M. Geraghty, Andrews Cosgrove Young, New London, CT, Dina S. Fisher, James A. Wade, Jessica L. Edwards, Patrick J. Sweeney, Robert Stephen Melvin, Robinson & Cole, Carmel A. Motherway, Gail Suzanne Shane, Attorney General's Office, Hartford, CT, for Defendants.

RULING ON DEFENDANTS' MOTION FOR
RECONSIDERATION OF RULING ON
PLAINTIFF'S CLAIM FOR DECLARATORY
JUDGMENT AS TO THE SUPPLY AGREEMENT

FITZSIMMONS, Magistrate J.
*1 Defendants have now moved for reconsideration of the Court's March 31, 2005 ruling granting plaintiff's claim for declaratory judgment as to the Supply Agreement. [Doc. # 363]. In that ruling, the Court determined that defendants breached Section 8.3(e) of the Supply Agreement by failing to provide plaintiff with notice of effluent treatment requests made by the Mohegan Tribal Nation. Defendants claim that 1) the Court did not have jurisdiction to declare rights under Section 8.3(e) of the contract because, according to Connecticut General Statutes § 52-29, notice must be provided to all parties who may have an interest in the determination of these rights and liabilities (i.e., the individual and entities whose effluent requests would be subject to the notice provision), and such notice was not provided; [FN1] and, 2) the ruling was impermissibly vague in violation of Rule 65(d). [FN2] Defendants request that the court vacate its ruling for lack of jurisdiction or, in the alternative, specify exactly what the Town is obligated to do in the future pursuant to Section 8.3(e) of the Supply Agreement.

FN1. As part of this first issue, defendants appear to claim that the plaintiff only sought declaratory relief as to Count Five of the complaint, and never pled a claim for declaratory relief as to Count Two, the breach of Section 8.3(e) claim. This is incorrect. Plaintiff did seek injunctive relief regarding Section 8.3(e) in Count Two of the complaint.

FN2. Rule 65(d) of the Federal Rules of Civil Procedure provides that, "[e]very order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained."

The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling law or material facts that the court overlooked. *In re BDC 56 LLC,* 330 F.3d 111, 123 (2d Cir.2003); *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). Generally, the three grounds justifying reconsideration are 1) an intervening change of controlling law; 2) the availability of new evidence; or 3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways Ltd. v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                      Page 2

Slip Copy, 2005 WL 2416094 (D.Conn.)
(Cite as: Slip Copy)

*National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992). Motions for reconsideration cannot be employed as a "vehicle for asserting **new arguments** or for introducing new evidence that could have been adduced during the pendency of the underlying motion." *Seaboard Stamford Investor Assoc. v. Thinkdirectmarketing, Inc.*, 2004 U.S. Dist. LEXIS 1688 (D.Conn.2004). "The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters." *Id.* (quotation omitted).

Defendants did not raise the notice issue during the pendency of the claim for declaratory relief, and have not offered a compelling reason for their failure to do so. Instead, defendants characterize the issue as one of subject matter jurisdiction in an apparent attempt to circumvent the standard for a motion for reconsideration.

According to 28 U.S.C. § 2201(a), "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

*2 Federal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction. *White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir.1990). A federal court may issue a declaratory judgment if there is a "case or controversy", and if in the discretion of the trial court, "declaratory relief is appropriate." *Id.* Given that the Declaratory Judgment Act is procedural, in cases where it applies, "state substantive law on this subject is inapposite." *Gravatt v. General Star Indemnity Co.*, 1999 U.S. Dist. LEXIS 4824, at *8.

In this case, the defendants do not contend that there is no case or controversy arising out of plaintiff's claim under Section 8.3(e) of the Supply Agreement. Nor do they contend that declaratory relief is inappropriate. Rather, they argue that the court lacked jurisdiction to decide the issue.

Jurisdiction in this case is governed by 23 U.S.C. §§ 1332 and 2201. [FN3] State law requirements for declaratory relief are therefore irrelevant. Defendants' motion for reconsideration on this ground is DENIED.

> FN3. 28 U.S.C. § 1332(a) provides that:
> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, ..., and is between-
> (1) citizens of different states ..."

Defendants also argue that the ruling is vague in violation of Fed.R.Civ.P. Rule 65(d), and that "the Town does not know what it has to do in the future to comply with section 8.3(e)'s notice provision." Def.s' Mem. at 6. This argument is unconvincing. The requirements of Section 8.3(e) are self-explanatory:

Upon receipt by the Authority of a request (a "New Effluent Request") from a third party to begin delivery of effluent to the Treatment Facility that could alter the chemical composition of the Facility Water, the Authority shall promptly provide Rand-Whitney with detailed information regarding such proposed change in the chemical composition of the Facility Water. The Authority shall allow Rand-Whitney a period of ninety (90) days to review such New Effluent Request during such ninety (90) day period. If Rand-Whitney determines that processing the New Effluent Request will adversely affect the Authority's ability to deliver an acceptable volume and quality of Treated Water, then Rand-Whitney shall notify the Authority of such determination. The Authority shall either (i) modify the Treatment Process to produce an acceptable volume and quality of Treated Water, or (ii) reject such New Effluent Request.

Supply Agreement § 8.3(e).

*Sterling Drug v. Bayer*, 14 F.3d 733 (2d Cir.1994), does not further defendants' argument as to the vagueness of the Court's declaratory judgment. In *Sterling Drug*, the district court enjoined future breaches of "any of the terms and provisions" of various agreements. *Id.* at 748, n. 10. The Second

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2005 WL 2416094 (D.Conn.)
**(Cite as: Slip Copy)**

Page 3

Circuit found that, in the context of that litigation, the broad injunction violated the specificity requirements of Fed.R.Civ.P. Rule 65(d). *Id.* However, injunctions following the law, clarified by context, are not automatically improper. Specifically, the *Sterling* court stated, "an injunction that follows the language of the statute at issue may be appropriate in some cases where the context clarifies the scope of the injunction...." *Id.* at 748.

*3 Here, the court's ruling is specific and is not a global proscription enjoining defendants from breaching the Supply Agreement. The court's ruling simply orders defendants to comply with Section 8.3(e) of the Supply Agreement-a Section into which defendants willingly entered. The terms and requirements of Section 8.3(e) are clear and unambiguous. Based on the above, the court is perplexed by defendant's belated claim that "the Town does not know what it has to do in the future to comply with Section 8.3(e)'s notice provision." Def.s' Mem. at 6. The March 31, 2005, ruling is sufficiently clear and self-explanatory that further clarification is not needed.

As the court's ruling is "specific and definite enough to apprise [defendants] of the conduct that is being [required]", ... *N.Y. State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1352 (2d Cir.1989) (citations omitted), the defendants' motion for reconsideration, or in the alternative, for clarification, [Doc. # 367], is DENIED.

SO ORDERED at Bridgeport this 29th day of September 2005.

D.Conn.,2005.
Rand-Whitney Containerboard Ltd. Partnership v. Town of Montville
Slip Copy, 2005 WL 2416094 (D.Conn.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.