UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN, : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION 3:03CV01048(PCD) |
| : | |
| TOWN OF FAIRFIELD, : | |
| DETECTIVE WILLIAM YOUNG and : | |
| DETECTIVE  DAVID BENSEY, : | |
| Defendants. : | |

### RULING ON MOTION FOR RECONSIDERATION

Pending is Defendants' Motion for Reconsideration [Doc. No. 118] which seeks to reverse an Amended Judgment entered on November 8, 2005 [Doc. No. 116].  The motion has just surfaced apparently because it was held in abatement on the basis of the Notice of Appeal filed in this case [Doc. No. 119], which was apparently assumed to foreclose this Court's jurisdiction to decide the motion.  For the reasons stated herein, Defendants' Motion for Reconsideration [Doc. No. 118] is **denied.**

**I.  BACKGROUND**

After a trial in this Court, the jury returned a verdict for the Defendants Town of Fairfield, Detective William Young, and Detective David Bensey on September 26, 2005.  The jury determined nominal damages in the amount of $1.00 awarded to the Plaintiff.  On October 12, 2005, the Plaintiff filed a Motion to Amend Judgment [Doc. No. 104], requesting the Court to amend the judgment to state the finding of liability of Defendants Wiliam Young and David Bensey as to Count One and Defendant Town of Fairfield as to Count Ten in the single amount of $1,000.00.  The Court granted the Plaintiff's Motion on November 4, 2005 [Doc. No. 113] and entered an amended judgment of $1,000.00 on November 8, 2005.  [Doc. No. 116.]  The

Defendants then filed this Motion for Reconsideration of the Amended Judgment [Doc. No. 118]. Although the Defendants dated their motion November 23, 2005, the docket records the motion as having been filed on November 28, 2005.

Defendants argue that the Plaintiff did not prove that he suffered actual damages as required of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2707, and therefore does not qualify for the statutory minimum of $1,000 in damages. (Defs.' Mem. of Law at 2.) In response, Plaintiff maintains that the Court lacks jurisdiction to consider this motion because Defendants did not file this motion in compliance with the time limits prescribed by Rule 59(e). (Pl.'s Resp. at 1-2.) Defendants reply that counsel delivered the motion by hand to the courthouse on November 23, 2005, the final date on which to comply with Rule 59(e), but that the motion was electronically docketed later because of the Thanksgiving holiday. (Defs.' Reply at 1.) Plaintiff filed a surreply arguing that the official filing date according to the clerk of the Court, notwithstanding Defendants' position, was November 28, 2005. (Pl.'s Surreply at 1.) Plaintiff further argues that he need not prove actual damages to qualify for relief under 18 U.S.C. § 2707(c). (Id. at 2-3.)

**II.    STANDARD OF REVIEW**

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again"). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). This Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Id.; Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). Ultimately, however, the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

### III.  DISCUSSION

#### A.  Timeliness of the Motion

Apart from the merits, Plaintiff has challenged the motion as untimely. Unquestionably a Motion to Reconsider "shall be filed no later than 10 days after the entry of the judgment," FED. R. CIV. P. Rule 59(e), failing which the court lacks jurisdiction to consider the motion. Browder v. Director, Illinois Dep't. of Corr., 434 U.S. 257, 263, n. 7 (1978). The time thus set cannot be extended by the court per Rule 6(b) under which the time is calculated. Lichentenberg v. Besicorp Group, Inc., 204 F.3d 397, 401 (2d Cir. 2000). Defendants' response does not dispute Plaintiff's deadline calculation, excluding Saturdays, Sundays and legal holidays, as November 23, 2005, the Amended Judgment having been entered on the Court's docket on November 9, 2005. That would correctly omit two weekends and November 11, 2005, a holiday.

Plaintiff's opposition is based on the Court record which notes the motion as filed on November 28, 2005, unquestionably outside the time specified, but challenged by Defendants as in error on the basis of counsel's assertion of a timely personal delivery of the motion. The record reflects only Defendants' counsel's assertion in an unsworn memorandum that the Motion "was filed with the Court on November 23, 2005, and was delivered in hand by counsel to the

Court." (Defs.' Resp. at 1.) The question then is whether the filing is determined by the record created by the clerk, which records the filing as November 28, 2005, a date which is unchallenged and has not been shown, claimed or explained as incorrect.

