UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:03CV01048 (PCD) |
| v. | ) |
| | ) |
| THE TOWN OF FAIRFIELD, | ) |
| DETECTIVE WILLIAM YOUNG AND | ) |
| DETECTIVE DAVID BENSEY | ) |
| (Individually and in their official capacities | ) OCTOBER 3, 2006 |
| as police officers for the Town of Fairfield, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RENEWED OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

The Defendants, The Town of Fairfield, Detective William Young and Detective David Bensey, object to the Plaintiff's Motion for Attorney's Fees. The Plaintiff, Clifton S. Freedman, did not prevail in any aspect in this civil rights litigation, failed to prove any actual damages to the jury, and failed to establish any liability as to any of the three Defendants. For this and other reasons set forth in this Memorandum, the Plaintiff is not entitled to, nor should be awarded, any amount of attorney's fees.

**I.     The Plaintiff is not a prevailing party, and not entitled to
        An Award of Attorney's Fees**

After a two-day trial by jury before the Honorable Peter C. Dorsey, the jury returned a verdict in favor of the Defendants on every count, finding that the Defendants did not violate the First Amendment or Fourth Amendment of the United States Constitution, did not violate Article 1, §4 or §7 of the Constitution of the State of Connecticut, and did not commit any Invasion of Privacy. The jury failed to attach

any liability on any Count to any Defendant. Therefore, with exception as to the First Count of the Complaint, the Plaintiff did not prevail in this litigation. The status of the Plaintiff as to the First Count will be dealt with separately. As the Plaintiff did not prevail at trial as to liability under any cause of action at trial, the plaintiff is not entitled to Attorney's Fees under §2707 of Title 18.

It appears that the Plaintiff seeks to employ the "catalyst theory" in imploring the Court to grant their Motion for Attorney's Fees. The Plaintiff seeks, absent any judicial relief, to have this Court grant attorney's fees based upon the clear and unequivocal verdict rendered by the jury that no only did liability fail to attach to any of the Defendants, but also rendered a verdict that failed to award any amount of damages. The Plaintiff in the case at bar is clearly a litigant who left the courthouse "emptyhanded". " Moreover, the dissent cites *not a single case* in which this Court – or any other federal court applying federal law prior to enactment of the fee-shifting statutes at issue here – has regarded as the 'prevailing party' a litigant who left the courthouse emptyhanded. If the term means what the dissent contends, that is a remarkable absence of authority." Buckhannon Board and Care Home, Inc., et al., v. West Virginia Department of Health and Human Resources, et al., 532 U.S. 598, 614 (2001). As Mr. Freedman was clearly a member of the class of litigants who left the courthouse "emptyhanded", Plaintiff's Motion for Attorney's Fees must be denied.

II.     **The Plaintiff is not a person "entitled to recover" under 18 U.S.C. §2707**

As detailed in Defendant's Motion to Reconsider, the Plaintiff is not a person "entitled to recover" under 18 U.S.C. §2707. In considering all the claims alleged at trial by the Plaintiff, the jury not only failed to return a verdict establishing liability

on the part of any of the Defendants, they failed to find or award any damages to the Plaintiff. Only upon instruction from Judge Peter C. Dorsey did the jury panel reconvene and return with an award of $1.00 in damages. Plaintiff's counsel then sought, and received, an Amended Judgment based upon the language contained in the section of the code under which the Plaintiff sought relief. The Supreme Court has outlined the proper determination in allowing access to the statutory minimum award of $1,000.00. In 2004 the Supreme Court held that Plaintiffs must prove some actual damages to qualify for the minimum statutory award. "Because presumed damages are therefore clearly unavailable, we have no business treating just any adversely affected victim of an intentional or willful violation as entitled to recovery, without something more." Buck Doe v. Elaine Chao, Secretary of Labor, 540 U.S. 614, 124 S. Ct. 1204, 1209 (2004). "The 'entitle[ment] to recovery' necessary to qualify for the $1,000.00 minimum is not shown merely by an intentional or willfull violation of the Act producing some adverse effect. The statute guarantees $1,000.00 only to Plaintiffs who have suffered some actual damages. Id. at 1212.

While the minimum statutory damage analysis undertaken in Doe v. Chao dealt with an improper disclosure of a Plaintiff's Social Security number, seeking damages under 5 U.S.C. §552a(g)(4), the language of that code and the code where the Plaintiff in the instant case seeks relief are identical. Therefore, the Plaintiff in the case at bar is not entitled to the statutory minimum. Additionally, as the Plaintiff failed to prove any actual damages in this case, demonstrated by the original jury award of zero damages, Clifton Freedman is not a prevailing party as to the First Count, and therefore is not entitled to any award of Attorney's Fees.

