UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON S. FREEDMAN,<br>      Plaintiff, | :<br>:<br>: |
| v. | :<br>: |
| | :    Civ. Action No. 3:03CV1048 (PCD) |
| THE TOWN OF FAIRFIELD,<br>DETECTIVE WILLIAM YOUNG, AND<br>DETECTIVE DAVID BENSEY<br>(Individually and in their official capacities<br>as police officers for the Town of Fairfield),<br>      Defendants. | :<br>:<br>:<br>:<br>:<br>: |

## RULING ON MOTION FOR ATTORNEYS' FEES

Pending is Plaintiff's motion [Doc. No. 131] pursuant to fed. R. Civ. P. 54(d)(2) for an award of attorneys' fees and costs pursuant to 18 U.S.C. § 2707(b) and (c) based on the Court's Amended Judgment dated November 8, 2005. For the reasons stated herein, Plaintiff's motion for fees and costs is **granted in part.**

### I.    BACKGROUND

On February 4, 2004, the Court granted summary judgment for Plaintiff on the issue that Defendants Detective William Young and Detective David Bensey violated the Electronic Communications Privacy Act ("ECPA") by soliciting subscriber information from an online service provider without complying with 18 U.S.C. § 2703(c). After a subsequent ruling granting partial summary judgment to Defendants and a trial in this Court on the remaining counts, the jury returned a verdict on September 26, 2005 for the Defendants Town of Fairfield, Young, and Bensey and awarded to the Plaintiff nominal damages in the amount of $1.00. [Doc. No. 99.] The following month, Plaintiff filed a Motion to Amend Judgment [Doc. No. 104], requesting that the Court amend the judgment to state the finding of liability of Defendants Young and

Bensey as to Count One, Plaintiff's claim under the ECPA. Plaintiff also requested that, pursuant to Connecticut General Statutes § 7-465, the judgment state the finding of the Town's vicarious liability for Young's and Bensey's violation of the ECPA. The Court granted the Plaintiff's motion on November 4, 2005 [Doc. No. 113] and entered an amended judgment for the Plaintiff of $1,000.000 on November 8, 2005. [Doc. No. 116.] Plaintiff served his motion for attorneys' fees on November 18, 2005, and filed a notice of service of the motion with the Court. [Doc. No. 117.] On November 28, 2005, Defendants filed a motion for reconsideration of the amended judgment. [Doc. No. 118.] After the Court denied Defendants' motion for reconsideration [Doc. No. 130], Plaintiff filed a renewed motion for attorney's fees on September 20, 2006. [Doc. No. 131.]

## II. DISCUSSION

Plaintiff contends he is entitled to an award of attorney's fees and other litigation costs because he prevailed on his claim that Defendants Young and Bensey violated the ECPA, 18 U.S.C. § 2703. Section 2707 of the ECPA provides in relevant part:

> (b) Relief.- In a civil action under this section, appropriate relief includes ...
>
>> (3) a reasonable attorney's fee and other litigation costs reasonably incurred. ...
>
> (c) Damages.- ... In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court.

Defendants, citing Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598 (2001) and J.C. v. Regional School District, 278 F.3d 119 (2d Cir. 2002), maintain that because Plaintiff did not prevail in litigation with exception of one count and did not prevail as to liability under any cause of action at trial, he is

therefore not entitled to fees under § 2707.

The Court concludes that Plaintiff is entitled to recover attorneys' fees pursuant to his ECPA claim, even if he received only nominal damages following an entry of summary judgment.  The Second Circuit has not addressed the issue of entitlement to attorneys' fees under § 2707, but it has interpreted the attorneys' fee provision of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a), which has similar language to the ECPA, to mandate an award of attorneys' fees in a successful action.  Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998); Pipiles v. Credit Bureau of Lockport, 886 F.2d 22, 27-28 (2d Cir. 1989); Emanuel v. American Credit Exchange, 870 F.2d 805, 809 (2d Cir. 1989).  A party who succeeds in an action, regardless of whether he was awarded actual or statutory damages, is entitled to recover reasonable costs and fees in amounts to be fixed in the discretion of the Court.  Savino, 164 F.3d at 87.  See also Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); Buckhannon, 532 U.S. at 604.