A filing on November 23, 2005, would have been a last-minute compliance with the deadline. Documentation of the date and time of filing is available, but counsel failed to deliver the motion in a manner which created a documented date and time of filing. If the motion was delivered to a member of the clerk's staff in the clerk's office before 4:00 PM when the office closes for the day, in the normal course it would be immediately date/time stamped. If the motion was placed in the lock box in the courthouse lobby, which was available after 4:00 PM on November 23, 2005, a date/time stamp machine was immediately next to the box for the purpose of establishing the date and time at which the motion was placed in the lock box. When filing papers after 4:00 PM, it is counsel's responsibility to avail himself of the date/time stamp machine so as to record the time of filing. The motion would then be deemed filed as of the date and time stamped on the motion.

Defendants' motion bears no date/time stamp reflecting either a filing in the clerk's office before 4:00 PM on November 23, 2005, or its being placed in the lock box at any particular date or time. It could have been placed in the lock box at any time after 4:00 PM on November 23, 2005, including Friday, November 25, 2005, when the courthouse was open but the clerk's office was closed, or in the morning of Monday, November 28, 2005, before the clerk's office was open and the lock box was emptied. To find a timely filing would require the Court to find the clerk's date entry to be incorrect notwithstanding the lack of a showing, claim or explanation on which to base such a finding. It would exalt the assertion of counsel over the absence of documentation which could have established a date and time of filing by a procedure within the control of

counsel but which, without explanation, was not followed to do so. On the record, the Court is without a proper basis to find the motion was timely filed in strict compliance with the rule and is therefore without jurisdiction to consider its merit.

    **B.**    **Judgment under 18 U.S.C. § 2707(c)**

Even if the filing was timely, Defendants claim that an award of $1,000 damages based on their violation of the Electronic Communications Privacy Act (ECPA), and awardable as a minimum statutory recovery, 18 U.S.C. § 2707(c), was unlawful. The claim is without merit. Defendants claim that Plaintiff can be awarded only his actual damages and that he has proven none. Plaintiff claims no proven actual damages. Defendants cite Doe v. Chao, 540 U.S. 614 (2004), in which the petitioner sought an award under the Privacy Act, 5 U.S.C. § 552a(g)(4) which provides for a recovery of "actual damages... but not less than the sum of $1,000." Defendants claim that the entitlement language in the statute at issue in this case, 18 U.S.C. § 2707(c), is analogous and entitles a claimant only to actual damages.

Doe referred to Section 2707(c) as an example of a statute which permitted recovery of a statutory minimum despite the absence of proven actual damages. 540 U.S. at 639 (Ginsberg, J., dissenting). The language of Section 2707(c) was cited in Doe: "Damages under [18 U.S.C. § 2707(c)] includ[e] the sum of actual damages suffered by the plaintiff ... with minimum statutory damages of $1,000...." Id. at 639-40 (emphasis added in original). Clearly Section 2707(c) provides a minimum recovery. The majority in Doe declined to use the language and legislative history of Section 2707(c) to decide that the Privacy Act required proof of actual damages in order to qualify for the minimum specified in the statute. Id. at 626-27. Thus Doe is dubious authority for the proposition that Section 2707(c) does not mean what it provides, recovery of "minimum statutory damages of $1,000." As Plaintiff argues, if Doe cited Section 2707(c) as

authority for Congress' intention as to damages recoverable under the earlier enacted Privacy Act, it would have said so as dicta, instead of rejecting its history as not determinative.

Thus if the timeliness of Defendants' motion were not a bar to Defendants' claim, the motion would not be sustained on its merit.

## IV. CONCLUSION

Accordingly, Defendants' Motion for Reconsideration of the Amended Judgment [Doc. No. 118] is **denied.**

SO ORDERED:

Dated at New Haven, Connecticut this 19th day of September, 2006.

/s/
PETER C. DORSEY, U.S. DISTRICT JUDGE
UNITED STATES DISTRICT COURT