3

Additionally, the Plaintiff cannot be classified as a prevailing party, as no "alteration of the legal relationship" exists between the parties as a result of this litigation. Prior to the circumstances that lead to this litigation, the Fairfield Police Department sought and obtained a judicial signature in applying for search warrants seeking subscriber information. Since this isolated incident, the Fairfield Police Department continues to submit warrants for a judicial signature. "The Court today concludes that a party cannot be deemed to have prevailed, for purposes of fee-shifting statutes such as 42 U. S. C. §§1988, 3613(c)(2), unless there has been an enforceable 'alteration of the legal relationship of the parties'." Buckhannon v. West Virginia. 532 U. S. 598, 622 (2001).

III.    **The Plaintiff seeks Attorney's Fees under the language of a completely different Act**

The Plaintiff's Motion for Attorney's Fees implores the Court to adjudicate their Motion utilizing the "virtually" identical language of the Fair Debt Collection Practices Act. The fact of the matter remains that the language contained in the Fair Debt Collection Practices Act does not reflect or mirror in any manner the language of the section Plaintiff claims entitles him to relief, namely 18 U. S. C. § 2077. The Plaintiff neglects to direct his attention as of this writing to the operative phrase contained in U. S. Code Title 18, §2707 that refers to "a person entitled to recover…" 18 U. S. §2702(c).

Due to the divergent language contained in the two sections of the United States Code, the Court has no choice but to deny Plaintiff's Motion for Attorney's Fees.

4

IV.  **Prevailing on a Motion for Summary Judgment does not qualify as judicially sanctioned relief.**

Plaintiff's memorandum of law states that as they were granted Partial Summary Judgment, they have crossed the threshold that qualifies them for an award of Attorney's Fees. The 2nd Circuit Court of Appeals has rejected this theory, citing Buckhannon. "Buckhannon rejected the catalyst theory and interpreted the term 'prevailing party' to require a judgment or similar form of judicially sanctioned relief as a predicate for attorney's fees. Because J. C. obtained no judicially sanctioned relief, we reverse." J. C. v. Regional School District, 278 F.3d 119, 121 (2002). As in the instant case, the Plaintiff in J. C. was awarded Partial Summary Judgment in an action arising under the Individuals with Disabilities in Education Act. This failed to rise to the level of judicially sanctioned relief, a necessary requirement for the Plaintiff to achieve prevailing party status, and thus be considered for Attorney's Fees.

V.  **Alternatively, should the Court find that the Plaintiff is a prevailing party, Attorney's Fees must be denied as Plaintiff merely achieved a technical victory.**

The Plaintiff in the case at bar received nominal damages from the jury, but only after instruction from the Honorable Peter C. Dorsey that they had to award the Plaintiff at least $1.00. This clearly does not rise to the level that would entitle the Plaintiff to an award of Attorney's Fees. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, see Carey, supra, at 256-257, 264, the only reasonable fee is usually no fee at all. Farrar v. Hobby, 506 U. S. 103, 115 (1992). Farrar is analogous to the

situation the Court is faced with in the instant case, as Mr. Freedman, while prevailing on a violation of the Electronic Communications Privacy Act, failed to provide any convincing evidence that he suffered any actual or compensable damages. As such, the only proper relief is not to award attorney's fees. To do so in this case would only result in a "windfall for attorneys", which is clearly not the intent of §2702 of Title 18.

**VI.    In the event the Court deems the Plaintiff worthy of Attorney's Fees, the award should be proportional to the level of success achieved as a result of the litigation**

The level of success achieved on the part of the prevailing party is a critical element in considering any award for attorney's fees. Only time spent in support of successful claims warrants compensation. Defendants maintain that the Plaintiff failed to achieve any measure of success on any of his claims. In the event that this Court finds that the Plaintiff did prevail on a claim, any award for attorney's fees should be proportional to the level of success. "In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such suit, even where the [461 U. S. 424-435] claims are brought against the same Defendant - often an institution and its officers, as in this case – counsel's work on one claim will be unrelated to his work on another claim.

Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." <u>Davis v. County of Los Angeles</u>, 8 E. P. D. at 5049. The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in

6
9

separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." Hensley v. Eckerhart, 461 U. S. 424, 435 (1983). "[L]iability on the merits and responsibility for fees go hand in hand; where a defendant has not prevailed against, either because of legal immunity or on the merits, 1988 does not authorize a fee award against that defendant. Kentucky v. Graham, 473 U.S. 159, 165 (1985)." Id. at 109.

### VII. Conclusion

For the foregoing reasons, the Court should deny the Plaintiff's motion for attorney's fees.

THE DEFENDANTS

By: _____
Walter A. Shalvoy, Jr. (ct25132)
Maher & Murtha, LLC
528 Clinton Avenue
Bridgeport, CT 06605
(203) 367-2700

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via first-class mail, postage prepaid on this 3rd day of October 2006 to the following counsel and pro se parties of record as follows:

Daniel J. Klau, Esq.
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103-4302
Fax No: 860-522-2796

_____
Walter A. Shalvoy, Jr.