Defendants' argument that Plaintiff is not entitled to attorneys' fees after Buckhannon and J.C. v. Regional School District is unavailing.  In Buckhannon, the Supreme Court held that, in order to recover attorneys' fees pursuant to fee-shifting statutes which award fees to the "prevailing party," a party must secure either a judgment on the merits or a court-ordered consent decree.  532 U.S. at 600.  In addition to the fact that the ECPA awards fees to a party who has succeeded in an action, rather than to the "prevailing party" cited in the statutes discussed in Buckhannon, Plaintiff Freedman's receipt of summary judgment on his ECPA claim constitutes a judgment on the merits which satisfies Buckhannon.  Similarly, Plaintiff's effort to recover attorneys' fees is not thwarted by J.C. v. Regional School District, which denied a plaintiff's motion for attorneys fees where he was awarded partial summary judgment in an action arising

under the Individuals with Disabilities in Education Act.  The plaintiff in that case had prevailed in an administrative hearing held pursuant to the statutory scheme of the IDEA, and the district court entered partial summary judgment in favor of the plaintiff on an issue that was decided by the administrative hearing.  J.C., 278 F.3d at 122.  The Second Circuit concluded that a judgment based on a decision by an administrative panel, regulated by a statutory scheme, does not rise to the level of judicially sanctioned relief.  Id. at 124-25.  However, nowhere in J.C. does the Second Circuit state categorically that summary judgment cannot constitute judicially sanctioned relief for which a party is entitled to attorneys fees under Buckhannon.  The Second Circuit on other occasions has upheld awards of attorney fees to parties who prevail on summary judgment without any mention of that being an issue.  See, e.g., Mr. L. v. Sloan, 449 F.3d 405 (2d Cir. 2006).  Furthermore, the fact that Plaintiff only received damages as a result of an Amended Judgment by the Court, rather than by a finding by the jury, is also inconsequential to Plaintiff's entitlement to fees.  Buckhannon requires that an award be judicially sanctioned, 532 U.S. at 603, but it does not specifically require that it be decided by a jury.  An Amended Judgment ordered by the Court such as the one in this case meets the Buckhannon test.  Finally, the fact that Plaintiff received only nominal damages does not negate the fact that he received a judicially sanctioned judgment on the merits.  Id. at 604 ("We have held that even an award of nominal damages suffices under this test.").  See also Farrar v. Hobby, 506 U.S. 103 (1992).

Defendants also argue that the Court should not award attorneys' fees because Plaintiff merely achieved a technical victory of nominal damages.  (Defs.' Renewed Objection at 5.) However, the Second Circuit has made clear that the award of attorneys' fees should not be tied to the amount of damages a plaintiff recovered.  See Cowan v. Prudential Ins. Co.,935 F.2d 522,

526 (2d Cir. 1991); DiFilippo v. Morizio, 759 F.2d 231 (2d Cir. 1985); see also Quaratino v. Tiffany & Co., 166 F.3d 422, 426 (2d Cir. 1999).  In this case, Plaintiff has received the statutorily provided minimum damages.  He did prevail on his ECPA claim and is therefore entitled to attorneys' fees, regardless of the limited amount of damages awarded.

The amount of damages awarded to Plaintiff does, however, affect the reasonableness of the amount of attorneys' fees he seeks to recover.  The starting point in calculating a reasonable fee is the "lodestar" figure, calculated as the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The party seeking attorneys' fees must submit evidence supporting the claimed number of hours worked and the rates charged.  Id.; see also Kirsch v. Fleet Sheet, 148 F.3d 149, 173 ("Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done.").  The Court may reduce the award where documentation of hours is inadequate and should exclude hours that are "excessive, redundant, or otherwise unnecessary."  Hensley, 461 U.S. at 433-34 ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.") (emphasis in original).

Calculation of the lodestar requires the Court to determine the "prevailing market rates" for services reasonably rendered.  Blum v. Stenson, 465 U.S. 886, 895 (1984).  Fee applicants have the burden of producing evidence sufficient to convince the court that the rates requested are consistent with rates prevailing in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Id. at 896.  A rate determined on the basis of the attorneys' affidavits and any additional evidence they produce pertaining to

prevailing market rates will generally be deemed to reasonable.  Id.

Plaintiff moves the Court to award him $250,045.08 in attorneys' fees based on the following rates: in 2003, an hourly rate of $185 for attorney Calvin K. Woo, $275 per hour for attorney Daniel K. Klau, and $375 per hour for attorney James K. Pickerstein; in 2004, an hourly rate of $195 for attorney Woo, $305 for attorney Klau, $405 for attorney Pickerstein, $100 for paralegal Kristi Phillips, and $70 for project assistant Martha J. Black; in 2005, an hourly rate of $215 for attorney Woo, $315 for attorney Klau, $420 for attorney Pickerstein, $125 for paralegal Phillips, and $75 for project assistant Black.  Attorney Klau submitted his affidavit that the rates requested are the prevailing market rates and constitute the rates that they each charge private clients.  Without having submitted affidavits by all attorneys attesting to the basis for their relatively high fees for the New Haven and Hartford markets, Plaintiff has not met his burden of providing evidence that the rates requested by all attorneys "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Blum, 465 U.S. at 896.  Accordingly, the Court finds Mr. Woo's rates reasonably to be $185 in 2003 and 2004, and $2005; Mr. Klau's rates reasonably to be $275 throughout the litigation; and Mr. Pickerstein's reasonable rates to be $350 throughout the litigation.

Plaintiff's lodestar calculation for attorneys' fees is also based on his attorneys' expenditure of approximately 1000 hours litigating this case over the course of nearly two and a half years.  Plaintiff maintains that he sought to minimize fees by moving early in the action for partial summary judgment on his ECPA claim and that, because Defendants never once made a settlement offer, Plaintiff felt compelled to prepare the case for trial to pursue his award of attorneys' fees. (Pl.'s Mem. of Law in Supp. of Mot. for Attorneys' Fees at 5.)  Defendants

contend that Plaintiff is only entitled to attorneys' fees for time spent in support of successful litigation and that any award to Plaintiff should be proportional to the level of his success. (Defs.' Opp. Mem. at 6-7.) In general, an award of attorneys' fees should be proportional to level of success achieved as a result of the litigation. Where a plaintiff "has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Hensley v. Eckerhart, 461 U.S. at 435-36. Distinct claims must be treated as if they arose in separate lawsuits, and "no fee may be awarded for services on the unsuccessful claim." Id. at 435. The Court has discretion to determine a reasonable number of attorneys' hours for which Plaintiff should be compensated, whether by identifying specific hours that should be eliminated or by simply reducing the award to account for the limited success. Id. at 436-37.

Although Plaintiff prevailed on summary judgment on his ECPA claim and was awarded damages in an Amended Judgment, he did not prevail at trial on any of his remaining claims. While the trial may have also influenced future police department procedure, the only claim on which Plaintiff ultimately prevailed was resolved on February 4, 2004, when summary judgment entered for Plaintiff on his ECPA claim. Accordingly, time for services throughout the litigation cannot be reasonably attributed to the one claim on which Plaintiff prevailed. Time prior to February 4, 2004 can only be compensated if it contributed to the successful claim, even if it also contributed to unsuccessful claims. Only 2.1 hours listed in Attorney Klau's affidavit were clearly dedicated to work related to the ECPA claim. Otherwise, the affidavit does not clearly state the extent to which work performed before February 4, 2004 was related to the ECPA

claim, and so the Court will arbitrarily give credit to Plaintiff for a third of those hours, assuming the remainder is attributable solely to claims on which he did not prevail. Duplication of services by several attorneys is subject to question and factors into the Court's determination of a reasonable number of hours. Plaintiff shall be awarded fees for 29 hours of work performed by Attorney Woo at the rate of $185 per hour ($5,365.00), 28.6 hours performed by Attorney Klau at the rate of $250 per hour ($7,150.00), and 3.67 hours performed by Attorney Pickerstein at the rate of $350 per hour ($1,284.50), for a total award of $13,799.50.

Plaintiff also requests that the Court award him $6,135.58 in costs for computer-assisted legal research. The charges for online legal research may properly be included in a fee award. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 369 F.3d 91, 98 (2d Cir. 2004). For the reasons discussed above, Plaintiff is only entitled to reimbursement for research fees related to the claim on which he prevailed, and so he will not be awarded fees for research conducted after February 4, 2004. Because Plaintiff has not submitted records demonstrating which research fees were incurred pursuant to work related to which claims, the Court will award one-third of Plaintiff's pre-February 4, 2004 research costs as attributable to his ECPA claim. Accordingly, Plaintiff is awarded $1,074.52 in costs.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees and costs [Doc. No. 131] is **granted in part**. Plaintiff is hereby awarded $13,799.50 in attorneys' fees and $1,074.52 in costs. Plaintiff shall address his request to recover costs with the Clerk.

SO ORDERED.

Dated at New Haven, Connecticut, December 5th, 2006.

/s/
Peter C. Dorsey
United States District Judge